AO 241 (Rev. 5/85)

**PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

# United States District Court

| District | of MASSACHUSETTS |
|---|---|

| Name | Michael Kevin DuPont | Prisoner No. W/44692 | Case No. |
|---|---|---|---|

| Place of Confinement |
|---|
| MCI CEDAR JUNCTION ('Walpole State prison.') PO Box 100 South Walpole,MA. 02071 |

2004 JUN 17 P 12: 12

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| MICHAEL KEVIN DuPONT | V. DAVID NOLAN,Superintendent MCI Cedar Junction |

| The Attorney General of the State of: | MASSACHUSETTS |
|---|---|

## PETITION

1. Name and location of court which entered the judgment of conviction under attack   Nos.85-981 thru 85-987

   Middlesex Superior Court, 40 Thorndike Street,Cambridge,MA.02141

2. Date of judgment of conviction   November 10,2000

3. Length of sentence  20 years to 20 years and one day, with lesser
   9-10 and 3-5 year concurrent sentences and filed over objection

4. Nature of offense involved (all counts)   Armed Robbery,armed assault with intent to kill, armed assault with intent to rob,assault by means dangerous weapon

   and assault, assault and battery. ONLY CARned Robbery) #85-987 is STill being Served ANd Subject To HAbeAS CoRpus Review

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:
   Armed Assault with Intent To Rob filed over objection without a plea

   and prior trial acquittal of intent to murder element of armed assault

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐   No ☒ (this was retrial and I testified in 1986 prior trial)
   Not At This Stage After Case Allowed 1988 New Trial

8. Did you appeal from the judgment of conviction?
   Yes ☒ X   No ☐

9. If you did appeal, answer the following:

(a) Name of court   <u>Massachusetts Appeals Court,COMMONWEALTH V. DuPONT 02-P-20</u>

(b) Result   <u>Denial Of Plea Withdrawl Judgment Affirmed</u>

                              1102

(c) Date of result and citation, if known   <u>59 Mass App Ct 908 (September 5,2003)</u>

(d) Grounds raised            <u>Denial Of Counsel Without Waiver Of Counsel;Coerced Involun-</u>
<u>tary Guilty Plea After 100 Days in Strip Cell;Judicial Plea</u>
<u>Bargaining And Breach Of Negotiated Sentence Contract Due Process Vio-</u>
<u>lations;Ex Post Facto Clause Guideline Violation;Denial Of Speedy Trial</u>
<u>And Delayed Appeal/Sentencing;Conflict Of Sentencing Counsel Interest etc</u>

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following. DOUBLE JEOPARDY VIOLATION

    (1) Name of court   <u>Supreme Judicial Court</u>

    (2) Result   <u>Rule 27.1 ALOFAR denied</u>

    (3) Date of result and citation, if known   <u>January 29,2004   440 Mass</u>

    (4) Grounds raised <u>each and every ground in this Petition,copy of 02-P-20</u>
        <u>briefs filed with SJC as ALOFAR,incorporating 01-P-1792 good time</u>
        <u>habeas corpus briefs therein by reference on unknowing plea</u>

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:    <u>(Being filed in April 2004 from 02-P-20 & 01-P-1792)</u>

    (1) Name of court   <u>SUPREME COURT APRIL 23, APRIL 26, 2004</u>

    (2) Result   <u>Pending No, 03-10062 DuPont V MASSACHUSETS</u>
        <u>Pending No, 03-10227 DuPont V COMMISSIONER</u>

    (3) Date of result and citation, if known

    (4) Grounds raised <u>IOWA V TOVAR AND BLAKELY V WASHINGTON</u>
       <u>DENIAL OF COUNSEL AND Aggravated PUNISHMENT element</u>

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

     Yes ☒      No ☐

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court   <u>Worcester Superior Court</u>

         (2) Nature of proceeding   <u>State Habeas Corpus</u>

         (3) Grounds raised <u>             Due Process Violation In Nature Of Ex Post Facto Clause</u>
                    <u>Violation,Absence Of Fair Notice/Indictment,Double</u>
             <u>Jeopardy,Absence Of Proof Of 3,000 Day Aggravated Punishment Element;</u>

EACH AND EVERY GROUND FROM 02-P-20 INCORPORATED INTO 01-P-1792

APPEAL FROM THIS HABEAS CORPUS, PRESENTED IN THIS FEDERAL

HABEAS CORPUS NOW  !!!

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐        No ☒

(5) Result ___Habeas Corpus Denied_____

(6) Date of result ___May _4_ , 2001_____

(b) As to any second petition, application or motion give the same information:

(1) Name of court _____

(2) Nature of proceeding _____

_____

(3) Grounds raised _____

_____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐        No ☐

(5) Result _____

(6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?

|   | | | |
|---|---|---|---|
| (1) First petition, etc. | Yes ☒ | No ☐ | 59 Mass App Ct 1102 _908_ (9/5/03) |
| (2) Second petition, etc. | Yes ☐ | No ☐ | ALOPAR Denied January _29_ , 2004 |

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.

   Caution: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted you state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self—incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(h) Denial of right of appeal.

(12A) Ground one: Due Process Fair Notice/Warning Denial Contrary To BOUIE V. CITY OF COLUMBIA,378 US  437(1964);RABE V. WASHINGTON,405 US 313(1972);DOUGLAS V. BUDER,412 US 430(1973);STOGNER V. CALIFORNIA, 123 S.Ct 2446(2003);WEAVER V. GRAHAM,450 UD 24,30(1981)By Novel Retrospective Judicial Statutory Interpretation Operating Like An

Supporting FACTS (state *briefly* without citing cases or law) Ex Post Facto Clause Violation. Petitioner incorporates herein by reference 01-P-1792 brief and ALOFAR pages 3,14-17 concerning MGL c.127,§ 129 & §49 being first given the novel interpretation that the words "confined in a correct-ional institution" meaning the direct oposite outside of a Boston-Suffolk County halfway house that was privately operated, in the September 18,1985 decision in NIMBLETT V. COMMISSIONER,20 Mass App Ct 988,989, six months after Petitioner's March 7,1985 Woburn-Middlesex County offenses, with Respondents retrospectively applying Nimblett's more onerous change of law to take 3,000 days § 129 good-time without fair notice or warning of aggravated location of offense punishment. The only pre-3/7/85 decision interpreting § 129 previously held that good-time could be denied only "for an offense committed in prison", AMADO V. SUPERINTENDENT,366 Mass 45,47-49(1974)not outside of prison.

(12B) Ground two: EX POST FACTO CLAUSE VIOLATION  BY APPLYING NEW GUIDELINES CONTRARY TO MILLER V. FLORIDA,482 US 423(1987)(And Its' Progeny)

Supporting FACTS (state *briefly* without citing cases or law) As set out in 02-P-20 brief and ALOFAR page 49,and appendix II:390-391,incorporated herein by reference,a Middlesex Superior Court Judge,Hiller B. Zobel, retrospectively applied the more onerous 1995 new sentencing commission guidelines to the March 7,1985 offenses in Petitioners' case, rather than the proper former Superior Court sentencing guidelines applicable in March 1985 (which shall be filed pursuant to Rule 7 of the rules governing habeas corpus cases after Rule 6 discovery with Rule 5 filing of transcripts for 12/13/99,1/19/00, 3/14/00,5/9/00,8/24/00,9/27/00 and 11/10/00). The state Court made on this ground which is now subject to federal de novo review,and not subject to 28 USC § 2254(d)(1) deference,id.

