UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

MICHAEL KEVIN DuPONT,
   Petitioner

v.    No. 04-

DAVID NOLAN,
   Respondent

04-11431 GAO

PETITIONER'S MOTION FOR ASSIGNMENT OF COUNSEL TO EXPEDITE BAIL RELEASE AND FOR NECESSARY EVIDENTIARY HEARING

   Now comes the fully exhausted a.l.l Petitioner, and to expedite a <u>ARETKE v. HALEY</u> 2004 U.S. Lexis 3235 (5/3/04) bail release hearing, and conduct the necessary evidentiary hearing in this Eighteen Ground Case, moves Hon. Judge Reginald C. Lindsay to assign C.J.A. counsel to represent Petitioner pursuant to Habeas Rule 8(c) and 18 U.S.C. §§ 3006A(b)(c), 3006A(d)(1)(3) without limitation for counsel billing in this complex case.

— 1 of 2 — (see other side →)

a./ Petitioner drafted two fully exhausted other habeas petitions in a row for which Judge Patti Saris assigned counsel, DiToro v Guarino 03-12462-PBS (DE#16 3/25/04 Collings, MJ), and Judge Gertner also assigned counsel Garrey v Hall 03-10562-NG (DE#16 (Bowler, MJ) 7/18/03) so this court can take Petitioner's word

Because an evidentiary hearing is necessary, PHOENIX V MATESANZ, 189 F3d 20 (1st Cir 1999); WILLIAMS V TAYLOR 529 US 420, 437 (2000); HAFES V COYLE 171 F3d 408, 422-429 (6th Cir 1999) Rule 8(c) counsel must be assigned, Liebman, FEDERAL HABEAS CORPUS PRACTICE AND PROCEDURE §12.3 (4th Edition 2001) and Judge Lindsay would be reversed if he denied counsel, ALFORD V UNITED STATES, 709 F2d 418, 423 (1st Cir 1983); UNITED STATES V IASIELLO 166 F3d 212, 213 n.3 (3rd Cir 1999); RONE V UNITED STATES 205 F3d 1061, 1062-1063 (8th Cir 2000); SWAZO V WARDEN 23 F3d 332, 333-334 (10th Cir 1994).

This case involves denial of counsel, without a waiver of counsel, combined with a state prison strip-cell coerced guilty plea contract negotiated by and breached by Judge Zobel, with imposition of aggravated punishment on an element Petitioner was NOT indicted for, and had no notice of, the IOWA V TOVAR 124 S.Ct. 1379 (2004) violative 12/13/99 plea transcript and certiorari petitions are attached to verify entitlement for immediate release Respectfully Requested,
June 18, 2004

Michael Kevin DuPont Pro Se