UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

MICHAEL KEVIN DUPONT            )
                Petitioner,      )
                                 )
v.                               )          Civil Action No. 04-11431-GAO
                                 )
DAVID NOLAN                      )
                Respondent.      )
_____  )

**RESPONDENT'S MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO EXHAUST STATE COURT REMEDIES**

This memorandum of law is submitted in support of the respondent's Motion to Dismiss the habeas corpus petition filed by Michael Kevin Dupont (the "petitioner"). As argued in this memorandum, the petition should be dismissed where the petitioner has failed to exhaust his available state court remedies as to grounds        of his petition. *See Rose v. Lundy*, 455 U.S. 509, 518-519 (1982). The respondent has not briefed his remaining defenses because the petitioner's failure to exhaust mandates dismissal of the entire petition.[1]

---

1 Since it is clear from the petitioner's Application for Further Appellate Review to the Supreme Judicial Court (contained in the Supplemental Answer filed with this memorandum, at Item No. 5) that the petitioner has failed to exhaust available state remedies, the respondent will not, in the interest of economy, address any additional affirmative defenses. Should this Court rule that the petitioner has exhausted his state remedies, the respondent respectfully requests thirty days from the date of receipt of this Court's order to file a supplemental memorandum which addresses the additional affirmative defenses and/or the merits of the petition.

**PRIOR PROCEEDINGS**

On April 11, 1985, a Middlesex County grand jury indicted the petitioner on one count of
unlawful possession of a firearm (No. 1985-981); one count of use of a firearm while committing a
felony (No. 982); three counts of assault by means of a dangerous weapon (firearm) (No. 983); one
count of assault and battery by means of a dangerous weapon (firearm) (No. 984); one count of
armed assault with intent to rob (No. 985); one count of armed assault with intent to murder (No.
986); and one count of armed robbery (No. 987). See S.A. II/2.

The petitioner's first trial took place before the Honorable Justice John P. Forte and a jury
in Middlesex County. S.A. II/2.  The jury found the petitioner guilty of possession of a firearm
(No. 981), ADW (No. 983), ABDW (no. 984), armed assault with intent to rob (No. 985), the
lesser-included offense of armed assault with intent to kill (No. 986), and armed robbery (No. 987).
S.A. II/2.

Justice Forte imposed pre truth-in-sentencing terms of incarceration upon the petitioner as
follows:  on No. 987 (armed robbery), he sentenced the petitioner to MCI Cedar Junction for a term
of thirty-to-forty years (S.A. II/2); on No. 981 (possession of firearm) and No. 983 (ADW), Justice
Forte imposed three-to-five year terms of incarceration (S.A. II/2); and on No. 984 (ABDW) and
No. 986 (armed assault with intent to kill), he imposed five-to-ten year terms  (S.A. II/2).  The
armed assault with intent to rob conviction (No. 985) was placed on file.  (S.A. II/2).  All sentences
were to be served concurrently with one another and with the sentence imposed on No. 987 (armed
robbery). (S.A. II/2).

The petitioner entered a timely notice of appeal.  (S.A. II/2).  On July 7, 1993, the Appeals
Court dismissed the petitioner's appeal pursuant to standing order 17A (Appeals Court No. 89-P-

440).

On June 29, 1998, the petitioner filed a motion for new trial. (S.A. II/2, pp.38-42, 191, 3, pp.399-402).  On September 3, 1998, Justice E. Susan Garsh allowed the petitioner's motion for new trial. (S.A.II/2, pp.39-42, 192).

On January 29, 1999, Attorney Kern Cleven entered his appearance as appointed counsel for the petitioner. (S.A. II/2, p.196; 3, pp.514-519).  On April 12, 1999, the Honorable Justice Hiller B. Zobel conducted a preliminary hearing to determine whether Attorney Cleven could withdraw based on the petitioner's uncooperative conduct. ( S.A. II/2, pp.197-199).

On April 20, 1999, Justice Zobel allowed Attorney Cleven's motion to withdraw, and a further hearing was conducted on whether another attorney would be appointed to the petitioner. (S.A. II/2, pp.198-202; 3, pp.538-543; 4, pp.603-633, 661-676, 694, 916-926).

