```
                UNITED STATES DISTRICT COURT
                         FOR THE
                  DISTRICT OF MASSACHUSETTS
MICHAEL KEVIN DuPONT,            *
              Petitioner         *
                                 *
V.                               *
                                 *   No.11431-GAO
                                 *
DAVID NOLAN,                     *
              Respondent         *
                                 *
*********************************
```

PETITIONER'S FILING OF GRIEVANCE APPEAL # 4420 CONCESSION BY RESPONDENT NOLAN'S 8/3/04 EXHIBIT STIPULATING FULL EXHAUSTION OF APPRENDI-BASED BLAKELY V. WASHINGTON GROUNDS 3,6,7 AND 15 ALLOWING PARTIAL SUMMARY JUDGMENT IMMEDIATE RELEASE DECISION

Now comes the Petitioner in the above-entitled matter and files the attached August 3,2004 grievance # 4420 appel signed by respondent David Nolan conceeding and stipulating full exhaustion of grounds 3, 6, 7 and 15. This binds the state as a matter of judicial estoppel on the issue of exhaustion, Russell V. Rolfs, 893 F2d 1033,1035-1039(9th Cir 1990) and all other issues are exhausted, particularly related grounds 4 and 5, SMITH V. DIGMON,434 US 332,333-334(1978), while the June 24,2004 decision in BLAKELY V. WASHINGTON,124 S.Ct. 2531(2004) is fully applicable because certiorari was not denied until June 28,2004 in DuPont V. Maloney,Commissioner of Correction,124 S.Ct    (2004).see BEARD V. BANKS,124 S.Ct 2504,2508-2511(2004)(Conviction final on date of denial of certiorari);SCHRIRO V. SUMMERLIN,124 S.Ct 2519, 2521-2526(2004);Blakely,supra, 124 S,Ct at 2536("This case requires us to apply the rule we expressed in Apprendi").Petitioner's November 10, 2000 resentencing and its proceeding hearings on aggravated sentence factor or element all took place following the June 24,2000 decision in Apprendi V. New jersey,530 US 466(2000). The state habeas corpus proceedings also took place after Apprendi and the state Court ruled on part of the issue(legislative maximum) but not other portions(impact analysis and absence of indictment notice)

-1 of 2-

Pursuant to local rule 56.1 all the facts related to grounds 3,6,7 and 15 are in the record,basically it is undisiputed that petitioner highly disputed all custody facts(since he was not in prison,the halfway house was not staffed by officers with no DOC supervision,the sentence was void,vacated and expired 40 days before the offense as set out in grounds 4 and 5), and without any grand jury (or other) indictment notice, without trial by jury or due process hearing, and without guilty plea waiver or stipulation, respondent imposed a 3,000 days aggravated sentence based on c. 127,§ 129 element,outside judicial process; followed by state courts using c.265,§ 17 armed robbery life sentence maximum as legislative maximum without regard to the c. 127, § 129 seventeen and one half day per month maximum under the <u>Apprendi</u> impact analysis,<u>id</u>.

Because exhaustion is conceeded, this Court need only make an impact analysis decision/ruling requiring petitioner's immediate release (as of approximately 8 years ago with 3,000 days c. 127,§ 129 good time he is entitled to).

At most a 30 minute federal court hearing can resolve this issue and should be ordered in August 2004 unless this Court summarily orders petitioners release on the papers as soon as respondent files the state court record next week or the following week.

August 13,2004  
copy served onAss Atty General  
Susan Reardon  
cc.Walpole paralegal Cheryl Maher

RESPECTFULLY SUBMITTED,

*Michael Paul*  
Michael DuPont pro se  
PO Box 100  
S.Walpole,MA.02056

-2 of 2-

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE APPEAL FORM
### FORWARD TO SUPERINTENDENT

#4420

**Name** DUPONT MICHAEL

**Number** W44692  **Housing** BLOCK 1  **Institution** MCI CEDAR JUNCTION

**Appeal Date** 06-JUL-2004  **Date Of Grievance** 25-JUN-2004

**Appeal Received Date** 07-JUL-2004

**Appeal Remedy Requested**

I incorporate herein by reference my attached grievance form facts & remedies requested, with exhibits (you can keep the attached extrat copy of exhibit Court documents for your file)

**Staff Recipient Signature**

The grievance Officer and whoever she talked to lied because the absence of indictment aggravated punishment element has not been decided by state Superior or Appeals Court in my litigation. The 12 1/2 day per month additional punishment above 17 1/2 day normal sentence range was not decided by state courts who misread the Apprendi decision and June 24, 2004 Blakely case is a new decision which was not litigated before it was just published.

