UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

MICHAEL KEVIN DuPONT,    *
         PETITIONER    *
                        *
V.                        *   No.04-11431-GAO
                        *
DAVID NOLAN,    *   [Hearing Requested]
         RESPONDENT    *
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**n1/**

**PETITIONERS' VERIFIED OPPOSITION TO RESPONDENTS FRIVOLOUS NON-EXHAUSTION DISMISSAL MOTION AND CROSS-MOTION FOR A REFERRAL OF AAG SUSAN REARDON TO BBO FOR FRAUD ON COURT**

Now comes the pro se Petitioner,Michael DuPont, who was **not** served with respondents' answer or supplemental answer as of Monday August 23,2004 evening mail delivery time, but having received in Saturday August 21,2004 mail respondents' **frivolous** non-exhaustion motion/memorandum to dismiss, files the petitioners' preliminary verified opposition to such record unsupported non-exhaustion defense false position, while also filing his cross-motion for this Court [local rules adopting SJC Rule 3:10 judicial canon 3(b)(3)(B) BBO referral duty of judge noticing misconduct by lawyer] to refer Ass Atty General Susan Reardon to the Board of Bar Overseers for her disciplinary investigation, based on Reardon's fraud on this Feredal Court, described <u>infra</u>,while noting non-compliance with this Court's habeas corpus Rule 4 and Rule 5 order for full answer exhaustion document filing(which includes transcript stipulations/agreements for state habeas corpus remedy) and requesting Judge O'Toole to order Reardon to file full state habeas corpus exhaustion documents with transcripts and the criminal branch of case transcripts also !

-1-

n1/ All statements made herein are made under pain and penalty of perjury and verified by exhibits and court records, id. /s/ Michael DuPont
see pp-6 certificate of service copy on Ass Atty General Susan Reardon /

As grounds for his opposition, petitioner submits:

I. STATE HABEAS CORPUS WAS THE APPROPRIATE EXHAUSTION REMEDY FOR A CHALLENGE TO TAKING GOOD-TIME AFTER CRIMINAL SENTENCING, AND GROUNDS ONE, TWO, THREE, FOUR, FIVE, SIX, SEVEN, FIFTEEN AND SIXTEEN, WERE FULLY AND PROPERLY PRESENTED TO ALL LEVELS OF STATE COURTS:

First of all dismissal must be denied because c.127,§ 129 good-time constitutional challenges are always meant to be presented in state c.248,§§ 1,25 habeas corpus petitions, RODRIGUEZ V. SUPERINTENDENT, 24 Mass App Ct 481, 510 NE2d 286 (1987)(habeas corpus ad subjiciendum good-time release ordered); AVERETT, PETITIONER, 404 Mass 28,32, 533 NE2d 1023,1025(1989) ("We therefore conslude that individuals who establish that their lawfully imposed sentences have expired may petition for habeas corpus relief and are not limited to rule 30 postconviction relief") overruling McCastle, Petitioner, 401 Mass 105, 514 NE2d 1307(1987)(suggesting equal access to rule 30 remedy that is supposed to be equally speedy). Also see PETITION OF O'LEARY, 325 Mass 179,184, 89 NE2d 769,772(1950)("Habeas corpus is the historic remedial process whenever it appears that one is deprived of his liberty without due process of law in violation of the constitution of the United States").

In fact, a petition for a state writ of habeas corpus was considered the right remedy by Attorney David Slade who litigated, LYNCH, PETITIONER, 7 Mass App Ct 529, 389 NE2d 91 (1979) successfully on the same primary issue Petitioner DuPont litigated his state habeas corpus petition on, id. Also see state transcripts of respondents' Attorney David Slade, the state Prosecutor Tom O'Reilly, Judges Zobel and Donahue all agreeing c.248,§§ 1,25 state habeas corpus was the proper forum to litigate all constitutional challenges to taking of 3,000 days good-time which did not occur until sometime after criminal case sentencing, id.

By not filing the full habeas corpus state exhaustion record and transcripts of both criminal and habeas hearings,AAG Reardon's dismissal memorandum **"false statements of material fact and law"** violate SJC Rule 3:07,Attorney ethical canon sub-rule 3.3(a)(1) combined with violation of sub-rule 8.4(c) **"dishonesty, fraud, deceit or misrepresentation"** which amounts to **"conduct prejudicial to the administration of justice"** contravening sub-rule 8.4(d) also,id.

At page 10 of her memorandum, AAG Reardon misrepresents a June 21,2005 28 USC § 2244(d)(1) date for later exhaustion within one year of criminal plea withdrawl motion certiorari denial,while suggesting a criminal rule 30(a) motion needs to be filed by the Petitioner (since habeas corpus is wrong state remedy in her jaudiced eyes,or in her biased unethical opinion), she claims is necessary under non-exhaustion memorandum pages 7 thru 9, following omission of page 6 June 28,2004 date of certiorari denial in DuPont V. Maloney,Commissioner, 124 S.Ct 2921(6/28/04) making the June 24,2004 decision in the controlling case of BLAKELY V. WASHINGTON,124 S.Ct 2531(2004) fully applicable to these 28 USC § 2254 proceedings(which is why she chose the wrong 6/21/04 date of other plea withdrawl cert. denial to mislead Judge O'Toole). This stalling delay tactic and the unethical filing of a frivolous motion to dismiss in clearly intendended to prejudice Petitioner DuPont **whose sentences expire in March 2005(as verified by attached DOC conputations)**, which actually makes a speedy 28 USC §§ 2241,2254 decision on merits necessary within the next six months,preferably in September 2004 when motion to dismiss is summarily denied !

