UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

MICHAEL KEVIN DuPONT,
Petitioner

v.                                    No. 04-11431-GAO

DAVID NOLAN,
Respondent

**PETITIONER'S VERIFIED[1/] DEMAND FOR DENIAL OF RESPONDENT'S MOTION TO DISMISS, AND FOR EXPOSURE OF AAG SUSAN REARDON'S MISCONDUCT, OR FOR JUDGE O'TOOLE TO DISQUALIFY HIMSELF**

Having finally obtained 01-P-1792 record from seized stored legal property to bust lying ass Atty General Susan Reardon for her fraud on this court, now comes the petitioner and **DEMANDS** this court deny respondent's false motion to dismiss and expose AAG Reardon's misconduct in that decision or if he doesn't have the balls to publically expose Reardon targeting him as an easy mark to defraud, moves for Hon. Judge O'Toole to disqualify himself to allow a federal judge with courage to do that.

— 1 of 6 —

[1/] All statements made herin are made under pain and penalty of perjury, plus petitioner avers that on Friday 9/3/04 he used institutional mail to send 01-P-1792 briefs and appendix to law library for photocopying so he can mail them to this court by end of next week, id.

1) **STATE JUDGE DONAHUE'S RULINGS THAT HABEAS CORPUS WAS CORRECT CANNOT BE OVERRULED BY ANY FEDERAL JUDGE:**

Ethically bankrupt Ass Atty General Susan Reardon refused to file Superior Court Judge Jimmy Donahue's "FINDINGS OF FACT, RULINGS OF LAW AND ORDER OF JUDGMENT ON PETITIONER'S PETITION FOR A WRIT OF HABEAS CORPUS [01-P-1092 STATE Appendix I: 9-15] because Jimmy ruled:

"Whoever is imprisoned or restrained of his liberty may, <u>as of right</u> and of course, prosecute a writ of habeas corpus, according to this chapter, to obtain release from such imprisonment or restraint, if it proves to be unlawful... MGL c. 248, §1. Since Dupont alleges that his sentence has expired and he is being unlawfully held by the DOC, <u>he has brought the correct and accurate procedural motion to prosecute his claim</u>"

[01-P-1092 Appendix I: 13 To be filed as soon as copied next week]

2) RESPONDENT'S ATTORNEYS AND JUDGE DONAHUE'S AGREEMENT THAT MGL C. 248, §1 HABEAS CORPUS WAS THE PROPER MEANS TO EXHAUST, NOW REQUIRES DENIAL OF ANY MOTION TO DISMISS.

With respect to Shade's previously winning release for his private practice client [01-P-1392 Appendix IV: 50] Respondent's attorney David Shade's rational for why "Mr. Lynch brought the habeas corpus petition" [IV: 92 et. seq.] Followed Judge Donahue's colloquys which included:

"THE COURT: ... But let's start, first thing, it's a petition for habeas corpus, right.
THE DEFENDANT: Yes, your honor.
THE COURT: It's the correct vehicle..."

[01-P-1392 State Appendix IV: 22, excerpt of 4/3/01 transcript pages]

-3 of 6-

"THE COURT: Well, let's just move along for a moment now. Today, as I understand it, what we had scheduled was <u>a hearing on Mr. DuPont's petition for a writ of habeas corpus.</u>
MR. SLADE: <u>That's correct,</u> your Honor.
THE COURT: And the only issue before me would be whether that petition should be dismissed or whether it should be allowed.
MR. SLADE: <u>That's correct.</u>
MR. DUPONT: Yes, it is, your Honor."
[01-P-1792 State Appendix **IV: 34**, excerpt of 5/2/01 Transcript page 7]

"THE COURT: Look, what I am doing, and all <u>I am going to do in this case is treat this as a petition for habeas corpus,</u> and I am going to decide, however the facts are presented to me, whether the petition should be allowed or dismissed, that's it."
[01-P-1792 State Appendix **IV: 55**, excerpt of 5/2/01 Transcript page 28]

— 4 of 6 —

"MR. DUPONT: Your Honor, there is no appeal from a writ of habeas corpus. The statute prohibits an appeal. They may want to take one, but the case law —

MR. SLADE: If it's allowed

MR. DUPONT: There's no appeal.

MR. SLADE: If it's allowed, it's a petition for habe. If there's a declaratory judgment —

THE COURT: <u>How do these cases end up in Federal Court?</u>

MR. SLADE: That's a different matter.

MR. DUPONT: <u>If I lose —</u>

THE COURT: <u>It's an appeal of a state court decision.</u>

MR. DUPONT: <u>If I lost.</u>

MR. SLADE: One of the things that happens — —

THE COURT: Yes, Mr. Slade.

[IV:22] continued on next page ⟶

- 5 of 6 -

MR. SLADE: One of the things that happens, sometimes in a question of a habe, where the petition is allowed there's an appeal of it, is that the determination by the appellate court as to whether it was properly a habe---

THE COURT: It's only eleven o'clock, we had a nice chat... and the only thing I am going to decide is whether or not <u>the petition for habeas corpus</u> should be dismissed or should it be allowed."
[01-P-1792 State Appendix IV:72-73, excerpt of 5/2/01 Transcript Pages 45-46]

3) **FEDERAL LAW DEMANDS DENIAL OF THE UNETHICAL & FRAUDULENT MOTION TO DISMISS.**

The "right to exhaust by state habeas corpus" obviously controls this case, <u>WILWORDING V SWENSON</u>, 404 US 249, 250 (1971), <u>CASTILLE V PEOPLES</u>, 489 US 346, 351 (1989) and this court cannot require Mass. Crim. P. Rule 30 re-exhaustion, <u>CLINKSCALE V CARTER</u>, 375 F3d 430, 438-439 n.5 (6th Cir 2004).

September 3, 2004                    DEMAND FILED BY,
Copy served on
Ass't Attorney General               Michael Dutant Pro Se
Susan Reardon                        Box 100
                                     S. Walpole, MA. 02071

-6of6-