UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

MICHAEL KEVIN DuPONT,
          Petitioner

V.                                        No.04-11431-GAO

DAVID NOLAN,
          Respondent

*****************************

### PETITIONER'S THIRD DEMAND FOR RULINGS SUPPORTED BY JUDGE DONAHUE'S DECISION THAT C.248,§ 1 WAS CORRECT FOR EXHAUSTION

Now comes the Petitioner and makes his third 28 USC § 2241 demand for a speedy ruling on Respondent's fraudulent motion to dismiss which falsely asserted that MGL c.248,§ 1 was an incorrect litigation means or method for exhaustion, and, thereby left Petitioner un-exhausted.

Because Ass Atty General Susan Reardon is an expert in defrauding the federal court in habeas proceedings in other cases, Petitioner again explicitly draws Judge O'Toole's attention to state Superior Court Judge James P. Donahue's attached decision page 5 [01-P-1792 appendix I:13] that contains the presumptively correct ruling/finding that "since Dupont alleges that his sentence has expired and he is being unlawfully held by the DOC, he has brought the correct and acurate (c.248,§ 1) procedural motion to prosecute his claim", id, which the state Appeals Court did not contradict and Respondent's brief did not object to. Petition grounds 1,3,4,5,6,7,15 and 16 are, therefore, fully exhausted as shown by 01-P-1792 briefs Petitioner filed after corrupt AAG Reardon concealed them; hence the motion to dismiss must be denied !

September 12,2004 copy served on          RESPECTFULLY DEMANDED,
ASS ATT GENERAL SUSAN REARDON
cc.First Circuit Administrator &
Chief Judge William Young & BBO          _____
next week with complaint for the          Michael DuPont pro se
removal of Reardon from Federal Bar       PO Box 100
as well as state bar disciplinary action punishment for her,id.   S.Walpole,MA.02071

EXHIBIT 

## COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.

SUPERIOR COURT
CIVIL ACTION
NO. 01-0209

### MICHAEL KEVIN DUPONT

vs.

### MICHAEL T. MALONEY, Commissioner of the Department of Corrections & another[1]

### FINDINGS OF FACT, RULINGS OF LAW AND ORDER OF JUDGMENT ON PETITIONER'S PETITION FOR A WRIT OF HABEAS CORPUS

This case is before the court on Petitioner, Michael Kevin Dupont's ("Dupont") Petition for a Writ of Habeas Corpus. Dupont is currently in the custody of the Massachusetts Department of Correction ("DOC"). Dupont has now filed a Petition for a Writ of Habeas Corpus ("the Petition") arguing that he is entitled to be released. On April 3, 2001, the parties were before this court on Dupont's motion. At that time, this court instructed counsel for the DOC and counsel for Dupont[2] to comprise an agreed upon statement of facts. On May 2, 2001, the parties returned to this court unable to agree to a statement of facts. As such, this court advised the parties on May 2, 2001 that Dupont's petition and the DOC's motion for summary judgment were to be decided on the parties' affidavits and submissions. After a review of all the submissions and after listening to the arguments of the DOC and Dupont, this court finds and rules as follows.

---

[1] Shelia Hubbard, Chairperson, Massachusetts Parole Board.

[2] It should be noted that on May 2, 2001, Dupont's counsel filed a motion to withdraw appearance as counsel from this case citing an irreparable breakdown in the attorney client relationship. After notice to Dupont and an opportunity to be heard by counsel and Dupont, this court allowed said motion.



Entered & copies
mailed 5-16-01

## FINDINGS OF FACT

On October 27, 1971, Dupont was found guilty of Armed Robbery after a trial in Worcester County and sentenced to 15-30 years for this crime. On March 13, 1972, Dupont was sentenced to 3-5 years for Breaking and Entering and Larceny in Worcester County. This sentence was to be served concurrently with the October 27, 1971 sentence in Worcester County. On June 29, 1972, Dupont was tried, found guilty and sentenced to 4-7 years for Armed Robbery in Norfolk County. On September 21, 1972, Dupont was tried, found guilty and sentenced to 10-20 years for Armed Robbery in Hampden County. These Norfolk and Hampden County sentences were to be served concurrently with the 1971 sentences. The 1971 sentence and the concurrent 1972 sentences were denoted by the DOC as commitment number W-33343.

Subsequently, on November 7, 1980, Dupont was paroled on the concurrent 1971 and 1972 charges (DOC commitment number W-33343). On December 10, 1980, Dupont's parole was revoked. On December 22, 1980, Dupont was returned as a parole violator as a result of an arrest for Receiving Stolen Property, Breaking and Entering, Larceny, Possession of Burglarious Tools and Possession of a Hypodermic Needle.

On March 12, 1981, Dupont was sentenced to 3-5 years for Receiving Stolen Property; 3-10 years for Possession of Burglarious Tools; and 3-10 years for Breaking and Entering. All sentences were imposed in Worcester County and were to run "from and after sentence now serving." These 1981 convictions for crimes committed on parole were denoted by the DOC as commitment number W-38655.

