UNITED STATES   DISTRICT COURT
FOR   THE
DISTRICT OF MASSACHUSETTS

MICHAEL KEVIN DuPONT,          *
      PETITIONER          *
                          *
V.                             *   No. 04-11431-GAO
                          *
DAVID NOLAN,                   *
      RESPONDENT          *

***************************

BLAKELY V. WASHINGTON,124 S.Ct 2531(2004)LEGAL GROUND MOTION
FOR IMMEDIATE BAIL AND NOTICE OF COMPLAINT AGAINST   JUDGE
O'TOOLE FOR UNTIMELY RULINGS AND COVERING UP FOR PROSECUTORS

               Now comes the unlawfully imprisoned Petitioner,
citing Judge O'Toole's principle of "enough is enough",US V. NORTH,
98-10176-GAO (3/10/00 transcript page 138), and, where Petitioner's
sentence expires in three months after having served eight years
excessive time over wrap up due to pending APPRENDI-type violation
of the rules of BLAKELY V. WASHINGTON,124 S.Ct.2531(2004),especially
the state Court's decision being contrary to the Apprendi-Blakely
"impact analysis",UNITED STATES V. MUFFLEMAN,327 F.Supp2d 79,88-89
(D.Mass 2004), Petitioner, for a third time, moves for immediate
bail release under the Blakely bail decision in UNITED STATES V.
CASTRO,382 F3d 927,929(9th Cir 2004) (see former Docket entries#8,
#19,#21), and in relation thereto attaches an advance copy of his
12/6/04 letter complaint to the First Circuit Aministrator which
concerns Judge O'Toole's pattern of untimely rulings in many other
case, and in particular Judge O'Toole's specifically covering-up
for unethical Ass.Atty.General Susan Rearon in this case and his
18 USC § 2 aiding and abetting her fraudulent obstruction of
justice conspiracy with state prosecutors Judge Quinlan is also
covering up for(see attached exhibit state DE#597,#598) by Judge
O'Toole failing to refer her to the Board of Bar Overseers and
delaying rulings in a joint venture conspiracy to moot the habeas
excessive sentence grounds(DE#20,#23,#25,#26,#27,#28,#29,#30,#31-36).
IF not immediately released on bail,petitioner shall lawfully impose
sanctions using first amendment rights to make Judge O'Toole work
much harder by providing massive pro bono assistance to O'Toole's
other litigant victims upon release anyway in March 2005 !

November 25,2004                    SUBMITTED BY,
Copy served on corrupt and
unethical AAG Susan Reardon
cc. State Court files               Michael DuPont Pro Se
                                 PO Box 100
                                 S.Walpole,MA.02071

28 V USC § 353

lazy clerk did not docket this SO withdraw my number — V. Paunhel 1/12/05 APPROVED

Submitted Aug. 3, 2004.*

Memorandum Disposition
Filed Aug. 13, 2004.

Memorandum Disposition Withdrawn
Aug. 27, 2004.

Filed Aug. 27, 2004.

**Background:** Defendant was convicted in the United States District Court for the Central District of California, Gary L. Taylor, J., of conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine. Defendant appealed.

**Holding:** The Court of Appeals held that remand for consideration of defendant's sentence was warranted.

Ordered accordingly.

**Criminal Law ⚖=1181.5(8)**

Remand for consideration of defendant's sentence was warranted, where enhanced sentence imposed on basis of judge-found facts violated Sixth Amendment, cases further addressing that issue were pending before Supreme Court, and defendant would have already completed, or nearly completed, serving his sentence if his sentence had been based only on facts that were found by jury. U.S.C.A. Const.Amend 6.

H. Dean Steward, San Clemente, CA, for the defendant-appellant.

Debra W. Yang, Steven D. Clymer, and Beverly Reid O'Connell, Los Angeles, CA, for the plaintiff-appellee.

Appeal from the United States District Court for the Central District of California, Gary L. Taylor, District Judge, Presiding. D.C. No. CR-89-00093-GLT-01.

Before REINHARDT, KOZINSKI, and CLIFTON, Circuit Judges.

PER CURIAM:

Juan Benito Castro appeals, asserting both that there was a fatal variance between the indictment and the facts presented at trial and that his re-sentencing was unconstitutional because it was based on facts that were found by the district judge, not a jury.[1] We reject his fatal variance claim and affirm his conviction in a separate memorandum disposition filed concurrently herewith.

In *United States v. Ameline*, 376 F.3d 967 (9th Cir.2004), we held that *Blakely v. Washington*, — U.S. —, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), applied to the United States Sentencing Guidelines and, thus, the imposition of an enhanced sentence on the basis of judge-found facts violates the Sixth Amendment. After we decided *Ameline*, but prior to the submission of this case, the Supreme Court granted certiorari in *United States v. Booker*, 375 F.3d 508 (7th Cir.2004), *cert. granted*, — U.S. —, — S.Ct. —, — L.Ed.2d — (2004) (No. 04-104), and *Fanfan v. United States*, No. 03-47, 2004 WL 1723114 (D.Me. June 28, 2004), *cert. granted*, — U.S. —, — S.Ct. —, — L.Ed.2d —, 73 U.S.L.W. 3074 (U.S. Aug. 2, 2004) (No. 04-105). Both of these cases deal with the same sentencing issues that we decided in *Ameline*.