12C)GROUND THREE: STATE VIOLATING PETITIONER'S EQUAL PROTECTION
   CLAUSE RIGHT TO SAME INDICTMENT PROCEDURES AFFORDED ALL OTHERS
   FOR ANY AGGRAVATED "INFAMOUS PUNISHMENT" OFFENSE ELEMENT:

   SUPPORTING FACTS: As set out in 01-P-1792 brief and ALOFAR

   pages 4-6,30-41 (with appendix documents cited therein) and

   02-P-20 brief and ALOFAR pages 45-46, incorporated herein by

   reference, the state denied Petitioner his Equal Protection

   Clause right to presentment of sufficient evidence on each

   and every element of an aggravated offense to a grand jury

   (see April 3,1985 grand jury transcript in appendix I:28-80

   omitting evidence of prior lawful sentence being served in

   any correctional institution) and right to indictment that

   contained c. 127,§ 129 (with c. 127,§§ 48,49) elements for

   3,000 days aggravated punishment offense,for which the state

   holds Petitioner in Walpole State Prison ("infamous punishment"

   proscribed by Massachusetts Article XII unless prior indict-

   ment and trial by jury,or trial waiver took place). 199 years

   of Supreme Judicial Court decisions (1904 thru 2003) require

   presentment to a grand jury and elements contained in the

   indictment for all Massachusetts aggravated Walpole State

   Prison "infamous punishment" offenses. Contrast appendix

   1:27 Middlesex indictment number 85-987.

                              -5-

   n.1/ No 28 USC § 2254(d)(1)(2) and § 2254(e)(1) deference   or
   presumption of correctness applies to any state findings,
   ELLSWORTH V. WARDEN,333 F3d 1, 4 (1st Cir en banc 2003);EPSOM
   V. HALL,330 F3d 49,52-53 (1st Cir 2003);FORTINI V. MURPHY,
   257 F3d 39, 47 n.5 (1st Cir 2001) because neither the state
   Superior Court, nor the Massachusetts Appeals Court, nor the
   Supreme Judicial Court decided this absence of aggravated
   offense indictment element issue,BUNDY V. WILSON,815 F2d 125,
   133 (1st Cir 1987)("Due process thus prohibits the  (state)
   Court(s) from arbitrarily and capriciously deciding to decline
   to consider (Petitioners') claim(s)").

12D) GROUND FOUR: STATE ENHANCING "INFAMOUS PUNISHMENT" BASED ON A
PRIOR VACATED, VOID, UNCONSTITUTIONAL CONVICTION, CONTRARY TO
JOHNSON V. MISSISSIPPI,486 US 578,586(1988);MELENG    V.    COOK,
490 US 488,492(1989);UNITED STATES V. TUCKER,404 US 443,445-
448(1972);SULLIVAN V. LOUISIANA,508 US 275,280-282(1993) n.2/:

SUPPORTING FACTS:As set out in 01-P-1792 brief and ALOFAR pages

4-9,30,37-38,41,47-48,Appendix records cited therein,and rehearing

petition, the state Department of Correction agency with unlawful

Court approval imposed c.127,§ 129 3,000 day aggravated Walpole

State Prison "infamous punishment" based upon a prior 1971 vacated

void and unconstitutional conviction;refusing to recognize U.S.

Supreme Court and First Circuit decisions which precluded the use

of a vacated conviction to enhance a sentence;and, refusing to

recognize a US Supreme Court decision making the 1971 conviction

a nullity [based on unconstitutional preponderance of the evidence,

proof beyond the purchase of a refrigerator burden of proof jury

instruction,Appendix III:567]. In addition, the 1971 case void

conviction sentence (actually resentence became only valid sentence)

was know by Respondents to have expired (resentencing known at

time of good time taking decision by DOC agency) on January 26,

1985 which was forty days prior to the March 7,1985 Commonwealth

V. DuPont Middlesex No.85-987 offense,with a certificate of

discharge issued by the DOC Commissioner effective 1/26/85;which,

at the time of c.127,§ 129 3,000 days good-time taking precluded

any factual finding of lawful imprisonment as of March 7,1985,id.

n.2/ In addition to the actual innocence of predicate vacated
conviction exception precluding sentence enhancement,which is
now being considered in DRETKE V. HALEY,certiorari granted
124 S.Ct 385-386 (October 14,2003) from HALEY V. COCKRELL,
306  F3d 257 (5th Cir 2002) local Federal Court precident that
was ignored by all Massachusetts state Courts included DOMEGAN
V. UNITED STATES,703 F.Supp 166,169-170(D.Mass 1989);UNITED
STATES V. PALEO,871 F.Dupp 60(D.Mass 1994) relief affirmed 47 F3d
1156 (1st Cir 1994);UNITED STATES V. PAYNE,894 F.Supp 534(D.Mass
1995);UNITED STATES V. PETTIFORD,101 F3d 199,201-202 (1st Cir
1996);MATEO V. UNITED STATES,276 F.Supp2d 186,189-196(D.Mass
2003);UNITED STATES V. MEJIA,278 F.Supp2d 55,63(D.Mass 2003).

12E)GROUND FIVE: DOC  AND STATE COURT RULINGS CONTRARY TO, OR  AN
UNREASONABLE APPLICATION OF,FIORE V. WHITE,528 US 23,25-30(1999);
SKINNER V. OKLAHOMA,316 US 535,541(1942);JACKSON V. INDIANA,406
US 715,723-730(1972)VIOLATING THE SIMILARLY SITUATED n.3/PETIT-
IONERS' EQUAL PROTECTION CLAUSE ENTITLEMENT TO 3,000 DAYS LYNCH,
PETITIONER MGL c.127,§ 129 GOOD-TIME,WHEN STATE,WITHOUT ANY RAT-
IONAL JUSTIFICATION,REFUSED TO RECOGNIZE,CONSIDER AND DECIDE HIS
TWIN LYNCH  "SPECIAL CIRCUMSTANCES" n.4/ AND DO LYNCH ANALYSYS:

SUPPORTING FACTS:As set out in 01-P-1792 brief & ALOFAR pages 6-13,

41-48;02-P-20 brief & ALOFAR pages 45-46,with record appendix/trans-

cript citation facts and rehearing petitions,incorporated herein,

Petitioner DuPont had twin-LYNCH,PETITIONER special circumstances

arising from an unconstitutional 1971 conviction [for which viod &

vacated 15 to 30 year sentence caused Petitioner to unlawfully serve

three years more than he should have for his first parole,in light

of the only valid 10 to 18 year sentence] which expired forty (40)

days prior to the March 7,1985 offense in this case [which also

followed 8½ months unlawful confinement] related to an unconstit-

utional 1984 parole revocation;but, without any legitimate rational

basis, the DOC and State Courts refused to afford  Petitioner equal

protection/application of LYNCH,PETITIONER,379 Mass 757(1980) law

which required him retaining 3,000 days c.127,§ 129 good-time

under a proper LYNCH  decision analysis he was denied,id.

-7-

n.3/De Novo review is appropriate on the "similarly situated"
portion of the Equal Protection Clause analysis because "neither
of the state courts below reached this prong of the...analysis"
WIGGINS V. SMITH,123 S.Ct 2527,2542(2003).Petitioner met such
requirements,CARILLO V. DuBOIS,23 F.Supp2d 103(D.Mass 1998) and
he properly asserted his right as a "class of one",VILLAGE OF
WILLOWBROOK V. OLECH,528 US 562,564-566(2000).
n.4/No 28 USC § 2254(d)(1)(2) and § 2254(e)(1) defference is
due state Superior and Appeals Court decisions ignoring entirely
the unconstitutional 1984 perole revocation ground.See MORRISSEY
V. BREWER,408 US 471,482,488-489(1972) and footnote 1,supra. An
evidentiary hearing is necessary under Rule 8,of the rule govern-
ing 28 USC § 2254 cases, on this issue following Rule 6 discovery
and a Rule 7 expanded record, to fully develop parole revocation
hearing unconstitutional procedures and inadequate flawed findings.