On May 21, 1999, the petitioner filed a G.L. 211, § 3 petition with the Supreme Judicial Court for the appointment of counsel. (No. SJ-1999-263). (S.A. II/4, pp. 883-888).  On July 7, 1999, the Commonwealth filed a memorandum in opposition to the petitioner's G.L. c. 211, § 3 petition.  (S.A. II/4, pp. 838-888, 889-927).

At a hearing on August 3, 1999, Justice Zobel concluded that the petitioner had, by his conduct, waived his right to counsel. (S.A.II/2, pp.198-200; 4, pp.674-676).  In a separate decision issued that very same day, the Honorable Justice Roderick L. Ireland denied the petitioner's G.L. c. 211, § 3 petition for appointment of counsel (No. SJ-1999-263). (S.A. II/4, pp. 685-687, 885-886; 928-932, 710-715).

On December 13, 1999, a pretrial hearing was held immediately prior to the start of petitioner's second trial.  The petitioner entered a change of plea and after a hearing, pleaded guilty

to each indictment. (S.A. II, pp. 204-205).  The Commonwealth entered a nolle pros on the indictment for armed assault with intent to rob (No. 985). (S.A. II/2, p. 205, 4, p. 740).

Justice Zobel conducted sentencing hearings on January 19, 2000, January 20, 2000, and March 14, 2000.  On March 14, 2000, Justice Zobel imposed a conditional sentence of 30 to 40 years on Indictment No. 987 (armed robbery), and stayed the imposition of a sentence on the remaining counts.  (S.A. II/2).  Justice Zobel reserved the right to revise and revoke his conditional sentence after a determination was made on whether the petitioner was eligible to receive good time sentence credits.  (Id.)

At a further sentencing hearing before Justice Zobel on May 9, 2000, Attorney John Swomley entered his appearance on behalf of the petitioner. (S.A. II/2, p. 208, 4, p. 438).  Justice Zobel subsequently revoked his prior sentence of 30 to 40 years and the matter was set for yet another sentencing hearing. (Id.)

On August 24, 2000, Attorney Swomley filed a motion to recuse Justice Zobel as well as a motion to withdraw the petitioner's previous guilty plea. (S.A. II/4, pp. 757-759, 760-764).  Justice Zobel denied the petitioner's motion to recuse after a hearing on August 24, 2000, but reserved ruling on the petitioner's motion to withdraw his plea. (S.A. II/2).  On September 20, 2000, the Commonwealth filed a written opposition to the petitioner's motion to withdraw his guilty plea. (S.A. II/2, p.209).

At a further hearing on September 27, 2000, Attorney Swomley filed a motion to sentence the petitioner in accordance with a December 1999 agreement or to withdraw his guilty plea; this motion raised substantially the same issues as the prior motion filed on August 24, 2000. (S.A. II/2, p. 209; 4, pp. 774-792, 757-759).  No apparent action was taken on this motion. (Id.)

At the conclusion of a final sentencing hearing held on November 10, 2000, Justice Zobel sentenced the petitioner to MCI Cedar Junction for twenty years to twenty years and one day on the armed robbery conviction (No. 987), three-to-five years on the possession of a firearm and ADW convictions (No. 981 & 983), and five-to-ten years on the ABDW and armed assault with intent to kill convictions (No. 984 & 986). (S.A.II/2, p. 210). The sentences were concurrent with one another as well as the sentence imposed on No. 987 (armed robbery). (Id.)

After he imposed sentence, Justice Zobel denied the petitioner's August 2000 motion to withdraw his guilty plea. (S.A. II/2, p. 209).

On appeal, the petitioner raised seven issues: 1) that he was denied counsel without a proper waiver; 2) that his guilty plea was involuntary due to his inability to prepare a defense due to pre-trial segregation and strip cell torture; 3) that he was denied his right to withdraw his guilty plea; 4) that the judge failed to give him the required notice of his right to counsel and refused to resolve good-time and parole violation detainer disputes and therefore his guilty plea was involuntary; 5) that the judge participated in plea negotiations and then breached his promise on sentencing; 6) that cumulative errors, including denial of pre-evaluation counsel, consideration of impermissible factors, government sandbagging and counsel' conflict require that he be re-sentenced or released; and 7) that his indictments should be dismissed based on delay. On September 5, 2003, the Massachusetts Appeals Court affirmed the denial of the petitioner's motion to withdraw his guilty plea. *Commonwealth v. Dupont*, 59 Mass. App. Ct. 1102, 795 N.E.2d 12 (2003) (S.A. II/5). The petitioner's application for further appellate review, raising the same claims, was denied on January 29, 2004. *Commonwealth v. Dupont*, 441 Mass. 1101, 803 N.E.2d 332 (2004) (S.A. II/7).