My attached 12/13/99 plea transcript shows no factual basis, or waiver, on element of crime in prison, and my attached indictment shows chapter 127, section 129 element was not part of charges against me.

The three million dollars for 3,000 days unlawful confinement plus one-thousand dollars per day since June 24, 2004, plus one-hundred thousand dollars chapter 258 tort claim damages are requested, plus fifty-thousand dollars for each legal department, Superintendent and Commissioner defendant is requested as punitive damages for your refusal to consider and recognize attached BLAKELY V. WASHINGTON United States Supreme Court decision that holds I cannot be imprisoned now for c.127, section 129 aggravated punishment element which state did not charge in my indictment (slip opinion pages 5, 15; O'Connor dissent page 5; Breyer dissent page 14 all nine justices agreeing on indictment element requirement). U.Mass threats to stop my hepatitis "C" medication next week, instead of ull year I need, adds damage prejudice, plus loss of work earning I should be released for.

Aucoin Ann Marie CO I

*[signatures]* 8-3-04

## DECISION BY SUPERINTENDENT

**Appeal Received Date** 07-JUL-2004  **Decision Date** 03-AUG-2004  **Decision** Denied

**Decision By** Nolan David F SUPERINTENDENT

**Reasons Signature**

The MCI-CJ Paralegal, Cheryl Maher was contacted and informed this office that the issue was already litigated in Dupont v. Commissioner, 59 Massachusetts Appellate Court 908 (2003). Further appellate review denied, 441 Mass. 1/ 02 and Certiorai denied, 124 Supreme Court on 6/28/04.

**Date**

## INMATE RECEIPT

**Inmate's Name** DUPONT MICHAEL

**Number** W44692  **Institution** MCI CEDAR JUNCTION

**Staff Recipient** Aucoin Ann Marie CO I  **Appeal Received Date** 07-JUL-2004

**Superintendent's Signature**

*[handwritten: Received Response 8/10/04 P.M. Mail — Mike Dupont]*

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM
#### FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

**Name** DUPONT MICHAEL  **Grievance#** 4420  **Institution** MCI CEDAR JUNCTION

**Commit No.** W44692  **Housing** BLOCK 1  **Date Of Incident** 20040624  **Date Of Grievance** 20040625

**Complaint**
On June 24, 2004 the United Srares Supreme Court decided actual punishment imposed within the normal range maximum, being an essential element of any stste criminal offense, such as my MGL Chapter 127, section 129 good time issues described in attached Dupont vs Commissioner No 03-10227 Supreme Court certiorari petition, incorporated herein for reference. DOC attorney David Slade knows this entitles me to 3,000 days good time, immediate release and monetary damages of more than one thousand dollars per day, MAIRENA V. FOTI, 816 F2d 1061, 1063-1064 n. 1(1987), with certificate of discharge eight years ago in 1996 on w/44692 sentence. This Federal Sixth and Fourteenth Amendment violation also concerns Mass Constitution Article 12 violations based on my never being indicted for any section 129 crime while confined in a correctional institutional institution, and my 12/13/99 plea colloquy not containing that factual basis or element. See extra copies sent to paralegal Cheryl Maher for you/DOC legal.

**Remedy Requested**
1) Issue my w/44692 certificate of discharge retroactive to 1996 with 3,000 days good-time, releasing me immediately. 2) Pay me 3 million dollars damages for unlawfully holding me 3,000 days beyound my sentence expiration, and one thousand dollars a day since 6/24/04 for intentional, malicious, wilful constitutional violation. 3) Pay me one hundred thousand dollars chapter 258 negligent tort damages for the DOC and state courts refusing to consider this issue arbitrarily or as retaliation. 3) Notify Norfolk County Jail your owing me almost 3,000 days must be credited to my 30 day consecutive sentence, Manning V. Superintendent, 372 Mass 387 (1977) so you can release me directly from Walpole as soon as possible so I can go to the beach and start legal work on the street!

**Staff Recipient** Aucoin Ann Marie  CO I

**Staff Involved**

**Signature** [signature]

*false Response by court and Because No issue my decided Blakely is a new case.*
*received 7/6/04 m[?]*

---

### RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

**Date Received** 20040630  **Decision Date** 20040701

**Signature** Aucoin Ann Marie  CO I

**Final Decision** DENIED

**Decision** This office has been informed that this matter has already been litigated.

**Signature** Ann Marie Aucoin  **Date** 7/1/04

---

### INMATE RECEIPT

**Name** DUPONT MICHAEL  **Institution** MCI CEDAR JUNCTION

**Commit No.** W44692  **Date Received** 20040630

**Signature.** Aucoin Ann Marie  CO I