If Judge O'Toole was suckered into AAG Reardon's fraud and dismissed pending Petition without prejudice, then it is likely it could never be refiled after First Circuit appeal because of March 2005 sentence expiration meaning your petitioner would not be in custody which removes federal habeas corpus jurisdiction. **"For a government lawyer to file with a Court a misleading statement, the effect of which is to moot a petition for habeas corpus, is professional misconduct"**, IN RE LIGHTFOOT, 217 F3d 914,918(7th Cir 2000)(Counsel being repremanded for conduct like AAG Reardons).

More disturbing, AAG Reardons' misleading omits, what she knows from picking up Prosecutor's file and checking docket entries, including the fact that for almost two years a Middlesex Criminal Rule 30(a) Commonwealth V. DuPont motion has been pending without state court decision (for which Ass DA Peter D'Angelo recently refused to file opposition on 8/13/04 in violation of Judge Quinlan's order for opposition to be filed no later than 8/11/04), **with such Rule 30(a) motion being a copy of habeas corpus DuPont V. Commissioner, 01-P-1792 brief issues on federal and state constitutional attack on taking of 3,000 days c.127,§ 129 good-time**, id.

Attached hereto is Superior Court Judge Grabau's refusal to decide the Rule 30(a) motion on June 16,2003 based on 01-P-1792 habeas appeal then being pending, followed by Judge Quinlan's attached November 13,2003 refusal to decide the Rule 30(a) motion constitutional issues following Appeals Court DuPont V. Commissioner decision, because they were already fully litigated.

-4-

These true facts are verified by attached criminal docket entry # 554 proof of September 20,2002 filing of identical issues from habeas corpus 01-P-1792 appeal 50 page brief, verified by attached copy of Rule 30(a) motion, and the attached 01-P-1792 habeas ALOFAR to SJC #13845, which also is an exact duplicate of 01-P-1792 briefs. Attached ALOFAR proves habeas petition grounds 1,3,4,5,6,7,15 and 16 were fully and fairly presented to state courts and exhausted. Ground Two may have been mistakenly challenged by Respondent because it is the criminal 02-P-20 brief page 49 exhausted issue which was not related to AAG Reardon's habeas corpus exhaustion challenge and shall be discussed in a seperate filing this week.

Respondents motion to dismiss is patently frivolous because petitioner fairly presented his grounds to all levels of state courts and the United States Supreme Court, as well as the First Circuit, has held that presentation is all that is necessary for exhaustion because it is not necessary for a state court to actually decide the constitutional issue presented, SMITH V. DIGMON, 434 US 332,333(1978); HALL V. DiPAULO, 986 F3d 7,10-11(1st Cir 1993).

Furthermmore, the Superior Court delay of alomost two years in ruling on DE#554 Rule 30(a) motion also satisfies exhaustion to the extent it proves there are no available state remedies (while sentence expires in six months removing federal jurisdiction), HARRIS V. CHAMPION, 15 F3d 1358 (10th Cir 1994) citing ODSEN V. MOORE, 445 F2d 806,807(1st Cir 1971); TAYLOR V. HARGETT, 27 F3d 483,485(10th Cir 1994) and where state appointed counsel was denied, such obstruction also constitutes exhaustion exception, HOLLIS V. DAVIS, 941 F2d 1271, 1275(11th Cir 1991).

-5-

## II. JUDICIAL ESTOPPEL AND RESPONDENT'S PRIOR ARGEEMENT THAT STATE HABEAS CORPUS WAS APPROPRIATE POST-CONVICTION LITIGATION MEANS TO USE:

The unfiled 1/19/00[missing from Walpole property storage area], 5/9/00, 8/24/00. 9/27/00 and 11/10/00 [Denied access to Walpole stored/seized legal property over one month] Commonwealth V. DuPont transcripts Respondent must now file under Habeas Rule 5, contain Prosecutor O'Reilly's and Judge Zobel's acquiesence to c.248, §§ 1,25 habeas corpus litigation of post-11/10/00 sentence taking of 3,000 days good time, is similar to Judge Donahue agreeing habeas corpus was appropriate litigation means (Attached 4/3/01 Tr. page 5) as Respondent's Atty David Slade also agreed with Donahue later on habeas corpus being appropriate[5/4/01 Tr pages 7,22-23,28,40,45,63, 70,75-77 to be filed next week when photocpied]. This agreement was followed by the Middlesex Superior Court refusing to rule for almost two years on a criminal Rule 30(a) motion because the same issues were already fully presented and fully appealed from the state habeas corpus proceeding. See Respondent Nolan personally conceeding prior litigation exhaustion in 8/3/04 grievance appeal exhibit already filed.

AAG Reardon unethically switching to a new opposite position in her federal dismissal memorandum invokes "judicial estoppel" which applies to 28 USC § 2254 proceedings and prohibits Respondent's counsel from taking inconsistant positions **"whipsawing the petitioner back and forth between two court systems"**, RUSSELL V. ROLFS, 893 F2d 1033,1038(9th Cir 1990), particularly where only six months remains on petitioners state sentences, id.

Again, AAG Reardon misrepresenting a future need for filing a criminal Rule 30(a) motion when she knew Middlesex DE# 554 motion had already been filed almost two years ago on September 20,2002, and remains undecided because the same 50 page 01-P-1792 issues were already properly presented to Appeals Court and SJC (See ALOFAR copy attached hereto) in a habeas corpus context, misleading Judge O'Toole "is professional misconduct", IN RE LIGHTFOOT, supra, 217 F3d at 918.

### CONCLUSION

Referring AAG REardon to the BBO following a hearing and summarily denying her motion to dismiss, is:

August 24,2004 copy served on Ass AG Susan Reardon.with copy to Board of Bar Overseers with complaint.

MOST RESPECTFULLY REQUESTED

Michael DuPont pro se
Box 100
S.Walpole,MA.02071

-6-