On December 23, 1981, Dupont was again paroled from the 1971 and 1972 sentences (DOC commitment number W-33343) to the consecutive 1981 sentences (DOC commitment number W-38655). On May 21, 1984, Dupont was paroled from the 1981 sentences.



2



Subsequently, on June 23, 1984, Dupont was arrested in Revere, Massachusetts, and charged with Receiving Stolen Property, Possession of Drugs, and Unlawful Possession of a Firearm. On July 9, 1984, parole revocation warrants were issued for Dupont on both DOC commitment numbers W-33343 and W-38655.

On August 14, 1984, the parole violation warrant on DOC commitment number W-33343 was served and Dupont was returned to the custody of the DOC as a parole violator. The parole violation warrant on commitment number W-38655 was lodged as a detainer.

On January 22, 1985, the parole violation warrant on commitment number W-38655 was withdrawn and Dupont was returned to parole status. On February 12, 1985, Dupont was transferred to the 577 House ("577") which is a pre-release halfway house. Subsequently, on March 7, 1985, Dupont was arrested for Armed Robbery, Assault and Battery by Means of a Dangerous Weapon, Armed Assault with Intent to Kill, Carrying a Firearm without a License and Assault and Battery by Means of a Dangerous Weapon. These offenses allegedly occurred that day in Middlesex County. Thus, Dupont was returned to MCI-Walpole on commitment number W-33343 and a parole violation warrant was lodged on commitment number W-38655.

On August 28, 1986, Dupont was sentenced in Middlesex Superior Court to 30-40 years on the charge of Armed Robbery; 5-10 years on the charge of Assault and Battery by Means of a Dangerous Weapon and Armed Assault with Intent to Kill; and 3-5 years on the charge of Carrying a Firearm without a License and Assault and Battery by Means of a Dangerous Weapon. The latter two sentences were to run "from and after sentence now serving" and concurrent with the sentence of 30-40 years for Armed Robbery in Middlesex County.

On December 4, 1987, this court (Mulkern, J.), granted Dupont a motion for a new trial on the Worcester County Armed Robbery charge. Dupont plead guilty and was re-sentenced to

3




10-18 years for Armed Robbery in Worcester County (DOC commitment number W-33343). On February 4, 1988, Dupont was discharged from commitment number W-33343 (retroactive to January 26, 1985) and the sentences for the 1985 crimes were invoked retroactive to January 26, 1985.

On August 24, 1998, this court (Garsh, J.) granted a motion for a new trial on the 1985 charges and on September 29, 1998, after a bail hearing, Dupont was held in custody as a pre-trial detainee on the 1985 charges. Subsequently, on December 13, 1999, Dupont plead guilty in Middlesex Superior Court (Zobel, J.) to the seven 1985 charges for which he had originally been convicted in 1986. Sentencing was deferred. On November 10, 2000, Dupont was re-sentenced by this court (Zobel, J.) on the 1985 Armed Robbery in Middlesex County to a term of twenty years to twenty years and one day and to lesser concurrent sentences on the other six 1985 charges. All of those lesser sentences have been completed by Dupont.

In calculating Dupont's sentence on the 1985 Armed Robbery in Middlesex County, the DOC has credited Dupont with 5,767 days served from January 26, 1985 to his November 10, 2000 re-sentencing. By applying 5,767 days of credit to the November 10, 2000 sentencing date, the DOC calculates an effective date of sentence of January 26, 1985 and a maximum term of January 26, 2005. From the date of January 26, 2005, the DOC has deducted 5 days of earned good time, resulting in a January 21, 2005 date of discharge from the sentence for the 1985 Armed Robbery in Middlesex County. A parole violation warrant for the 1981 sentences is lodged as a detainer to be served upon completion of the Armed Robbery sentence.[3]

---

[3] It should be noted that counsel for the Parole Board has represented to this court that he has expressed to the Parole Board that this detainer should be removed. While counsel makes this representation, this court is cognizant of the fact that it is ultimately within the jurisdiction of the Parole Board to make such determination.



4

The DOC contends that if Dupont is found to be entitled to statutory good time on the 1985 Armed Robbery in Middlesex County, then he would be discharged from that sentence as of November 4, 1996.

## RULINGS OF LAW

Summary judgment is appropriate when no material facts are in dispute and the moving party is entitled to judgment as a matter of law. Mass. R. Civ. P. 56 (c); Highlands Ins. Co. v. Aerovox, Inc., 424 Mass. 226, 232 (1997). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and showing that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a material fact in order to defeat the motion. Pederson, 404 Mass. at 17.

"Whoever is imprisoned or restrained of his liberty may, as of right and of course, prosecute a writ of habeas corpus, according to this chapter, to obtain release from such imprisonment or restraint, if it proves to be unlawful. . . ." G. L. c. 248 § 1. Since Dupont alleges that his sentence has expired and he is being unlawfully held by the DOC, he has brought the correct and accurate procedural motion to prosecute his claim.