As we recognized in *Ameline*, "the *Blakely* court worked a sea change in the body of sentencing law." 376 F.3d at 973. Whatever the outcome of the Supreme Court proceedings in *Booker and Fanfan*, those decisions will likely have a profound impact upon our disposition of sentencing issues in direct criminal appeals and will certainly affect the continued vitality of *Ameline*. Accordingly, in a case in which the defendant appeals both his conviction and his sentence, if we decide to affirm the conviction and if the sentence imposed implicates *Blakely or Ameline*, we would ordinarily withhold our decision until the Court decides *Booker and Fanfan*.[2] See, e.g., *Comer v. Stewart*, 312 F.3d 1157, 1158 (9th Cir.2002) (holding reserving our decision in a relevant case). Similarly, if we have already issued our decision in such a case, but have not yet issued the mandate, we would ordinarily stay further proceedings. *See, e.g., Pizzuto v. Arave*, 280 F.3d 1217 (9th Cir. 2002) (staying the mandate pending the

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

1. In *Castro v. United States*, 531 U.S. 1063, 121 S.Ct. 751, 148 L.Ed.2d 654 (2001) (mem.), the Supreme Court vacated under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), our opinion in *United States v. Castro*, 229 F.3d 1159

(9th Cir.2000) (table). On remand, we reinstated our previous opinion with the exception of the portion that affirmed Castro's life sentence and remanded for further proceedings. *United States v. Castro*, 35 Fed.Appx. 553 (9th Cir.2002) (mem.). The district court re-sentenced Castro to a total of 420 months in prison.

2. If we decide to reverse the conviction, there would be no need to reach the sentencing issue, and we would proceed in the normal course.

3. In *Ameline*, we held that we are not precluded from addressing *Blakely* issues even when a defendant raises them for the first time after the case is submitted. 376 F.3d at 972-74. Although we have the authority to raise and consider such sentencing issues sua sponte, it would be appropriate for parties with pending cases to inform this court by letter at any time, jointly or severally, when a potential *Blakely or Ameline* issue exists, or when particular circumstances warrant action on our part prior to the Supreme Court



Supreme Court's decision in a related case).

Here, however, circumstances prompt us to act on the sentencing issues at this point, instead of staying proceedings pending the Court's decisions in *Booker and Fanfan*. Had Castro's sentence been based only on the facts that were found by the jury and not on those found by the district judge, he would have already [served his sentence] ...

Accordingly, Castro's sentence is REMANDED for such further proceedings as the district court deems appropriate under the circumstances.

The mandate shall issue forthwith.

---

decisions. We note with approval that Castro filed a letter advising this court that his sentencing was affected by *Blakely*. Absent particular circumstances warranting earlier action, a motion to file a supplemental brief or a supplemental petition raising *Blakely* or *Booker or Ameline* issues will ordinarily be denied without prejudice to renew following the Supreme Court's decisions. A petition for panel rehearing or for rehearing en banc raising *Blakely or Ameline* issues will also likely be held in abeyance in most cases. If further proceedings have been stayed, no such motion need be filed until the stay expires or is terminated. If no stay has been issued, either party may request that one be entered.

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

INDICTMENT NO.
85-00987

### COMMONWEALTH

### VS.

### MICHAEL DuPONT
#### DEFENDANT

### ORDER ON COMMONWEALTH'S MOTION TO ENLARGE TIME, DEFENDANT'S OPPOSITION AND DEFENDANT'S MOTION FOR RELEASE UNDER MRCP 30(A)

The Commonwealth's Motion to Enlarge Time to file an opposition to the defendant's Motion for Release under MRCP 30(A). The Defendant has filed an opposition which is abusive and degrades the administration of justice and derogates from the authority and dignity of the court. [See paper numbered 597]. Consequently, pursuant to the inherent power of the court, the court ORDERS that the defendant be sanctioned as follows:

THE DEFENDANT'S MOTION FOR RELEASE UNDER MRCP 30(A) IS DENIED WITHOUT A HEARING AND WITH PREJUDICE AS A SANCTION FOR THE CONTEMPT OF THE COURT AND THE COMMONWEALTH AS REFLECTED IN THE DEFENDANT'S PRELIMINARY OPPOSITION ... [TO THE COMMONWEALTH'S] MOTION FOR TIME EXTENSION ... .

No action need be taken on the Commonwealth's Motion to Enlarge Time since the issue is moot.

Regina L. Quinlan
Associate Justice of the Superior Court

Date:  October 18, 2004

C98

3.) The STATE COURTS REFUSED TO APPLY the APPENDI IMPACT ANALYSIS from 9/20/02 Rule 30(a) DE#55H MOTION AND 01-P-1792 briefs, but BLAKELY v WASHINGTON 124 S. Ct. 2531 (2004) won, AND BLAKELY merely REAFFIRMED the Right TO 1996 IMMEDIATE RELEASE IN THIS CASE AND 8 YEARS of UNLAWFUL IMPRISONMENT.

4.) ANY FURTHER DELAY THREATENS TO KILL DEFENDANT DUPONT who HAS just been DENIED HEPATITIS "C" peg-INTRON MEDICATION this week, OR INCREASE MIDDLESEX COUNTY TAXPAYERS $ DAMAGES $ TO DUPONT by AT LEAST ONE-HUNDRED THOUSAND DOLLARS!