12F)GROUND SIX:STATE DEPRIVATION OF PETITIONER'S FUNDAMENTAL RIGHT
TO SOME KIND OF DUE PROCESS HEARING OR JURY TRIAL PROOF BEYOND
A REASONABLE DOUBT [or Waiver Thereof Properly] NECESSARY    TO
RESOLVE HIGHLY DISPUTED 3/7/85 UNLAWFUL,OR LAWFUL IMPRISONMENT
FACTS WHICH WERE NOT PROVEN BEYOND A REASONABLE DOUBT IN COURT,
WHILE STATE COURT'S RULED CONTRARY TO APPRENDI V. NEW JERSEY,
530 US 466(2000) PROGENY BLAKELY V. WASHINGTON, 124 S.Ct    (2004);
FIORE V. WHITE,531 US 225(2001):GOLDBERG V. KELLY, 397 US 264(1970);
FUENTES    V. SHEVIN,407 US 67,80-84(1972);WOLFF V. McDONNELL,
418 US 539,557-558(1974);GOSS V. LOPEZ,419 US 565,579-581(1975):
MEMPHIS GAS & WATER DIVISION V. CRAFT,426 US 1,18(1978);PARHAM V.
J.R.,442 US 584,606-607(1979);CLEVELAND BOARD OF EDUCATION V.
LOUDERMILL,470 US 532,542(1985);ZINERMON V. BIRCH,494 US 113,
127-128(1990);UNITED STATES V. GAUDIN,515 US 506,509-510(1995);
JACKSON V. VIRGINIA,443 US 307,315(1979):

SUPPORTING FACTS: As set out in 01-P-1792 brief and ALOFAR pages 4-
9,18-41, rehearing petition and motion for reconsideration in light
of certiorari granted in BLAKELY V. WASHINGTON,124 S.Ct 429(2003),
the state courts and Department of Correction Agency, in an ex
parte post-November 10,2000 resentencing posture,unlawfully im-
posed 3,000 days (more than 8 years) aggravated punishment without
any form of hearing or proof beyond a reasonable doubt on the  MGL
c.127,§ 129 elements and interrelated c.127,§ 48,49 elements.

Petitioner's 1971 Worcester County 10 to 18
year armed robbery sentence expired on January 26,1985 following
a decision holding 1971 Worcester trial jury instructions contained
a clearing unconstitutional burden of proof(state appendix III:567)
requiring that prior void conviction and sentence to be vacated by
Superior Court Judge Robert Mulkern who ordered a new trial(III:596)

-8-

n.5/The state Appeals Court falsely stating there was no dispute
in lawful imprisonment and offense location facts was not supported
by anything in the record and directly contradicted by clear and
convincing evidentiary record facts,28 USC § 2254(e)(1),resulting
in a state court decision based on "an unreasonable determination
of the facts in light of the evidence presented in the state court
proceedings"28 USC § 2254(d)(2),HILL V. MALONEY,927 F2d 646,655
(1st Cir 1990)("We think it incorrect to conclude that the issue
was not in dispute");OUBER V. GUARINO,293 F3d 19,33-35(1st Cir 2002),
and the First Circuit refuses to treat as undisputed any fact in
the absence of a concession by a criminal defendant,UNITED STATES
V. RIVERA,872 F2d 507,512(1st Cir 1989):UNITED STATES V. GARCIA-
ROSA,876 F2d 109,224 n.12(1st Cir 1989). A certiorari petition on
this ground was filed on April 26,2004,DuPont V. Maloney,Commiss-
ioner of Massachusetts Department of Correction,Supreme Court
number 03-10227

with the prosecutors' assent(III:594-595). This caused expiration
of that sentence forty days prior to new March 7,1985 Middlesex
County armed robbery offense chalenged in this 28 USC § 2254 petition.

Commonwealth v. DuPont Middlesex Indictment No.85-987
named Petitioner DuPont as a resident of Woburn Massachusetts(state
appendix I:27) not naming him as being confined in any Suffolk County
Department of Correction Institution/Prison/Halfway House,id. This
was because no evidence of imprisonment was presented to the April
1985 grand jury(I:28-80 transcript of grand jury proceedings). The
December 13,1999 guilty plea factual basis did not mention c.127,
§ 129 lawful imprisonment aggravated punishment element and only
described City of Woburn,Middlesex County offense facts taking place
outside a correctional facility(12/13/99 Tr.pages 59-74), not Suffolk
County 577 Massachusetts Avenue Halfway House facts while custody
facts were highly disputed in criminal and state habeas proceedings.

Neither the state prosecutors,or DOC counsel,filed
any mittimus proof of prior lawful sentence,nor was c.127,§ 48
Commissioners approval of MHHI(Mass.Halfway Houses Inc.),nor c.127,
§ 49 Correctional Officer supervision at such halfway house proven
in either or the state court proceedings,nor could it have been
proven because there was no DOC Officer staffing or supervision at
577 House(I:209-210) and a Worcester C-Pac State Police Trooper
Duffy 4/1/85 (investigation of 3/7/85 crimes) report in Respondent's
files stated: "the 577 House is a division of the Massachusetts
Halfway House Incorporated which is owned/operated by one Brian
Riley...supervision of their(DuPont/Coakley) activities was non-
existant and actually a perfect ruse for criminal acts"(I:214) n.9/

Respondent's denial of any kind of a hearing,or the
denial of trial by jury proof beyond a reasonable doubt [or proper
waiver thereof] and complete failure to prove c.127,§ 129 lawful
imprisonment element; c.127,§ 48 Commissioner's approval of MHHI;
c.127,§ 49 Correctional Officer supervision at such halfwayhouse,
aggravated punishment elements were highly contested court facts.

-9-

n.6/An evidentiary hearing,pursuant to Rule 8 of the rules governing
28 USC § 2254 cases, is necessary to fully develop the facts,
ELLSWORTH V. WARDEN,333 F3d 1,9(1st Cir en banc 2003)(Torruella,CJ)
with Rule 6 production of escape/out-of-place disciplinary records
related to 3/7/85 offense and Trooper Duffy investigation reports
for Rule 7 expansion of habeas corpus proceeding record.Also see
HAYGOOD V. YOUNGER,769 F2d 1350,1354-1359(9th Cir en banc  1985)

12G)GROUND SEVEN:STATE COURTS RULING CONTRARY TO,OR AN UNREASONABLE
APPLICATION OF BALDWIN V. HALE,1 Wall 223,233,17 L.Ed 531(1864);
HODGSON V. VERMONT,168 US 262,269(1897);COLE V. ARKANSAS,333 US
196,200-201(1948);IN RE OLIVER,333 US 257,273(1948);ARMSTRONG V.
MANZO,380 US 545,549-550(1965);PRESNELL V. GEORGIA,439 US 14,
16 n.3 (1978);DUNN V. UNITED STATES,442 US 100,103-113(1979);n.7/
LANKFORD V. IDAHO,500 US 110,119,128 n.23(1991) CONCERNING THE
DEPRIVATION OF PRE-12/13/99 FAIR NOTICE OF SURPRISE THEORY OF
AGGRAVATED c.127,§ 129 OFFENSE ELEMENT:

SUPPORTING FACTS: As set out in 01-P-1792 brief and ALOFAR pages

4-6,18-29,and 02-P-20 brief and ALOFAR pages 45-46,with both

appeals rehearing petitions,incorporated herein by reference;

Petitioner DuPont was denied fair notice of a c.127,§ 129 surprise

aggravated offense element theory prior to and during his Decem-

ber 13,1999 guilty plea. Such element of commission of armed

robbery while confined in a correctional institution,during a law-

ful term of imprisonment, was not contained in Commonwealth V.