On January 29, 2001, the petitioner also filed a motion for habeas corpus pursuant to

M.G.L. c. 248, § 1, in Worcester Superior Court, in which he sought re-calculation of good-time

credits.  (S.A. II/8).  Following hearings on April 3, and May 2, 2001, the court denied the

petition on May 4, 2001.  (S.A. Vol. II/8).  He appealed the denial of this petition to the Appeals

Court, raising four claims: 1) whether the superior court properly a crime committed while

incarcerated at a pre-release is a crime while "confined in a correctional institution"; 2) whether

the exclusion of statutory good time for a crime committed while incarcerated is an aggravating

element of the underlying crime of armed robbery; 3) whether Lynch, petitioner, mandates that

he be credited with statutory good time; and 4) whether the superior court properly dismissed the

petition was to the Massachusetts Parole Board.  The Appeals Court  affirmed the denial on

September 5, 2003.  *Dupont v. Commissioner of Correction,* 59 Mass. App. Ct. 908 (2003) (S.A.

II/9).  The Supreme Judicial Court thereafter denied his application for further appellate review.

*Dupont v. Commissioner of Correction*, 441 Mass. 1102, 803 N.E.2d 333 (2004) (S.A. 10-11).

On June 17, 2004, the petitioner filed the instant habeas corpus petition in this court.  The

respondent has filed an Answer and Supplemental Answer, and now files a Motion to Dismiss

for Failure to Exhaust State Court Remedies together with this memorandum of law in support of

his motion to dismiss.

## ARGUMENT

**THE HABEAS CORPUS PETITION SHOULD BE DISMISSED WHERE THE PETITIONER FAILED TO EXHAUST AVAILABLE STATE COURT REMEDIES AS TO GROUNDS ONE THROUGH SEVEN, FIFTEEN AND SIXTEEN  OF HIS PETITION.**

It is well-established that "a federal court should not consider questions posed in a habeas petition until the 'power of the highest state court in respect to such questions' has been exhausted." *Mele v. Fitchburg District Court*, 850 F.2d 817, 819 (1st Cir. 1988), *quoting United States ex rel. Kennedy v. Tyler*, 269 U.S. 13, 17 (1925).  *See Rose v. Lundy*, 455 U.S. 509, 518-19 (1982); *Adelson v. DiPaola*, 131 F.3d 259, 261-262 (1st Cir. 1997); *Dougan v. Ponte*, 727 F.2d 199, 202 (1st Cir. 1984); 28 U.S.C. §2254(b)(1)(A).  The exhaustion principle, in addition to ensuring that state courts have the first opportunity to correct their own constitutional errors made in their proceedings, enables federal courts to accord appropriate respect to the sovereignty of the states and promotes comity by "minimiz[ing] friction between our federal and state systems of justice." *Rose*, 455 U.S. at 518.  *See Duncan v. Henry*, 513 U.S. 364, 365-366 (1995); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1984); *Scarpa v. DuBois*, 38 F.3d 1, 6 (1st Cir. 1994), *cert. denied*, 513 U.S. 1129 (1995); *Mele*, 850 F.2d at 819.  *See also Ex parte Royall*, 117 U.S. 241, 251 (1886)(state and federal courts are "equally bound to guard and protect rights secured by the Constitution").

The petitioner's state habeas corpus petition pursuant to G.L. c. 248, §1 is the incorrect vehicle to attack his armed robbery conviction and sentence.  It is evident that the petitioner's state habeas petition brought pursuant to G.L. c. 248, §1 does not promote the exhaustion doctrine.  In Massachusetts, a state habeas petition is not "post-conviction or other collateral review," and it cannot provide an avenue for the exhaustion of his habeas claims, even if the petitioner had appealed

the denial of his state habeas petition.  A state habeas petition under G.L. c. 248, §1 simply does not afford that type of relief.