Dupont makes two main arguments with respect to the Petition. First, Dupont argues that he was not serving a sentence on March 7, 1985 because pursuant to the December 4, 1987 reduction of his sentence by Judge Mulkern, his sentence would have expired on January 26, 1985, approximately six weeks before the 1985 crimes were committed. As such, Dupont argues that his good time credit should not be forfeited for his current sentence. Second, he contends that even if he was serving a sentence on March 7, 1985, he was not "confined in a correctional

5



institution of the Commonwealth" since he was living at the 577 pre-release halfway house. G. L. c. 127 § 129, provides in pertinent part,

> If, during the term of imprisonment of a prisoner confined in a correctional institution of the commonwealth, such prisoner shall commit any offense of which he shall be convicted and sentenced, he shall not be entitled to any deductions hereunder from the new sentence or sentences of imprisonment. A prisoner released on parole by the parole board, who has failed to observe all the rules of his parole violation of his parole, shall not receive deductions described in this section until he has served six months following his return to the correctional institution.

The crux of the DOC's argument is that on March 7, 1985, Dupont was incarcerated as a prisoner and therefore should receive no statutory good time for the sentence that he is currently serving. It is clear that Dupont was a resident of 577 on March 7, 1985 serving his sentence for Armed Robbery in Worcester County from 1971. Statutory credits for good time "are forfeited upon the occurrence of two events: (1) the commission of an offense by the prisoner, and (2) the subsequent conviction and sentence therefor. It is clear that the forfeiture is intended to penalize the prisoner for the commission of the offense." Patrick v. Commissioner of Correction, 352 Mass. 666, 668 (1967).

Dupont contends that his reduction of sentence issued on December 4, 1987 resulted in a retroactive release date of January 26, 1985. This reduction was on the 1971 Armed Robbery conviction in which his sentence was reduced from 15-30 years to 10-18 years. Dupont further contends that the reduction caused a 40 day gap between his release date of the 1971 Armed Robbery and the commission of the March 7, 1985 crimes. Dupont argues that because of the reduction of sentence on the 1971 Armed Robbery conviction, he was not serving a sentence on March 7, 1985 when he committed the crimes and therefore should not be held to have forfeited his statutory good time.



6

Massachusetts appellate authority holds that a sentence may be voidable for error, but not void until reversed through the legal process. See Lynch, petitioner, 379 Mass. 757, 760 (1980), citing, Lewis v. Commonwealth, 329 Mass. 445, 448 (1952). Dupont argues that he was serving an illegal sentence on March 7, 1985. However, it is clear that Dupont's sentence was in "full force and effect" at the time that he committed the crimes on March 7, 1985. It was not until December 4, 1987 that the sentence was revised and retroactively applied. Therefore, Dupont was incarcerated at the time he committed the Armed Robbery in 1985.

Dupont also argues that a crime committed while at 577 is not a crime committed while "confined in a correctional institution of the commonwealth." In Nimblett v. Commissioner of Correction, 20 Mass. App. Ct. 988, 989 (1985), the Appeals Court held that "a person permitted to be outside the physical confines of a State correctional institution on a work-release program. . . must be taken to be 'confined in a correctional institution of the commonwealth.'" Dupont asserts that he was not "confined in a correctional institution of the commonwealth" since 577 was not staffed by DOC employees. Based on Nimblett, this argument fails.

## ORDER OF JUDGMENT

For the foregoing reasons, Petitioner, Michael Kevin Dupont's Petition for a Writ of Habeas Corpus is **DENIED** and the Department of Correction's motion for summary judgment is **ALLOWED**.

James P. Donohue
Justice of the Superior Court

DATED: May 4, 2001




# Commonwealth of Massachusetts
## County of Worcester
## The Superior Court

CIVIL DOCKET# **WOCV2001-00209**

Michael Kevin Dupont
vs.
Michael T. Maloney Commissioner of the Department of Corrections and another

## SUMMARY JUDGMENT M.R.C.P. 56

This action came on to be heard before the Court, James P. Donohue, presiding, upon motion of the defendant(s), Michael Maloney Commissioner, Sheila Hubbard Chairperson, for Summary Judgment pursuant to Mass. R. Civ. P. 56- the parties having been heard - and the Court having considered the *pleadings and affidavits, finds there is no genuine issue as to material fact and that the defendant is entitled to a judgment as a matter of law,

It is **ORDERED and ADJUDGED**:

That the Complaint of the Plaintiff (s), Michael Kevin Dupont be and hereby is **DISMISSED** against the Defendant (s), Michael Maloney Commissioner, Sheila Hubbard Chairperson, with costs.

Dated at Worcester, Massachusetts this 11th of May, 2001.

Loring P. Lamoureux,
Clerk of the Courts

By: *Karen A. Zona*
Assistant Clerk

Entered &
copies mailed 05/16/2001

(15A)   (15A)

cvdjud56d_1.wpd  800567  mot12b  zollomr