## CONCLUSION

The COMMONWEALTH HAS NOT RESPONDED IN 23 MONTHS SO THIS COURT SHOULD NOT ALLOW PATHETIC LYING ADA D'ANGELO A 24th MONTH OF DELAY

Respectfully Submitted,

8/18/04 copy
Served oN
ADA Peter D'Angelo

Michael Kevin DuPont Pro se
P.O. BOX 100
—3 of 3—  S. WALPOLE, MA 02071

Michael Kevin DuPont w/44692
P.O. Box 100
S. Walpole, MA. 02071
December 6, 2004

First Circuit Administrator  GARY Wente
ONE Courthouse WAY (Suite 3700)
BOSTON, MA. 02210

Chief Judge William Young
ONE Courthouse WAY  (Suite 5210)
BOSTON, MA. 02210

RE: <u>BIVENS NOTICE AND COMPLAINT AGAINST
JUDGE GEORGE O'TOOLE IN DuPont V.
NOLAN</u> 04-11431-GAO FOR U.S. FAILURE TO
ADEQUATELY TRAIN + SUPERVISE O'TOOLE AND
HIS PATTERN OF NEGLIGENT UNTIMELY RULINGS
AND BIASED COVERING UP FOR PROSECUTOR'S
28 USC § 372 JUDICIAL COUNSEL MISCONDUCT complaint
Chief Judge Young AND Circuit Administrator

        AS Supreme Court Justices Douglas STEVENS,
AND Blackmun OFTEN wrote, <u>Justice delayed
is Justice Denied</u>!

        My 20 year MARCH 1985 sentence expiring
in MARCH 2005, with 3,000 DAYS AGGRAVATED punishment
TAKING of good Time for ch. 127 § 129 element of
A CRIME IN A CORRECTIONAL INSTITUTION which WAS
NOT IN my INDICTMENT AND NOT IN PLEA colloquy
which I CONTESTED = <u>Blakely</u> VIOLATION, is being Ignored
        -1of 2- (see other side Please →

by PRO GOVERNMENT BIASED ANd LAZY Judge O'Toole, whose Lawyers weekly webSite DATA shows has NEVER GRANTED A 28 USC § 2254 HABEAS PETITION IN the PAST 2 years, ANd whose docket entries IN MANY other cases shows PATTERN OF UNTIMELY LATE Rulings IN CRIMINAL ANd HABEAS CORPUS CASES.

My ATTAched 04-11431-GAO docket entries show A dozen UNRuled ON MOTIONS ANd O'TOole's FAILURE To Correct PROSECUTORIAL MISConduct As SET out IN my 11/25/04 Third REQUEST For bAIL. All of my supporting exhibits were FILED MONTHS Ago ANd IT doesN'T TAKE A ROCKET SCIENTIST To ComPARE The HABEAS PETITION SUPPORTING FACT PAGE CITATIONS To STATE COURT RECORD To RuLE I'm fully exhausted ANd The BLAKELY V WASHINGTON, 124 S.Ct. 2531 (2004) issue is A NO BRAINER SINCE I FILED my 12/13/99 PLEA TRANSCRIPT, APRIL 1985 INdictment ANd GRANd Jury MINUTES showing the Absence of AGGRAvATED PUNISHMENT element INdictment OR PLEA COLLOQUY AdMISSION. PLUS, the RECORD shows I WAS NOT "IN" HALFway house ANd HALFway house did NOT MEET STATUTORY REQuiREMENTS So I did NOT COMMIT CRIME "CONFINED IN A CORRECTIONAL FACILITY," PLUS, PLUS My SENTENCE expired 40 days BEFORE dATE of CRIME.

AnyWAY, The UNITED STATES - you, have BEEN NEGLIGENTLY SUPERVISING UNTRAINED Judge O'Toole ANd I REQuEST HE be INVESTIGATED, PLUS BIVENS dAMAGES for MORE THAN SIX MONTHS IMPRISONMENT ($100,000.00 OR MORE) THAT I would have BEEN FREE IF HE READ my CASE ANd MADE TIMELY Rulings. PLEASE TRANSFER My CASE To A TRAINED experienced Judge ASAP!
                            SINCERELY,
        -2 of 2-          Mike W Paul

# COMMONWEALTH OF MASSACHUSETTS

## DEPARTMENT OF CORRECTION

### INMATE GRIEVANCE APPEAL FORM

### FORWARD TO SUPERINTENDENT

| | | | | | |
|---|---|---|---|---|---|
| **Name** | DUPONT MICHAEL | | | **Institution** | MCI CEDAR JUNCTION |
| **Number** | W44692 | **Housing** | BLOCK 1 | **Appeal Date** | 06-JUL-2004 |
| | | | | **Date Of Grievance** | 25-JUN-2004 |
| | | | | **Appeal Received Date** | 07-JUL-2004 |

**Appeal**

I incorporate herein by reference my attached grievance form facts & remedies requested, with exhibits (you can keep the attached extrat copy of exhibit Court documents for your file)

The grievance Officer and whoever she talked to lied because the absence of indictment aggravated punishment element has not been decided by state Superior or Appeals Court in my litigation. The 12 1/2 day per month additional punishment above 17 1/2 day normal sentence range was not decided by state courts who misread the Apprendi decision and June 24, 2004 Blakely case is a new decision which was not litigated before it was just published.

My attached 12/13/99 plea transcript shows no factual basis, or waiver, on element of crime in prison, and my attached indictment shows chapter 127, section 129 element was not part of charges against me.

**Remedy Requested**

The three million dollars for 3,000 days unlawful confinement plus one-thousand dollars per day since June 24, 2004, plus one-hundred thousand dollars chapter 258 tort claim damages are requested, plus fifty-thousand dollars for each legal department, Superintendent and Commissioner defendant is requested as punitive damages for your refusal to consider and recognize attached BLAKELY V. WASHINGTON United States Supreme Court decision that holds I cannot be imprisoned now for c.127, section 129 aggravated punishment element which state did not charge in my indictment (slip opinion pages 5, 15; O'Connor dissent page 5; Breyer dissent page 14 all nine justices agreeing on indictment element requirement). U.Mass threats to stop my hepatitis "C" medication next week, instead of ull year I need, adds damage prejudice, plus loss of work earning I should be released for.