DuPont April 1995 Middlesex County grand jury evidence transcript

(01-P-1792 state appendix I:28-80),nor in the indictment itself

which listed Petitioner as a resident of Woburn, not a resident

of 577 Mass Avenue Boston halfway-house(I:27) and Superior Court

Judge Hiller B. Zobel ruled in Petitioner's favor on the point:

> "THE COURT:As an initial proposition I would tend to
>           believe that once a sentence, once there has
>           been a reversal, that the whole matter is wiped.
> MR. O'REILLY:Well Your Honor, --
> THE COURT:He can't be serving a sentence on an offense of
>           which you haven't yet been tried."
> (12/13/99 Transcript page 27)

---

n.7/Accord,SHEPPARD V. REES,909 F2d 1234,1237-1238(9th Cir 1989);
TARPLEY V. ESTELLE,703 F2d 157,160-161(5th Cir 1983);COLA V.
REARDON,SHERIFF ESSEX COUNTY,787 F2d 681(1st Cir 1986) issue now
pending before Magistrate-Judge Dein in KILBURN V. MALONEY,
98-12156-RGS and the "lack of fair notice of the charges against
a defendant is a structural error that cannot be analyzed under
the harmless error analysis",UNITED STATES V. BROWN,295 F3d 152,
155 n.5(1st Cir 2002)citing UNITED STATES V. MURPHY,762 F2d 1151,
1155(1st Cir 1985). A petition for a writ of certiorari on this
Ground was filed on April 26,2004,DuPont V. Maloney,Commissioner
Of Massachusetts Department of Correction Supreme Court
number 03-10227,id.

12H) GROUND EIGHT: STATE COURT RULINGS CONTRARY TO, OR AN UNREASONABLE APPLICATION OF, BOYKIN V. ALABAMA,395 US 238 (1969);BRADY V. UNITED STATES,397 US 742,748-755 (1969); HENDERSON V. MORGAN, 426 US 637,645-646(1976);LANKFORD V. IDAHO,500 US 110,114-128 (1991);RALEY V. OHIO,360 US 423,438(1959) CONCERNING JUDICIAL [n.8/] MISLEADING AS TO ENTITLEMENT TO GOOD-TIME SCENERIO BASED    ON VOID 1971 VACATED CONVICTION, JUST PRIOR TO 12/13/99 GUILTY PLEA COLLOQUY,WITH COLLOQUY   OMISSION OF c.127, § 129 3,000  DAY AGGRAVATED PUNISHMENT ELEMENT AND ELEMENT FACTUAL BASIS, WHICH RENDERED PLEA UNKNOWING, UNINTENTIONALLY ENTERRED INTO    AND INVOLUNTARY:

SUPPORTING FACTS: As set out in 01-P-1792 brief and ALOFAR pages

5,28-30,incorporated into 02-P-20 brief and ALOFAR pages 45-46,

rehearing petitions and appendix/transcriptrecords cited therein,

incorporated herein by reference,state trial judge Hiller Zobel

failed to give Petitioner notice of MGL c.127,§ 129 3,000 day

aggravated punishment element(for which there was no factual basis)

and affirmative mislead Petitioner that § 129 would not apply when

the Court made the following presumptively correct factual finding:

> "THE COURT: As an initial proposition I would tend to
> believe that once a sentence,once there has
> been a reversal, that the whole matter is wiped.
> MR.O'REILLY:    Well Your Honor, – –
> THE COURT:He can't be serving a sentence on an offense of
> which you haven't yet been tried."
>           (12/13/99 transcript page 27)

n.8/Because the 12/13/99 transcript conclusively shows Judge Hiller Zobel "failed to ascertain that (the Petitioner) had knowledge of the  (c.127,§ 129) element...Nothing more need be shown to establish the inadequacy of the colloquy",COMMONWEALTH V. BARRY,742 NE2d 584, 585(2001)(citing Hendersn V. Morgan);COMMONWEALTH V. NIKAS, 727 NE2d 1166,1169-1172(2000), the misleading good-time ruling by the Court,MOORE V. BRYANT,348 F3d 238,240-244(7th Cir 2003) that resulted in almost twice as much time in prison,BEAVERS V. SAFLLE,216 F3d 918,925-926(10th Cir 2000) combined with Mass.Crim.P. Rule 12(c)(3)(B) failure to warn of such no-good-time mandatory sentence direct consequence,COLEMAN V. ALABAMA,827 F2d 1469,1472- 1475(11th Cir 1987);US EX REL PEBWORTH V. CONTE,480 F2d 266,267-268 (9th Cir 1974);PEOPLE V. EISENBERG,440 NE2d 259,260(Ill 1982); PEOPLE V. MAPPS,555 NE2d 1275,1276-1277(Ill 1990);UNITED STATES V McCANN,940 F2d 1352,1358(10th Cir 1991) renderred the plea unknowing, unintelligently enterred into and involuntary. An early summer 2004 habeas corpus bail release motion shall be filed on these undisputedly meritorious 100% winning record verified legal grounds,id.

The state Appeals Court did not overturn this
Superior Court factual finding or address the merits of the claim
of Judicial misleading in Commonwealth V. DuPont 02-P-20  but the
same appellate panel of judges was aware of Judge Zobel's finding
that it had placed in West Key #2 of DuPont V. Commissioner,
794 NE2d 1254,1255(2003)(01-P-1792).

The December 13,1999 plea colloquy factual basis
(transcript pages 59-74) did not include any factual basis for MGL
c.127,§ 129 aggravated punishment element which was not explained
during the guilty plea hearing(Tr.pages 4-82).Petitioner was mislead
into believing he would receive 3,000 days § 129 good-time based
on Judge Zobel's ruling(Tr.page 27) just prior to the plea and the
Petitioner definately would not have plead guilty absent such
judicial misleading(see pro se Crim.Rules 12,30 Motion To Withdraw
Plea,or for Specific Performance filed for 5/9/00 hearing,as well
as subsequently assigned resentencing counsel's plea withdrawl
motions and Petitioner DuPont's supporting affidavit,with 5/9/00,
8/24/00,9/27/00,11/10/00 transcripts and state appendix cited in
02-P-20 brief pages 45-46) which also resulted in confusion for
the Court, the state Prosecutor and resentencing counsel,id.(see
Atty John Swomley transcript comment that if the lawyers and judge
can't figure out whether,or not, § 129 good-time entitlement
existed or would be forfieted, how could a pro se defendant know ?).