In Massachusetts, a petition for a writ of habeas corpus may only be properly brought by an individual who contends that "the term of a lawfully imposed sentence has expired," or by one who bases his argument on "grounds distinct from the issues at the indictment, trial, conviction, or sentencing stage." *Stewart, petitioner*, 411 Mass. 566, 568, 583 N.E.2d 854, 856 (1992), *quoting Averett, petitioner*, 404 Mass. 28, 30-31, 533 N.E.2d 1023, 1024 (1989).  *See Valliere v. Superintendent, Mass. Correctional Inst.*, 429 Mass. 1024, 1024 (1999); *Clark, petitioner*, 34 Mass. App. Ct. 191, 192, 608 N.E.2d 1060, 1061 (1993).  Where a challenge is made to a criminal conviction, based upon the validity of the indictment, trial, conviction, or sentence, a motion for a new trial or for release from unlawful restraint under Mass. R. Crim. P. 30 provides the exclusive remedy.  *See Leaster v. Commonwealth*, 385 Mass. 547, 549, 432 N.E.2d 708 (1982).  *See also McCastle, petitioner*, 401 Mass. 105, 106, 514 N.E.2d 1306, 1307-08 (1987).  In addition, "[w]here there is a right of appeal, however, habeas corpus 'cannot be employed as a substitute for ordinary appellate procedure.'" *Kauffman, petitioner*, 413 Mass. 1010, 1011, 604 N.E.2d 1285, 1287 (1992), *quoting Crowell v. Commonwealth*, 352 Mass. 288, 289, 225 N.E.2d 330 (1967).  Consequently, a petition for a writ of habeas corpus may not be used to raise issues that should have been raised on appeal (or in a Rule 30 motion for new trial), even if an appeal was not taken.  *See Kauffman, petitioner*, 413 Mass. at 1011, 604 N.E.2d at 1287.  *See also Lamb, petitioner*, 368 Mass. 491, 496, 334 N.E.2d 28, 31 (1975) (where the "alleged errors were or could have been argued" in an appeal, they may not be brought in a habeas petition); *Crystal, petitioner*, 330 Mass. 583, 591, 116 N.E.2d 255, 259-60 (absent a jurisdictional defect which voids a petitioner's commitment, the remedy of

state habeas corpus, pursuant to G.L. c. 248, §1, is precluded where the petitioner could have appealed).

Here, the issues raised by the petitioner in his state habeas petition, although they may have been framed as constitutional claims, were actually state law claims challenging the failure to the state court to grant him statutory good time credits. A state habeas petition serves only to contend that "the term of a <u>lawfully imposed</u> sentence has expired." *See Stewart, petitioner*, 411 Mass. at 568, 583 N.E.2d at 856 (emphasis added) and this is what the petitioner alleged, i.e., that had he received the good-time credits to which he was entitled, his sentence would have already expired. Because of the nature of state habeas relief, the superior court and the Appeals Court resolved the claims on state law grounds, finding that he was not entitled to immediate release.

This fundamental defect is fatal to a habeas petition. "[F]ederal habeas oversight is not a freewheeling construct. It is dependent, among other things, upon all of the claims asserted in the petition having been exhausted in the state courts." *Martens*, 836 F.2d at 717. "It would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to state courts to correct a constitutional violation." *Picard v. Connor*, 404 U.S. at 275, *quoting Darr v. Bradford*, 339 U.S. 200, 204 (1950).

In light of the petitioner's long history of litigation in both state and federal courts, (see the respondent's supplemental answer), he was well aware of the proper mechanisms in which to bring constitutional challenges of his conviction. He in fact, filed a motion to withdraw his guilty plea, in which he raised several constitutional claims, and appealed the denial of that motion to the Appeals Court and the Supreme Judicial Court. Moreover, he filed a petition for writ of certiorari in the United States Supreme Court, which was not denied until June 21, 2004. Therefore, the one

year statute of limitations under § 2244 (d)(1) will not expire until June 21, 2005 and he will have

until then to file a post-conviction motion in the state court in order to exhaust these claims.

## CONCLUSION

For the reasons set forth above, the respondent urges this Court to dismiss the habeas corpus

petition.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL


/s Susanne G. Reardon
Susanne G. Reardon
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200
BBO No. 561669


## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the attached documents was served upon
Michael Kevin Dupont, pro se, P.O. Box 100, S. Walpole, MA 02071, by first class mail, postage
pre-paid, on August 20, 2004.

/s Susanne G. Reardon
Susanne G. Reardon
Assistant Attorney General