**Staff Recipient**    Aucoin Ann Marie   CO I

**Signature**

---

## DECISION BY SUPERINTENDENT

| | | | | | | |
|---|---|---|---|---|---|---|
| **Appeal Received Date** | 07-JUL-2004 | **Decision Date** | 03-AUG-2004 | **Decision** | DENIED |

**Decision By**    Nolan David F  SUPERINTENDENT

**Reasons**

**Signature**

The MCI-CJ Paralegal, Cheryl Maher was contacted and informed this office that the issue was already litigated in Dupont v. Commissioner, 59 Massachusetts Appellate Court 908 (2003). Further appellate review denied, 441 Mass. 1/ 02 and Certiorai denied, 124 Supreme Court on 6/28/04.

11/18/04 - In accordance with 103 CMR 491, I have reviewed grievance/grievance appeal #4420.

Please be advised that I support the Superintendent's decision to deny your grievance, as I concur with the institutional summary of findings.

*Kristie Ladouceur*
Kristie Ladouceur
Department Grievance Coordinator

| | |
|---|---|
| | **Date** |



THE COMMONWEALTH OF MASSACHUSETTS
COMMISSION ON JUDICIAL CONDUCT
14 BEACON STREET    SUITE 102
BOSTON, MASSACHUSETTS 02108
(617) 725-8050
FAX (617) 248-9938

January 4, 2005

Mr. Michael Kevin DuPont
P.O. Box 100
South Walpole, MA 02071

Re: **Complaint Number 2004-764**

Dear Mr. DuPont:

    This will acknowledge receipt of your complaint against
Judge Regina L. Quinlan.   Your complaint has been screened and
will be looked into.

    The Commission's statute provides that its proceedings are
confidential unless and until such time as formal charges and the
judge's response thereto are filed with the Supreme Judicial
Court.   Therefore, it is possible that you will not at certain
stages be aware of the action of the Commission with respect to
your complaint.   You will be informed of the disposition.

                        Sincerely,

                        Tina Fisher
                        Staff Attorney

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX SS.          SUPERIOR COURT DEPT.
                       NOS. 85-981 thru 85-989
COMMONWEALTH

V.                     EXHIBIT

MICHAEL DUPONT

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX

AUG 2 3 2004

_____ J. _____
CLERK

PRELIMINARY OPPOSITION TO LYING
PROSECUTOR D'ANGELO'S FALSE MOTION
FOR TIME EXTENSION TO TWO YEAR
DELAY FROM RULE 30(a) 9/20/02 MOTION

Now comes the UNLAWFULLY $1,000
confined defendant with
per day damages accruing against
the Commonwealth, AND opposes
Lying Prosecutor D'Angelo's 8/12/04
mailed/served motion for another
month extension to oppose the
9/20/02 DE #554 Rule 30(a) motion
that has been pending for almost
two years, in violation of Judge
Quinlan's 7/2/04 DE #592 order
for the Commonwealth opposition
To be filed no later than
August 13, 2004.

— 1 of 3 —

591



**COMMONWEALTH OF MASSACHUSETTS**
**COMMISSION ON JUDICIAL CONDUCT**
14 BEACON STREET SUITE 102
BOSTON, MASSACHUSETTS 02108
Phone: (617) 725-8050
Fax: (617) 248-9938

*EXHIBIT*

## COMPLAINT FORM

CJC Complaint No. _____

This form is designed to provide the Commission with the information to screen your complaint and to begin an investigation of your allegations. Please read the accompanying materials on the Commission's function and procedures before filling out this form. ONLY ONE JUDGE MAY BE COMPLAINED OF ON EACH FORM.

### PLEASE TYPE OR PRINT CLEARLY ALL INFORMATION

Your name      Michael Kevin DuPont

Address        P.O. Box 100
South Walpole, MA.      Zip Code 02071

Daytime telephone _____

Name of judge      Regina Quinlan

Court      Middlesex Superior Court

Case name      Commonwealth v DuPont

Docket number      85-981 thru 85-989

Attorneys involved   Asst. District Attorney Peter D'Angelo
1980's + 1990's +
Date(s) of misconduct   September 2002 thru October 2004, 11/13/03 and 10/18/04

Has an appeal been filed?   Yes 04-P-1487

A summary of the general nature of your complaint: S.J.C. Rule 3:09 Violations include, denial of any fair opportunity to be heard and Quinlan covering up for prosecutor, Canon 3(B)(7) and not being knowledgeable of law, Canons 2(A), 3(B)(2) And because Atty Grossberg + others told me before that Judge Quinlan was a biased ~~Lesbian deviant~~ who used to have a romantic relationship with former Head of Attorney General's Criminal Bureau Barbara A.H. Smith, And other lawyers + court officers verified that and also said Quinlan was dating former prosecutor, now Judge, Margot Botsford in the past. I ask you to investigate her relationships with prosecutors making her own as a judge due to her pro government bias ?!?/////

*EXHIBIT*

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:04-cv-11431-GAO
### Internal Use Only

DuPont v. Nolan
Assigned to: George A. O'Toole Jr.
Referred to:
Demand: $
Lead Docket: None
Related Cases: None
Case in other court: None
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 06/17/04
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: Federal Question

**Petitioner**
-----------------------

**Michael Kevin DuPont**          represented by   **Michael Kevin DuPont**
                                                   MCI Cedar Junction
                                                   P.O. Box 100
                                                   South Walpole, MA 02071
                                                   PRO SE

V.