Without knowledge or direct consequence of
whether, or not, 3,000 days (more than 8 years) aggravated
punishment would, or would not, be imposed, and without plea
colloquy factual basis for enhancement or § 129 element notice
(or waiver thereof), Petitioner's plea was unknowing,unintention-
ally enterred into and involuntary, as a matter of Federal
Consititutional Law (which state Court refused to recognize
or follow).                -12-

12I)GROUND NINE: STATE COURT RULINGS CONTRARY TO,OR AN UNREASON-
ABLE APPLICATION OF, HILL V. LOCKHART,474 US 52,56-60(1985);
TOLLETT V. HENDERSON,411 US 258,266-269(1973);NORTH CAROLINA
V. ALFORD,400 US 25,31(1970);UNITED STATES V. JACKSON,390 US
570,583-591(1968);LANKFORD V. IDAHO,500 US 110,114-128(1991)
CONCERNING THE STATE SANDBAGGING AND CONCEALING A PAROLE VIO-
LATION WARRANT FOR CONSECUTIVE SERVICE OF 3 YEARS  AND 4 MONTHS
DURING THE TIME PERIOD WHEN HEPATITIS "C" MEDICAL TREATMENT
WAS READILY AVAILABLE IN COMMUNITY BUT DENIED IN JAIL AND
JUDGE HILLER ZOBEL MADE MISLEADING IMMEDIATE RELEASE ADVICE
AND RECOMMENDATIONS, COMPOUNDING GROUND EIGHT,SUPRA, AND
GROUNDS TEN AND ELEVEN,INFRA, PREJUDICE, RENDERING GUILTY
PLEA UNKNOWING, UNINTENTIONALLY ENTERED INTO,COERCED  AND
INVOLUNTARY;OR, MASS. PAROLE BOARD WAIVED JURISDICTION:

SUPPORTING FACTS: As set out in 01-P-1792 brief and ALOFAR pages

13,48-50;and 02-P-20 brief and ALOFAR pages 21-34,41-43,45-48,

rehearing Petitions and appendix/transcript citations contained

in such briefs/ALOPAR's, incorporated herein by reference,

the state sandbagged and concealed parole violation warrant

#w/38655, or the Mass. Parole Board waived jurisdiction,as part

of misleading immediate release recommendations made by Judge

Hiller Zobel, during the time period when Hepatitis "C" medical

treatment was readily available in the community  but totally

denied in jail, as noted at 1/19/00, 3/14/00 sentencing hearings

and 5/9/00,8/24/00,9/27/00 and 11/10/00 resentencing hearings,

making the 12/13/99 guilty plea unknowing,unintelligently enterred

into, involuntary (and perhaps coerced to extent medical release

was necessary motivating factor).Petitioner would not have

plead guilty if he had been given notice of 3 year,4 month w/38655

parole violation detainer (which had been previously withdrawn).

        Judge Zobel's immediate release recommendations
8/3/99 transcript pages 9,22;9/29/99 Tr. page 12;12/13/99 Tr.
pages 26-30) misleading advice to petitioner exacerbated the
Respondent's sandbagging concealment of w/38655 parole violation
waraant;while this would not have  occurred if the state had
not erroneously denied guilty plea counsel,without a waiver of
counsel,as set out in Ground Ten,infra,also applicable to
Ground Eight,supra, interrelated habeas corpus Grounds,id.

12J)GROUND TEN: STATE COURT RULINGS CONTRARY TO,OR AN UNREASONABLE
APPLICATION OF, IOWA V. TOVAR, 124 S.Ct 1379 (March 8,2004);
UNITED STATES V. VONN,535 US 55 (2002);PATTERSON V. ILLINOIS,
487 US 285,292-300(1988);MICHIGAN V. JACKSON,475 US 625,629-
630(1986);MIRANDA V. ARIZONA,384 US 436,483-499(1966);WHITE V.
MARYLAND,373 US 59,60(1963);RICE V. OLSEN,324 US 786,788-792
(1945);JOHNSON V. ZERBST,304 US 458,464(1938)CONCERNING PETIT-
IONER NOT BEING AFFORDED NOTICE OF HIS RIGHT TO PLEA,SENTENCING
OR RETRIAL COUNSEL DURING THE 12/13/99 GUILTY PLEA COLLOQUY,WHICH
RENDERED IT UNKNOWING,UNINTENTIONALLY ENTERRED INTO AND INVOLUN-
TARY n.9/,IN COMBINATION WITH PREJUDICE FROM GROUNDS EIGHT AND
NINE,SUPRA,FOR WHICH A RULE 8 EVIDENTIARY HEARING IS NECESSARY:

SUPPORTING FACTS:As set out in 02-P-20 brief and ALOFAR pages 33,

45-46; 01-P-1792 brief and ALOFAR page 50,incorporated herein,with

appendix citations and entire December 13,1999 plea transcript pages

4 thru 82 colloquy, show Petitioner was never informed of his right

to be counselled regarding his plea,or right to plea,sentencing or

retrial counsel(see all prior 1998-1999 transcripts). Prejudice

accrued when the Prosecutor, Judge Hiller B(iPolar) Zobel,the DOC

Legal Department and even resentencing counsel  became confused

with disputed 3,000 days good-time and a concealed parole violation

detainer.An assigned Attorney was necessary to counsel Petitioner

about these matters in relation to the guilty plea which he would

not have enterred into had counsel been assigned disclosing the

P/V detainer and loss of 3,000 days good-time before any plea

[which distinguished this case from the IOWA V. TOVAR case].

-/4-

n.9/An application for reconsideration of ALOFAR #13844 by the
Supreme Judicial Court, based on Iowa V. Tovar,on March 29,2004,
was filed and a certiorari petition based on this Ground was filed
on April 23,2004 in DuPont V. Massachusetts  Supreme Court number
03-10062. Prejudice from lack of counsel notice and denial of guilty
plea counsel,without any waiver of counsel, is shown by both the
complex and confusing goodtime issue,MOORE V. BRYANT,348 F3d 238,
240(7th Cir 2003) and the sandbagged/concealed parole violation
warrant,WATTS V. BREWER,340 F.Supp 378,379-383(SD Iowa 1972).
   A habeas rule 5 order for all 1998-1999 pre-plea,and 2000
post-plea transcripts is necessary to show absolutely no waiver
colloquy,no waiver by misconduct,and no legitimate reason for
the state denial of retrial and plea counsel,id.

12K)GROUND ELEVEN: STATE COURT DECISIONS CONTRARY TO, OR AN
UNREASONABLE APPLICATION OF,JOHNSON V. ZERBST,304 US 458,
464(1938)EX PARTE HULL,312 US  546,547-549(1941);WATTS V.
INDIANA,338 US 49,52-55)1949);GRIFFIN V. ILLINOIS,351 US
12,14-20(1956);UNITED STATES V. JACKSON,390 US 570,583-591
(1968);GARDNER V. CALIFORNIA,393 US 367,370-371(1969);
BROOKS V. FLORIDA,389 US 413,414-415(1967);JOHNSON V. AVERY,
393 US 483(1969);WOLFF V. McDONNELL,418 US 539(1974);BOUNDS
V. SMITH,430 US 817(1977);ARIZONA V. FULMINANTE,499 US 279,
286-288(1991);SANDIN V. CONNER,515 US 472(1995);LEWIS V.
CASEY,518 US 343(1996)AND THEIR PROGENY, CONCERNING  THE
PETITIONERS' INVOLUNTARY GUILTY PLEA BEING COERCED n.10/BY
MEANS OF 100 DAYS IN A STRIP-CELL DENIED TRANSCRIPTS,LEGAL
FILES,LAW LIBRARY ACCESS, LEGAL TELEPHONE CALLS NECESSARY
TO PREPARE RETRIAL DEFENSE,DURING FIFTEEN MONTHS UNCONSTIT-
UTIONAL WALPOLE STATE PRISON SEGREGATION LIMITING  LAW
LIBRARY,LEGAL FILE, TELEPHONE ACCESS, DENIED HEPATITIS "C"
MEDICATAL TREATMENT FOR SIX YEARS DURING $8\frac{1}{2}$ YEARS SEGREGATION:

SUPPORTING FACTS: As set out in 02-P-20 brief and ALOFAR pages

21-34,41-43,46-48,with all appendix/transcript citations therein,

incorporated herein by reference, Petitioner's plea was coerced.