**Respondent**
-----------------------

**David Nolan,** *Superintendent*   represented by   **Susanne G. Reardon**
                                                     Attorney General's Office
                                                     One Ashburton Place
                                                     18th Floor
                                                     Boston, MA 02108
                                                     617-727-2200
                                                     Fax : 617-727-5755
                                                     Email:
                                                     susanne.reardon@ago.state.ma.us
                                                     *ATTORNEY TO BE NOTICED*

| Filing Date | # | Docket Text |
|---|---|---|
| 06/17/2004 | ●1 | MOTION for Leave to Proceed in forma pauperis by Michael Kevin DuPont.(Jenness, Susan) (Entered: 06/23/2004) |
| 06/17/2004 | ●2 | PETITION for writ of habeas corpus pursuant to 28:2254 , filed by Michael Kevin DuPont.(Jenness, Susan) (Entered: 06/23/2004) |

| 06/17/2004 | ● | If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Bowler. (Jenness, Susan) (Entered: 06/23/2004) |
| 06/17/2004 | ●3 | MOTION to Assignment of Counsel to Expedite Bail Release and for Necessary Evidentiary Hearing by Michael Kevin DuPont. (Weissman, Linn) Additional attachment(s) added on 6/28/2004 (Jenness, Susan). (Entered: 06/25/2004) |
| 06/23/2004 | ● | Case undergoing preliminary screening (Jenness, Susan) (Entered: 06/23/2004) |
| 06/24/2004 | ●4 | Judge George A. O'Toole Jr.: SERVICE ORDER entered re: 2254 Petition. Order entered pursuant to R.4 of the Rules governing Section 2254 cases for service on respondents. Answer/responsive pleading due w/in 20 days of rcpt of this order. cc/cl(Weissman, Linn) (Entered: 06/25/2004) |
| 06/24/2004 | ●5 | Judge George A. O'Toole Jr.: ORDER entered granting 1 Motion for Leave to Proceed in forma pauperis. cc/cl (Weissman, Linn) (Entered: 06/25/2004) |
| 06/24/2004 | ●6 | Judge George A. O'Toole Jr.: ORDER entered denying 3 petitioner's motions for appointment of counsel and for an evidentiary hearing without prejudice to the re-filing of these motions after the respondent has filed a responsive pleading to the petition.cc/cl (Weissman, Linn) (Entered: 06/25/2004) |
| 06/28/2004 | ● | Documentation attached to motion No. 3 for appointment of counsel is not scannable however is attached in hard copy to motion. (Jenness, Susan) (Entered: 06/28/2004) |
| 07/02/2004 | ●7 | MOTION for Reconsideration of Counsel Assignment on July 19, 2004 and to Deny Respondent's Time Extensions or to Transfer Case to Judge Lindsay by Michael Kevin DuPont.(Barrette, Mark) (Entered: 07/08/2004) |
| 07/02/2004 | ●8 | EXHIBIT by Michael Kevin DuPont.***Too large to scan*** (Barrette, Mark) Additional attachment(s) added on 7/8/2004 (Barrette, Mark). (Entered: 07/08/2004) |
| 07/02/2004 | ●9 | Verified MOTION for Bail Hearing and to Expedite Bail Release Based Upon Blakely v. Washington, 124 s. Ct. (2004) ***Attachments too large to be Scanned*** by Michael Kevin DuPont.(Barrette, Mark) (Entered: 07/08/2004) |
| 07/06/2004 | ● | Return receipt received for mail sent to Ms. Cathryn A. Neaves |

| | | Delivered on 6/29/2004 (Barrette, Mark) (Entered: 07/06/2004) |
|---|---|---|
| 07/06/2004 | 🌑 | Return receipt received for mail sent to Mr. David Nolan Delivered on 6/29/04 (Barrette, Mark) (Entered: 07/06/2004) |
| 07/15/2004 | 🌑12 | Document(s) submitted by Michael Kevin DuPont received for filing. Document received: State Appellee's Brief. (Barrette, Mark) (Entered: 07/21/2004) |
| 07/16/2004 | 🌑10 | MOTION for Extension of Time to 8/11/04 to File Answer *to habeas corpus petition* by David Nolan.(Reardon, Susanne) (Entered: 07/16/2004) |
| 07/16/2004 | 🌑11 | MOTION for Extension of Time to 8/11/04 to File Answer *to habeas corpus petition* by David Nolan.(Reardon, Susanne) (Entered: 07/16/2004) |
| 08/06/2004 | 🌑13 | MOTION for Extension of Time to 8/20/04 to File Answer re 2 Petition for writ of habeas corpus (28:2254) by David Nolan. (Reardon, Susanne) (Entered: 08/06/2004) |
| 08/09/2004 | 🌑 | Judge George A. O'Toole Jr.: Electronic ORDER entered granting 10 Motion for Extension of Time, until 8/11/04, to Answer re 2 Petition for writ of habeas corpus (28:2254) David Nolan., terminating 11 Motion for Extension of Time to Answer re 2 Petition for writ of habeas corpus (28:2254) David Nolan. cc/cl (Lyness, Paul) (Entered: 08/09/2004) |
| 08/12/2004 | 🌑14 | MOTION for Entry of Default by Michael Kevin DuPont. (Attachments: # 1 Affidavit For Entry of Default)(Barrette, Mark) (Entered: 08/17/2004) |
| 08/17/2004 | 🌑19 | MOTION for Default Judgment and Remedy of Immediate Release or Bail as to Michael Kevin Dupont by Michael Kevin DuPont. (Barrette, Mark) (Entered: 08/30/2004) |
| 08/17/2004 | 🌑20 | MOTION to Strike False Enlargement of Time Pleadings and Answer Whenever it is Untimely Filed 13 MOTION for Extension of Time to 8/20/04 to File Answer re 2 Petition for writ of habeas corpus (28:2254) by Michael Kevin DuPont.(Barrette, Mark) (Entered: 08/30/2004) |
| 08/17/2004 | 🌑21 | MOTION for Blakely v. Washington Summary Judgment Release on Grounds 3,6,7,15 and Dretke v. Haley Findings/Bail on Sentence Enhancement Actual Innocence Grounds 4 and 5 by Michael Kevin DuPont.(Barrette, Mark) (Entered: 08/30/2004) |
| | | |