Petitioner was unlawfully held as a pre-trial

detainee in Walpole State Prison segregation for fifteen months

(9/29/98 thru 12/10/99) in violation of Superior Court Judge

Paul Chernoff's 10/7/98 orders, without 103 CMR 421.09 thru

103 CMR 421.18 due process procedural protections,HAVERTY V.

COMMISSIONER,776 NE2d 973;437 Mass 737(2002),breaching DuPont

Fair,89-105-B  consent decree contract (mandatory language that

creates "Liberty Interest" with conditions of segregation) and

breaching CEPULONIS V. FAIR,78-3233-Z  class consent decree,

within a total of eight and one-half years (1991-1999) overall

unlawful segregation(subject to judicial notice of 92-12420-RCL,

-15-

n.10/A habeas Rule 8 evidentiary hearing is necessary  to
fully develop the record,COMER V. STEWART,215 F3d 910,916
(9th Cir 2000);JONES V. STEWART,231 F3d 1248,1252(9th Cir
2000);LaRUE V. FAIRMAN,780 F.Supp 1190,1194-1195(ND Ill 1991);
TATE V. WOOD,963 F2d 20,26(2nd Cir 1992);VALVERDE V. STINSON,
224 F3d 129,135-137(2nd Cir 2000);BUFFALO V. SUNN,845 F2d 1158,
1164-1166(9th Cir 1988) and Judge Lindsay is reminded of his
2/20/03 phrase identifying Petitioner as "THE POSTER BOY FOR
DENIAL OF COURT ACCESS",which shall be proven true in these
habeas corpus proceedings,id.

97-11087-RCL and 98-10309-RCL civil rights litigation pending before Judge Reginald C. Lindsay and also see summary judgment decision of 6/1/04 approving 97-11087-RCL six year denial of Hepatitis "C" claim for upcomming jury trial).

From September 29,1998 thru September 1,1999 Petitioner was denied Attorney calls,limited to 1½-2 hours law library access most weeks(and denied other weeks) violating Cepulonis consent decree;as well as substantially denied access to his seized/stored criminal case discovery/motion files and prior trial transcript.No legal files or transcript were transferred to County jail when the Petitioner was moved there the weekend before trial/plea(12/10-13/99).

For one-hundred days before scheduled trial/plea, between September 1,1999 thru December 10,1999,Petitioner was unlawfully held 24 hours per day in a strip-cell under outrageous coercive conditions,totally denied law library access,legal file access,transcript from prior trial access,denied all telephone calls and tools necessary to prepare a trial defense(exacerbated by Court denial of defense investigator and defense experts),while Petitioner was lawfully protesting six years denial of treatment for Hepatitis "C",constructively denied counsel.This presented Petitioner with "Hobson's choice" between Judge Zobel's recom- mendation for immediate release guilty plea(to obtain Hepatitis "C" necessary medical treatment) or certain conviction unprepared for a trial the state obstructed all defense preperation for,making the 12/13/99 guilty plea unknowing,unintelligently enterred into, coerced and involuntary. An evidentiary hearing was properly requested and denied by the state Superior and Appeals Courts.Hence, Petitioner requests Habeas Rule 8(c) assignment of counsel to fully develop the facts of coercion at  a federal evidentiary hearing.

-16-

12L)GROUND TWELVE: STATE SUPERIOR COURT JUDGE HILLER ZOBEL
PERSONALLY RECOMMENDING AND NEGOTIATING AN IMMEDIATE n.11/
RELEASE GUILTY PLEA, ZOBEL'S DOUBLE PUNISHMENT BREACH OF
THE PLEA AGREEMENT CONTRACT WITHOUT AFFORDING PROMISED
OPPORTUNITY TO WITHDRAW, AND STATE COURT RULINGS CONTRARY
TO, OR AN UNREASONABLE APPLICATION OF, SANTOBELLO V. NEW YORK,
404 US 257,263(1971 n.12/ DENYING PETITIONERS' RIGHT
TO RESENTENCING BY A DIFFERENT JUDGE OR PLEA WITHDRAWL:

SUPPORTING FACTS: As set out in 02-P-20 brief and ALOFAR pages
46-48,with appendix/transcript citations therein,incorporated

herein by reference,State Superior Court Judge Hiller B. Zobel

personally negotiated (also see coercion Grounds Nine and

Eleven,incorporated herein as relevant) Petitioner's guilty

plea using coercive means,followed by Zobel breaching his own

plea contract express clause and implied covenant of good-

faith and fair dealing by imposing a sentence twice the maximum

that Zobel negotiated;followed by Zobel refusing to comply with

Santobello specific performance requirement of resentencing by

a different judge,id.

        The 02-P-20 Appeals Court panel decision made

presumtively correct findings that Zobel negotiated the guilty

plea [see SPENCE V. SUPERINTENDENT,219 F3d 162,168(2nd Cir 2000)

-17-

n.11/The tapes for 8/3/99,9/29/99 and 12/13/99 hearings(and
other hearings) must be produced,pursuant to habeas Rule 6
for Rule 7 expansion of corrected record,or a Rule 8
evidentiary reconstruction hearing is necessary,id.
n.12/Accord,MAWSON V. UNITED STATES,463 F2d 29,31(1st Cir
1972)("It is difficult for a judge,having once made up
his mind, to resentence a defendant");UNITED STATES V.
KERKULER,918 F2d 295,300(1st Cir 1990)("This Court has
repeatedly expressed a preference for specific performance of
the agreement by resentencing before a different judge");
UNITED STATES V. MERCEDES-AMPERO,980 F2d 17,19(1st Cir 1992);
UNITED STATES V. CLARK,55 F3d 9,14(1st Cir 1995);UNITED STATES
V. VELEZ-CARRERO,77 F3d 11,12(1st Cir 1996)("Santobello...
requires that the breach of a plea agreement be remedied...
by specific performance of the agreement on the plea in
which case petitioner should be resentenced by a different
judge").

("Any promise made by the Judge in the course of the colloquy operates as a promise  made by the state")],but the panel ruled on the merits of this Ground Twelve issue in square conflict with Santobello when it held that "the defendant's claim that he is entitled to an evidentiary hearing and resentencing by another judge are without merit";id.,(panel decision 02-P-20 pages 5-6.

 The record fully supports presumtively correct findings that Zobel personally negotiated the guilty plea contract(7/1/99 Tr. pages  5-9 ;8/3/99 Tr pages 13-20;9/29/99 Tr pages 12-15 and 12/13/99 Tr.pages 23-36,53,77)while Judge Zobel personally recommended time served release(9/29/99 Tr.page 12:8/3/99 Tr page 19-page 22 reconstruction) while repeatedly focusing on the bottom of the 160 to 240 month sentencing guideline range(8/3/99 Tr.page 19; 12/13/99 page 30) when Petitioner already served 177 months,id.

 On March 14,2000 Judge Zobel breached the express plea agreement contract not to exced 240 months (without opportunity to withdraw plea first) and refusing to consider lower end of 160 to 240 month range implied covenant of good-faith and fair dealing breach ocurred when Zobel imposed a 360 to 480 month sentence(see 3/14/00 transcript);then when that sentence was vacated on May 9,2000 and during 8/24/00,9/27/00,11/10/00 resentencing hearings, Zobel refused to comply with Santobello requirement for resentencing by a different judge (see 5/9/00, 8/24/00,9/27/00 and 11/10/00 transcripts and withdrawl motions), finally followed by Zobel's refusing to consider lower end of 160 to 240 month range on Novemer 10,2000 when he breached 240 month maximum plea agreement by imposing a 20 year to 20 years and one day  excessive sentence,id.