| 08/20/2004 | ●15 | ANSWER to Complaint *habeas corpus petition* by David Nolan. (Reardon, Susanne) (Entered: 08/20/2004) |
|---|---|---|
| 08/20/2004 | ●16 | MOTION to Dismiss *petition for writ of habeas corpus* by David Nolan.(Reardon, Susanne) (Entered: 08/20/2004) |
| 08/20/2004 | ●17 | MEMORANDUM in Support re 16 MOTION to Dismiss *petition for writ of habeas corpus* filed by David Nolan. (Reardon, Susanne) (Entered: 08/20/2004) |
| 08/23/2004 | ●18 | Supplemental ANSWER to Complaint(Volume 1&2***Too Large to be Scanned***) by David Nolan.(Barrette, Mark) (Entered: 08/24/2004) |
| 08/24/2004 | ●22 | Petitioner's Filing of Grievance Appeal # 4420 Concession by Respondent Nolan's 8/3/04 Exhibit Stipulating Full Exhaustion of Apprendi-Based Blakely v. Washington Grounds 3,6,7 and 15 Allowing Partial Summary Judgment Immediate Release from Michael Kevin Dupont. (Barrette, Mark) (Entered: 08/30/2004) |
| 08/25/2004 | ●23 | Opposition re 16 MOTION to Dismiss *petition for writ of habeas corpus* filed by Michael Kevin DuPont. (Barrette, Mark) (Entered: 08/31/2004) |
| 08/31/2004 | ●24 | Petitioners Decisional Support for Summarily Denying the Motion to Dismiss from Michael Kevin Dupont. (Barrette, Mark) (Entered: 08/31/2004) |
| 09/09/2004 | ●26 | MOTION Investigation of State Atty. General's Office Targeting Some Federal Judges For Omission of Collateral Exhaustion Records by Michael Kevin DuPont.(Barrette, Mark) (Entered: 09/15/2004) |
| 09/09/2004 | ●27 | NOTICE of Intent To File Dupont v O'Toole Bivens Complaint For Untrained Judge Failing To Compel Respondent to File 01-P-1792 Exhaustion Record and Delay Supporting Judge O'Toole Disqualifying Himself by Michael Kevin DuPont (Barrette, Mark) (Entered: 09/15/2004) |
| 09/09/2004 | ●28 | Demand for Expedited Decision on Merits and Assigned Counsel To Facilitate Release or for Judge O'Toole to Disqualify Himself by Michael Kevin DuPont. (Barrette, Mark) (Entered: 09/15/2004) |
| 09/09/2004 | ●30 | Verified Demand For Denial of Respondent's Motion to Dismiss and for Exposure of AAG Susan Reardon's Misconduct or for Judge O'Toole to Disqualify Himself by Michael Kevin DuPont to 16 MOTION to Dismiss *petition for writ of habeas corpus*. (Barrette, Mark) (Entered: 09/15/2004) |

| 09/15/2004 | ●25 | MOTION to Strike Respondents Answer, Supplemental Answer and Motion To Dismiss for Bad faith Omission of 01-P-1792 Exhaustion Record and False Answer Denial of Such Knowledge 15 Answer to Complaint, 16 MOTION to Dismiss *petition for writ of habeas corpus*, 18 Answer to Complaint by Michael Kevin DuPont.(Barrette, Mark) (Entered: 09/15/2004) |
| --- | --- | --- |
| 09/15/2004 | ●29 | Third MOTION to Appoint Counsel To Expose the Respondent's Misconduct and Expedite Hearings For Release Within Six Months Remaining To be served on Twenty Year Sentence by Michael Kevin DuPont.(Barrette, Mark) (Entered: 09/15/2004) |

MAS-20040909      **Commonwealth of Massachusetts**      11/01/2004
Case 1:04-cv-11431-GAO   **MIDDLESEX SUPERIOR COURT**   01/21/2005    Page 16 of 21     09:00 AM
**Case Summary**
**Criminal Docket**