12M)GROUND THIRTEEN:STATE COURT RULINGS CONTRARY TO,OR AN UNREASON-
ABLE APPLICATION OF,WILLIAMS V. KAISER,323 US 471,474-479(1945);
VON MOLTKE V. GILLIES,332 US 708,723-724(1948);CARNLEY V. COCHRAN
369 US 506,516-517(1962);FARETTA V. CALIFORNIA,422 US 806,835(1975);
PENSION V. OHIO,488 US 75,83(1988);ALABAMA V. SHELTON,122 S.Ct 1764,
1770(2002);IOWA V. TOVAR,124 S.Ct./479 (3/8/04) WITH RESPECT   TO
DENIAL OF 1998-1999 PRE-TRIAL  COUNSEL, PLEA AND 1/19/00-1/20/00,   n.13/
3/14/00 SENTENCING COUNSEL, WITHOUT A WAIVER OF COUNSEL OR ANY
WAIVER COLLOQUY WARNINGS,WHEN SUCH DENIAL WAS BASED ON PETITIONER"S
EXERCISING HIS CONSTITUTIONAL RIGHTS TO A FULL DEFENSE PREPARED
BY COMPETENT COUNSEL WHO KNEW MASSACHUSETTS LAW:

SUPPORTING FACTS: As set out in 02-P-20 brief and ALOFAR pages

2-17,21-34,34-40,44-46,and rehearing petition,with appendix/tran-

script citations therein,incorporated herein by reference,the

Petitioner was unconstitutionally denied his right to pre-trial

(pre-retrial 1998-1999) counsel and first (2000)sentencing counsel,

without a waiver of counsel or colloquy warnings.see 02-P-20

presumtively correct factual finding that there was no waiver

colloquy or signed waiver of counsel form in record,id.Petitioner

being denied counsel was based on his properly requesting (and

exercising his constitutional right to) a full retrial defense

prepared by a competent Attorney who knew Massachusetts law;followed
by lazy and incompetent state of Washington Atty Kern Cleven
refusing to get a defense investigator,refusing to file timely
necessary motions and refusing to promptly prepare for a speedy
retrial(see Atty Cleven letters in state appendix and 4/12/99,
4/20/99,8/3/99,9/29/99,12/6/99,12/10/99,12/13/99,1/19-20/00 and
3/14/00 transcripts). Habeas Rule 8(c) CJA assigned/appointed
counsel is requested to fully develop Ground Thirteen record at an
evidentiary hearing.          -19-

n.13/A habeas rule 8 evidentiary hearing is necessary,RICE V.
OLSON,324 US 786,787-792(1945);MAYNARD V. MEACHUM,545 F2d 273,
278-279(1st Cir 1976);GUNTER V. MALONEY,291 F3d 74,81(1st Cir 2002);
CRAIG V. BETO458 F2d 1131,1136(5th Cir 1972);CRANDELL V. BUNNELL,
25 F3d 754,755(9th Cir 1994);SNOOK V. WOOD,89 F3d 605,613(9th
Cir 1996);STROZIER V. NEWSOME,871 F2d 995,998-1000(11th Cir 1989).
    Such hearing will develop the record concerning prior state
assigned counsel's incompetence strongly supporting a finding of
no waiver by conduct and a finding that counsel should have been
substituted to replace incompetent Atty Kern Cleven.

12N) GROUND FOURTEEN: STATE COURT RULINGS CONTRARY TO, OR AN UNREASON-
ABLE APPLICATION OF, POWELL V. TEXAS,492 US 680,685(1989)(AND ITS'
PROGENITORS AND PROGENY) CONCERNING THE DENIAL OF PRE-EVALUATION
RIGHT TO COUNSEL:

SUPPORTING FACTS: As set out in 02-P-20 brief and ALOFAR pages

28-29,48-49 with state Appendix II:352,373-379;III:574-576;

IV:669 n. 40, 780, and April 20,1999 transcript cited therein,

the state Court erroneously denied pre-[MGL c.123,§ 15(a)]competency

evaluation counsel n.14/when denying retrial counsel without any

waiver of counsel by Petitioner [who evaluation reports show had

asserted his right to counsel to evaluation staff before each

stage of such c.123,§ 15(a) competency evaluations].

        This issue basically presents the question of

whether a state judge can deny counsel under a waiver by conduct

theory prior to receiving competency evaluation the judge had

denied counsel for pre-evaluation advice to petitioner,with no

subsequent July 1,1999 or other court hearing ruling on the

issue of competency prior to or during December 13,1999 plea.

        The state Superior Court made no findings on

this issue and the 02-P-20 Apelleals Court panel also made no

factual findings,avoiding this issue,while purporting to make an

overall waiver by misconduct legal ruling.Ground Fourteen may,

therefore, be subject to de novo  review in these 28 USC § 2254

proceding,for which Petitioner requests Habeas Rule 8(c) CJA

assignment/appointment of  counsel,id.

                            -20-
n.14/Delguidice V. Singletary,84 F3d 1359,1363(11th Cir 1996);
UNITED STATES V. KLAT,156 F3d 1258,1262-1265(DC Cir 1998);APPEL
V. HORN,250 F3d 203,209-218(3rd Cir 2001);UNITED STATES V. PURNETT,
910 F2d 51,55-56(2nd Cir 1990) hold a Court cannot decide on
a waiver of counsel prior to the evaluation being conducted and
there is a right to counsel's advice prior to any such competency
evaluation.A Habeas Rule 8 evidentiary hearing may also be neces-
sary to fully develop the record of Ground Fourteen facts,id.

120)<u>GROUND FIFTEEN</u>:STATE DECISIONS CONTRARY TO, OR AN UNREASONABLE
APPLICATION OF,<u>UNITED STATES V. DIXON</u>,509 US 688,698,712(1993);
<u>PAYNE V. VIRGINIA</u>,468 US 1062(1984);<u>HARRIS V. OKLAHOMA</u>,433 US 682,
683(1977);<u>BROWN V. OHIO</u>,432 US 161 (1977);<u>MENNA V. NEW YORK</u>,
423 US 61,62-63(1975)<u>n.15</u>/ CONCERNING VIOLATION OF PETITIONERS'
DOUBLE JEOPARDY CLAUSE RIGHTS ARISING FROM STATE SUBSEQUENT IMPOS-
ITION OF 3,000 DAYS c.127,§ 129 GREATER OFFENSE "INFAMOUS PUNISH-
MENT"ONLY AFTER A PRIOR c.265,§ 17 LESSER OFFENSE CONVICTION:

<u>SUPPORTING FACTS</u>: As set out in 02-P-20 brief and ALOFAR pages

16-17, 01-P-1792 brief and ALOFAR pages 4-6,27-30,rehearing

petition, appendix/transcript citations therein, incorporated herein

by reference MGL c.265,§ 17 armed robbery is a lesser included

offense of c.127,§ 129 "any offense" committed inside a prison

while serving a lawful sentence, because § 129 incorporates the

entire MGL Massachusetts Criminal Offense Code;but state Superior

and Appeals Court Judge's refused to follow United States  Supreme

Court decisions (set out in Ground Fifteen heading) and the

state courts failed to make factual findings (which may now permit

federal habeas court <u>de novo</u> review).