## MICR1985-00981
## Commonwealth v Dupont, Michael K

| Date | Paper | Text |
|------|-------|------|
| | 553.0 | for New Trial after Evidentiary Hearing with Assignment of Counsel, with Included Request for c 278 S 29B Rulings, Reconstruction of Inaccurate Transcripts after tape production and Missing DE # 196 with Dismissal Reconsideration based on Seventeen Year Prejudicial Direct Appeal Delay. (sent to Grabau, J) |
| 09/20/2002 | 554.0 | Defendants First Verified Rule 30 (a) Motion for Release from Unlawful Restraint in the Nature of Habeas Corpus ad Subjiciendum, with Recalculation of Jail Credits and Post-Trial Discovery or Evidentiary Hearing Represented by Assigned CPCS Counsel at Necessary Resentencing Hearing (sent ot Grabau, J) |
| 09/23/2002 | 555.0 | Motion by Deft: to Compel Clerk and or Prosecutor to Provide Appendix Copy of DE # 196 with Supporting Affidavits and Transcmiot Record to the Court of Appeals |
| 10/11/2002 | 556.0 | Letter Received from defendant: Re Denial of Access to Record Appendix documents in 85-1987 Necessary to Apeal Due 10/10/02 |
| 10/11/2002 | | Motion (P#555) Defendants Motion to Compel is Denied as the Clerks Office after diligent search cannot locate De # 196 nor can the DA's Office. (Chalres Grabau, Regional Administrative Justice) |
| 10/16/2002 | | Letter/Request # 556 Denied . See my Previous Marginal Ruling on Paper # 555. (Charles Grabau, Regional Administrative Justice) |
| 10/18/2002 | | Copy of Complete Pleading # 480 and Decison on Pleadings # 555 & 556 Sent to Defendant this day. No further Copies will be sent per Order of Grabau, J |
| 10/21/2002 | 557.0 | Motion by Deft: Verified Commonwealth V Frank Motion for Judge Grabau to Reconsider his 9/9/02 Deniel of Counsel and Emergency Motion for Bail Release Hearing or Hepatitis C Treatment Orders in Light of Atty Grossbergs afffidavit admitting Breese V Commonwealth Ineffective Assistance which also requires Rule 30 (a) (b) Motions must be Granted |
| 10/24/2002 | 558.0 | Verified Motion by Deft: for Judge Garsh to Fashion a Remedy for Separate Appeal Docketing, bypassing screening for Assignment of Counsel and Hepatitis "C" Medical Treatment bail Release Remedy for Judge Garsh's Three Year Obstruction of Appeal, Missing New Trial Motion and Affidavits, failure to Rule on DE# 230 Reconisderation and Failure to Make Findings of Fact on Twelve Year Delay. |
| 10/24/2002 | 559.0 | Affidavit of Joseph Delong in Support of Defendants Motions for Assignment of Competent Counsel for an Evidentiary hearing, and Ruel 30 (a) Rle 30 (b) Motions |
| 10/24/2002 | 560.0 | Affidavit of Kurt King in Support of Defendnts Motions for Assignment of Counsel and for a Hearing. |
| 10/24/2002 | 561.0 | Affidavit of John Stote in Support of Defendants Motion for Counsel Assignment and Evidentiary Hearing |
| 10/24/2002 | | Motion # 558, This Matter has been Referred to me in my Capacity as the Regional Administrative Judge for Criminal Matters. The defendants Motion to fashion a remedy for separate appeal is Denied. Paper # 196 as previously indicated in a Marginal Ruling, is not in Posession of the Clerks Office . The staff of the Clerks Office has |

MAS-20040909
Commonwealth of Massachusetts
MIDDLESEX SUPERIOR COURT
Case Summary
Criminal Docket

11/01/2004
09:00 AM

Case 1:04-cv-11431-GAO   Document 40   Filed 01/21/2005   Page 17 of 21

## MICR1985-00981
## Commonwealth v Dupont, Michael K

| Date | Paper | Text |
|------|-------|------|
| 06/04/2003 | 583.0 | Commonwealth files Memorandum in Opposition to Defendants Mass R Crim P 30 (a) Motion for Immediate Release |
| 06/17/2003 | 584.0 | RULING ON DEFENDANT'S FIRST VERIFIED RULE 30 (A) MOTION FOR RELEASE FROM UNLAWFUL RESTRAINT. I decline to act on the instant Motion until the Appeals Court decides the defendants appeal on the Worcester County Petition for Habeas Corpus which is now a pending matter ( Appeals Court 01-P-1792) and Defendants appeal of a denial of another Motion for New trial ( Appeals Court No 02-P-20) (Charles M. Grabau, Justice of the Superior Court) |
| 08/22/2003 | 585.0 | Appellate Division: Defendant withdrew his petition for review of sentence. 5/20/03 (Robert DelloRusso, A/C) |
| 08/22/2003 | 586.0 | Order: Present: Donohue, Graham & Quinlan, J.  The appeal of the defendant for review of sentence to the M. C. I. Cedar Junction, imposed November 10, 2000, on indictments 85-897 by the Superior Court Department for the County of Middlesex having been heard and reviewed, it is ORDERED: that the judgments imposing said sentences stand and that said appeal be and is hereby dismissed. By the Appellate Division /s/ Joseph M. Rubino A/C |
| 09/23/2003 | 587.0 | Motion by Deft: For Rule 30(a) Hearing, Rulings on Issues Appeals Court Avoided and Assignment of Competent Counsel. (sent to Judge Quinlan) |
| 09/23/2003 | 588.0 | Motion by Deft: For Rulings and Hearing on Rule 30(b) Motion with Counsel Assigned For That and Rule 29 Filing. (sent to Judge Quinlan) |
| 10/06/2003 | 589.0 | Rescript received from Appeals Court;Order denying defendants motion to withdraw guilty plea AFFIRMED |
| 10/06/2003 | | Motion (P#587) Referred to CPCS screening panel (Quinlan,J) |
| 11/13/2003 | 590.0 | Order on Defendant's Motion For Rule 30(A) Hearing and Assignment of Counsel: ORDER: For the foregoing reasons, the Defendant's Motion for Rule 30(a) Hearing and Assignment of Counsel is DENIED. (Regina L. Quinlan, Justice) notice sent |
| 07/02/2004 | 591.0 | Oversentenced Defendants Blakeley V Washington Demand for Immediate Bail Release and Rule 30 (a) Decision with a CPCS Assignment of Counsel to Expedite Bail and Release Hearing |
| 07/02/2004 | 592.0 | PROCEDURAL ORDER:  The defendant hs filed a motion for post-conviction relief.  The Court ORDERS that the Commonwealth file a Response to the Defendants Pending Motion on or before August 13, 2004.  By the Court, Quinlan, J |
| 07/07/2004 | 593.0 | Deft files Supplemental Blakely v. Washington, 124 S.Ct. (2004) Rule 30(a) Release Ruling Exhibits and Immediate Bail Request |
| 07/13/2004 | 594.0 | Deft files Supporting Transcript Exhibit for Blakely V. Washington-Type Article 12 Objections, For Limited Three Part Hearing Issue Focusing on Immediate Release of Bail |
| 07/15/2004 | 595.0 | Motion by Deft: For Scheduling of Habeas Corpus Immediate Release Hearing Based on Conceded Error |
| 08/13/2004 | 596.0 | Motion by Commonwealth: to Enlarge Time for Filing Its Motion in Opposition to the Defendant's Motion For Release Under MRCP 30(A) |