           After December 13,1999,March 14,199,November 10,

200 lesser c.265,§ 17 armed robbery sentence conviction, the

Respondent violated Petitioner's double jeopardy clause rights

by subsequently imposing 3,000 days § 129 greater offense

aggravated punishment.Habeas Rule 6 discovery for Rule 7 expanded

record and Rule 8 evidentiary hearing may be necessary to develop

the post-11/10/00 sentence record of whatever <u>ex parte</u> D.O.C.

procedures,prosecution and aggravated sentence imposition hearing

or administrative non-hearing action took place(Respondent has
concealed such facts from Courts and Petitioner in state proceedings).

-21-

<u>n.15</u>/ This Ground is properly before the Court because the
Petitioner's "guilty plea admitted no (c.127,§129) factual
predicate that sufficed to make irrelevant his double jeopardy
claim",<u>JACKSON V. COALTER</u>,337 F3d 74,80(1st Cir 2003) and the
almost double aggravated punishment statute,c.127,§ 129 words
"any offense" incorporated all Massachusetts General law crimes
into § 129 making c.265,§ 17 a lesser included offense,<u>UNITED STATES
V. DIXON</u>,509 US 688,698,712(1993).

12P)GROUND SIXTEEN: DOC ATTY SLADE'S AND RESPONDENT'S EMPLOYEE'S n.16/
DENIAL AND OBSTRUCTION OF ACCESS TO DOC AND PAROLE FILES COMBINED
WITH ASSIGNED ATTY RAPPAPORT BEING TOO LAZY TO PREPARE FOR STATE
HEARINGS AND WITHHOLDING PAROLE FILES WITH ATTY FITZPATRICK,DENIED
THE PETITIONER HIS SIXTH AND FOURTEENTH AMENDMENT RIGHTS TO DUE
PROCESS, A FUNDAMENTALLY FAIR HEARING AND THE EFFECTIVE ASSISTANCE
OF COUNSEL:

SUPPORTING FACTS: As set out in 01-P-1792 brief and ALOFAR pages

8-13,41-48,appendix/transcript citations therein,incorporated

herein by reference, Respondent's Attorneys and employee's

denied and obstructed Petitioner's access to necessary DOC and Parole

Board CORI files, while incompetent and lazy assigned Attorney

Steven rappaport failed to prepare for state hearings,failed to

file any pleadings or promised memorandum in support of relcief

and withheld Petitioner's PLAP copy of Parole/Court files with

Attorney John Fitzpatrick (unethically), resulting in the loss

of an opportunity for a fundamentally fair habeas corpus hearing,

proper fact-finding and an evidentiary hearing which had been

recommended by Judge Elizabeth Dolan in DuPont V. Mass. Parole

Board but not held in DuPont V. Maloney,Commissioner habeas

proceedings because of the combined concealment by all Attorneys

involved.

Rule 8(c) assignment of CJA counsel for a

federal Rule 8 evidentiary hearing to fully develop the facts,

is respectfully requested on Ground Sixteen.

-22-

n.16/In addition to DOC Staff employee's at Walpole and MCI
Concord,with Parole employee's, obstructing and denying timely
CORI access in 1999-2001, DuPont V. DuBois,92-12420-RCL
and 97-11087-RCL Attorney David Rentsch may have been the
person directing CORI access denial as part of his scheme to deny
discovery in those civil rights actions now pending before Judge
Reginald C. Lindsay,id.

12 Q.

Ground ~~SEVENTEEN~~ 17 SIXTH AND FOURTEENTH AMENDMENT VIOLATION BASED UPON
PREJUDICIAL CONFLICT OF RESENTENCING COUNSEL'S INTERESTS, CONTRARY
TO MICKENS V. TAYLOR,535 US 162(2002)(And Cases Cited Therein)

Supporting FACTS (state *briefly* without citing cases or law)     As set out in 02-P-20 brief and
ALOFAR pages 18-21 n.21,48-49 and
appendix IV:725-791 and 11/10/00 resentencing transcript;assigned
Attorney John Swomley laid down at sentencing,failing to make lesser
sentence recommendation,failing to argument mitigation of file senten-
cing memorandum,after deliberately filing expert request too late,which
followed Swomley telling Petitioner (on 9/27/00) that he had a conflict
of interest based upon a friend who Swomley loved,CPCS staffmember
Leslie Walker approaching Swomley in church saying she was afraid the
Petitioner would kill her if released(also see Appendix I:151-194 on
prior malpractice and other complaints Petitioner filed against Walker).
Swomley and co-counsel Edmund Robinson also had a conflict based on BBO
(Board of Bar Overseers) and CPCS complaints Petitioner filed after
Swomley asked Petitioner to pay/retain him despite petitioner's indigence

12 R.

Ground ~~Eighteen~~ 18 FIFTH,SIXTH AND FOURTEENTH AMENDMENT DOUBLE JEOPARDY,
SPEEDY-TRIAL-APPEAL-SENTENCING VIOLATION DISPOSITIVE ISSUES
CONTRARY TO MENNA V. NEW YORK,423 US 61(1975);BARKER V. WINGO,407 US
514(1972) AND THEIR PROGENY,WITHOUT DEFERENCE TO STATE COURTS THAT
FAILED TO DECIDE ISSUES ON APPEAL.

Supporting FACTS (state *briefly* without citing cases or law)     As set out in 02-P-20 brief and
ALOFAR pages 2,9 n.12,11,13-14,16,21-32,34,41-43,50 n.75,n.76,n.77,
n.78 and Appendix I:121 n.41,123-124;II:255-277,335-339;III:442-464,
562,596-600;IV:609-637K;V:801-923,974-1000;VI:1000-1200,incorporated
herein,the state Appeals Court failed to decide Petitioner's presentat-
ion of dispositive issues related to DuPONT V. SUPERIOR COURT,401
Mass 122(1987) assault with intent to rob autrefois convict plea of
double jeopardy bar to armed robbery retrial or replea; a 12 year
prejudicially obstructed direct 89-P-440 direct appeal and related
13 year sentencing delay, with two series(first trial and second
retrial) of speedy trial violations (which Appeals Court denied extra
pages to more extensively argue).Prejudice included loss of retrial
witnesses,inability to prepare,denial of Hep "C" treatment reducing
normal life expectancy,severe anxiety,and other prejudice in record,id.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
    Yes ☐      No ☐

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

   (a)    At preliminary hearing    Eugene Lucarelli

   (b)    At arraignment and plea   not guilty   Fred Hewitt Smith

(c) At trial ~~and~~ guilty plea. __ pro se

(d) At sentencing   1/19-20/00,3/14/00 pro se sentencing then at resentencing

on 11/10/00 Attys John Swomley & Eugene Robinson

(e) On appeal ___ pro se

(f) In any post—conviction proceeding ___ pro se

(g) On appeal from any adverse ruling in a post—conviction proceeding ___ pro se

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and the same time?

Yes ☒xx      No☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes ☒         No☐     30 days in County Jail

(a) If so, give name and location of court which imposed sentence to be served in the future: ~~Wrentham~~

District Court

(b) Give date and length of the above sentence:   Sentenced sometime in
Summer 2001???   30 days County Jail

with consecutive probation

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes ☒X      No☐   Pending Superior Court Motions Court Refuses To Rule On;
                   and I hope to file certiorari petition in Supreme Court

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

AND ALLOWS RULE 6 DISCOVERY AND A
RULE 8 EVIDENTIARY HEARING With
Rule 8 (c) ASSignment/Appointment
of C.J.A. Counsel for Petitioner

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

June 18 , 2004.
    (date)

_____
Signature of Petitioner

(24)