## MICR1985-00981
## Commonwealth v Dupont, Michael K

| Date | Paper | Text |
|------|-------|------|
| | 596.0 | (sent to Judge Quinlan) |
| 08/23/2004 | 597.0 | Deft files Plemininary Opposition to Lying Prosecutpr D'Angelo's false Motion for time extension to two year delay from Rule 30(a) 9/20/02 Motion |
| 10/18/2004 | 598.0 | Order on Commonwealth's Motion to Enlarge Time, Defendant's Opposition and Defendant's Motion for Release Under MRCP 30(A): The court ORDERS that the defendant be sanctioned as follows: The Defendant's Motion for Release Under MRCP 30(A) is denied without a hearing and with Prejudice as a santion for the contempt of the court and the commonwealth as reflected in the Defendant's Preliminary Opposition ...[to the Commonwealth's] Motion for Time Extension... . No action need be taken on the Commonwealth's Motion to Enlarge Time since the issue is moot. (Regina L. Quinlan, J.) notice sent |
| 10/22/2004 | 599.0 | Deft files Indigent Defendant's Request for copy of DE#597 Opposition to TIme Extension he needs to file as Federal Habeas and Single Justice Exhibit |
| 10/22/2004 | 600.0 | NOTICE of APPEAL FILED by Michael K Dupont From Denial of Rule 30(a) Motion with Request for Expedited Assembly of Appellate Record Due to Release From Prison in March 2005. |
| 11/01/2004 | 601.0 | Notice of assembly of record; two certified copies of docket entries; P#600 Notice of Appeal sent to the Clerk of the Appeals Court this day |
| 11/01/2004 | | Notice of assembly of record; sent to James Sahakian, ADA and Michael K. Dupont |
| 11/01/2004 | | Notice of completion of assembly of record sent to clerk of Appeals Court and attorneys for the Commonwealth and defendant. |

## COMMONWEALTH OF MASSACHUSETTS

**MIDDLESEX, SS.**

**SUPERIOR COURT**
**INDICTMENT NO.**
**85-987**

### COMMONWEALTH

**VS.**

### MICHAEL KEVIN DUPONT
**DEFENDANT**

### ORDER ON DEFENDANT'S MOTION FOR
### RULE 30(A) HEARING AND ASSIGNMENT OF COUNSEL

*[handwritten: Not Decided And Not Confirmed After Appeal]*

The defendant has filed a Motion for Rule 30(a) Hearing, Rulings on Issues Appeals Court Avoided and Assignment of Competent Counsel.

Upon review of the motion, the defendant complains of the asserted failure of the Appeals Court to rule on issues raised in his appeal 01-P-1792. These matters are not properly before this court.

The defendant's motion was referred to CPCS for screening. CPCS declines to appoint counsel.

### ORDER

For the foregoing reasons, the Defendant's Motion for Rule 30(a) Hearing and Assignment of Counsel is **DENIED**.

Regina L. Quinlan
Associate Justice fo the Superior Court

Date:   November 13, 2003

590

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT
INDICTMENT NO.
*85-981*

COMMONWEALTH

VS.

*Michael Kevin Dupont*
DEFENDANT

PROCEDURAL ORDER

---

The defendant has filed a motion for post-conviction relief. The court ORDERS that the Commonwealth file a response to the defendant's pending motion on or before *August 13*, 2004.

By the court,
Quinlan, J.

Date: *7/2/04*

592

# COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

THE SUPERIOR COURT
INDICTMENT NOS. 85-981 thru 85-987

## COMMONWEALTH

### vs.

### MICHAEL KEVIN DUPONT

## RULING ON DEFENDANT'S FIRST VERIFIED RULE 30(A) MOTION FOR RELEASE FROM UNLAWFUL RESTRAINT(DOCKET NUMBER 554)

The Defendant, Michael Kevin Dupont (Dupont), has filed a pleading entitled Defendant's

First Verified Rule 30(a) Motion For Release From Unlawful Restraint in the Nature of Habeas Corpus

Ad Subjiciendum, With Recalculation of Jail Credits and Post-Trial Discovery or Evidentiary Hearing

Represented by Assigned CPCS Counsel at Necessary Re-sentencing (sic) Hearing.

### RULING

*Not decided before APPEAL*

I decline to act on the instant Motion until the Appeals Court decides the Defendant's appeal

of the Worcester County Petition for Habeas Corpus which is now a pending matter (Appeals Court

No. 01-P-1792) and Defendant's appeal of a denial of another Motion for New Trial (Appeals Court

No. 02-P-20).

Charles M. Grabau
Justice of the Superior Court

Dated: June 16, 2003

554