UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

MICHAEL KEVIN DuPONT,
PETITIONER,

V.

DAVID NOLAN,
RESPONDENT

No. 04-11431-GAO

FILED
IN CLERKS OFFICE
'05 FEB P 12: 28
U.S. DISTRICT COURT
DISTRICT OF MASS

* * * * * * * * * * * * * *

REQUEST FOR LEAVE TO BE HEARD AT 2/2/05 HEARING
ON NEED FOR ASSIGNMENT OF DILIGENT/COMPETENT
C.J.A. COUNSEL AND MOTION FOR BAIL RELEASE
TO 30 DAY CONSECUTIVE SENTENCE ON 2/7/05
FOR PURPOSE OF PREVENTING MOOTNESS OF GROUNDS

_____

BECAUSE SO-CALLED CJA ATTORNEY JOHN
AMABILE did NOT FILE his APPEARANCE FOR
OVER TWO MONTHS IN VIOLATION OF D. MASS
LOCAL RULE 83.5.2(a), broke his word TO
PETITIONER TO FILE BAIL MOTION Shortly AFTER
1/12/05 VISIT AND PETITIONER QUESTIONS COUNSEL's
LACK OF KNOWLEDGE OF 28 USC § 2254 decisioNAL
LAW, based on AMABILE's REPUTATION FOR LACK
OF DILIGENCE FOR OVER A decade SYSTEMWIDE
AND LACK OF COMMUNICATION WITH FAILURE TO
ANSWER PETITIONER'S letter QUESTIONS, IN VIOLATION
OF S.J.C. RULE 3.07, Atty ethics sub-rules 1.3 1.4(a)(b)
with his office REFUSING collect CALLS FROM CLIENTS, YOUR
PETITIONER REQUESTS to be heard AND MAKE A
RECORD AT 2/2/05 hearing, AND FOR RECONSIDERATION
of bail FOR REASONS SET OUT IN ATTACHED 5 PAGE
COMPLAINT AGAINST Judge O'Toole with N's EXHIBITS

SERVED ON ASS't Atty Gen. SUSAN REARDON           Michael K. DuPont
CC: Atty JOHN AMABILE                              MICHAEL DUPONT, PRO HAC VICE
JANUARY 30, 2004 copy                              BOX 100, S. WALPOLE MA 02071

JUDICIAL COUNCIL OF THE FIRST CIRCUIT

COMPLAINT OF JUDICIAL MISCONDUCT OR DISABILITY

*Through: GARY H. WENTE, FIRST CIRCUIT EXECUTIVE*

Mail this form to the Clerk, United States Court of Appeals for the First Circuit, United States Courthouse, Suite 2500, 1 Courthouse Way, Boston, Massachusetts 02210. Mark the envelope JUDICIAL MISCONDUCT COMPLAINT or JUDICIAL DISABILITY COMPLAINT. Do not put the name of the judge or magistrate on the envelope.

*Copies To: Chief Judge William Young & Hon. Judge and Ass. Atty. for my Release*

See Rule 2(e) for the number of copies required. *General Susan Reardon and all other D. Mass Judges and O'Toole's friends later JR.*

1.  Complainant's name: *Michael Kevin DuPont*

    Address: *P.O. Box 100*

    *S. Walpole, MA. 02071*

    Daytime telephone: (    )

2.  Judge or magistrate complained about:

    Name: *George A. O'Toole, JR.*

    Court: *District of Massachusetts at Boston*

    *Who should be disqualified from my case immediately*

3.  Does this complaint concern the behavior of the judge or magistrate in a particular lawsuit or lawsuits?

    [ ✓ ] Yes          [   ] No

    If yes, give the following information about each lawsuit (use the reverse side if there is more than one):

    Court: *DuPont V Nolan, 04-11431-GAO* *(And all other cases on his docket. He's too lazy to make timely rulings on*

    Docket number: *04-11431-GAO*

    Are (were) you a party or lawyer in the lawsuit?
    *w/counsel*
    [ ✓ ] Party      [   ] Lawyer      [   ] Neither  [ ✓ ] MAYBE
    *But CJA Assigned Atty John Amabile does not know the law*

    If a party, give the name, address and telephone number of your lawyer:
    *So-called Attorney John Amabile told me he does not like Judge O'Toole and criticized O'Toole strongly on our first visit*

    Docket numbers of any appeals to the First Circuit: _____

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

MICHAEL KEVIN DuPONT,
PETITIONER
v.
DAVID NOLAN,
RESPONDANT

No. 04-11431-GAO

* * * * * * * * * * * * * *

REQUEST FOR LEAVE TO BE HEARD AT 2/7/05 HEARING ON NEED FOR ASSIGNMENT OF DILIGENT/COMPETENT C.J.A. COUNSEL AND MOTION FOR BAIL RELEASE TO 30 DAY CONSECUTIVE SENTENCE ON 2/7/05 FOR PURPOSE OF PREVENTING MOOTNESS OF GROUNDS

Because so-called CJA Attorney John Amabile did not file his appearance for over two months in violation of D. Mass Local Rule 83.5.2(a), broke his word to petitioner to file bail motion shortly after 1/12/05 visit and petitioner questions counsel's lack of knowledge of 28 USC § 2254 decisional law, based on Amabile's reputation for lack of diligence for over a decade systemwide and lack of communication with failure to answer petitioner's letter questions in violation of SJC Rule 3.07, Atty ethics sub-rules 1.3, 1.4(a)(b) with his office refusing collect calls from clients your petitioner requests to be heard and make a record at 2/7/05 hearing, and for reconsideration of bail for reasons set out in attached 5 page complaint against Judge O'Toole with its exhibits January 30, 2004 copy

Michael DuPont

served on Asst Atty Gen. Susan Reardon
cc Atty John Amabile

Michael DuPont, Pro Hac Vice
Box 100, S. Walpole, MA 02071

4.     Have you filed any lawsuits against the judge or magistrate?

*Bivens complaint for failure to train Ottoole may follow*

[ ] Yes     [ ✓ ] No *Not yet but*

If yes, give the following information about each lawsuit (use the reverse side if there is more than one):

Court: _____

Docket number: _____

Present status of suit: _____

Name, address and telephone number of your lawyer: _____

_____

Court to which any appeal has been taken: *28 USC 8 351(a); Mass. SJC Rule 3209 violations*

Docket number of the appeal: *Pattern of untimely rulings in all Ottoole cases =*

Present status of the appeal: *For Engaging in conduct prejudicial to the*

5.     On separate sheets of paper, not larger than the paper this form is printed on, describe the conduct or the evidence of disability that is the subject of this complaint. See Rule 2(b) and 2(d). Do not use more than 5 pages (5 sides) *Expeditious Administration of Justice and Not knowing Bail law and Habeas Corpus law Sufficiently to make truely decisions*

6.     You should either

(1)     check the first box below and sign this form in the presence of a notary public; or

(2)     check the second box and sign the form. You do not need a notary public if you check the second box.

[   ] I swear (affirm) that –

[ ✓ ] I declare under penalty of perjury that –

(1)     I have read Rules 1 and 2 of the Rules of the Judicial Council of the First Circuit Governing Complaints of Judicial Misconduct or Disability; and

(2)     The statements made in this complaint are true and correct to the best of my knowledge.

*Please have my CJA lawyer assigned this yer sept 6 2004 tell you why he declined Ottoole And why Judge*

Signature: *Michael Kevin Dufort*

Date executed: *January 30 2005*

Sworn and subscribed to before me

Date: _____

Notary Public: _____

My commission expires: _____

*Attorney John Amabile*
*380 Pleasant Street*
*Brockton MA, 02301*
*(508) 559-6966*

Because I do not have Federal Ethics Rules for Judges in my cell, I am citing analogous Rules of Massachusetts Supreme Judicial Court, as follows:

COMPLAINT #1: EX PARTE COMMUNICATIONS AND PURPOSEFUL DENIAL OF COMPETANT COUNSEL TO COVER-UP MISCONDUCT WHILE DENYING PETITIONER FAIR OPPORTUNITY TO BE HEARD:

Please find attached hereto a copy of Judge O'Toole's personally writing a lawyer ex parte without serving a copy on opposing Attorney General's office counsel, and I aver that before 1/27/05 hearing Attorney Amabile told me what Judge O'Toole was going to say about my subsequent filings so there may have been a second ex parte communication.

SJC Rule 3:09 Judicial Cannon 3 (A)(4) prohibits ex parte communications with only one counsel for one party without including or notifying counsel for other party, HALLER V ROBBINS, 409 F2d 857, 858-859 (1st Cir 1989); YOHN V LOVE, 76 F3d 508, 513-515 (3rd Cir 1996), because it "undermines confidence in the impartiality of the court", UNITED STATES V MINSKY, 963 F2d 800, 804 (6th Cir 1992) and even brief communications with one lawyer supports recusal, UNITED STATES V RHYNES 206 F3d 849, 856-359 (4th Cir 1999), which untrained Judge O'Toole should have known, if.

— 2 of 5 —

Following Judge O'Toole's 1/10/05 ex parte letter, the 1/27/05 hearing transcript tends to show unusual favoritism for unprecedented quick 2/7/05 hearing next week allowing Atty. Amabile to have me present on 1/27/05 and 2/7/05 for minor technical status conference and motion to dismiss arguments that no habeas petitioner has ever been brought to court for to my knowledge by any Judge ever before, so I fear bias in favor of Atty Amabile because Judge O'Toole must know Amabile cannot possibly know facts in my 10,000 page case record and does not know updated federal case law, or perhaps any controlling decisional law. The 1/27/05 striking of my pleadings included Judge O'Toole striking my complaint against him to conceal his misconduct/delay from First Circuit in later appeal. Also SJC Rule 3:09 Judicial Canon 3 (A)(4) also states "A Judge should accord to every person who is legally interested in a proceeding, or his lawyer, full right to be heard according to law", but Judge O'Toole denied me opportunity to be heard for past six months and gave me an incompetent CJA. lawyer who never contacted me until Judge O'Toole wrote Amabile, and did not even know to file a timely appearance in my case for several months, on visit, in addition to criticize Judge O'Toole, Attorney Amabile gossiped about lesbian non judge Regina Quinlan in my case but said Quinlan's girlfriend AAG Barbara A.H. Smith was dating prosecutor Phyllis Broker, not Quinlan, when Amabile worked with her in the Attorney General's office.

-2of5-

ATTORNEY AMABILE HAS NOT ACCEPTED ANY OF MY COLLECT CALLS TO HIS OFFICES IN PAST TWO MONTHS, AND HAS NOT WRITTEN ME TO ANSWER ANY OF MY LETTERS AND BROKE HIS 1/12/05 PROMISE TO ME THAT HE WOULD FILE A BAIL MOTION AND OTHER STUFF WITHIN A FEW DAYS, BUT HE NEVER FILED ANYTHING AND 1/27/05 TRANSCRIPT VERIFIES HIS LAZINESS WHEN HE RELIED ONLY ON MY PRO SE PLEADINGS, id. WHEN I ASKED AMABILE ABOUT 1/12/05 US V BOOKER CASE, JUST LIKE WHEN I NAMED CASES BEFORE, HE HAD A BLANK LOOK ON HIS FACE, AND HE ASKED ME FOR COPIES OF BAIL CASES RIVERA V CONCEPTION, —F3d— (1ST CIR 1922) AND OBER V GUARINO, —F3d— (1ST CIR 2002) BECAUSE AMABILE DIDN'T KNOW ANY HABEAS CORPUS BAIL CASES DURING 1/27/05 HEARING.

I HELPED SEVERAL OTHER PRISONERS PREPARE NEW TRIAL MOTIONS ATTACKING ATTORNEY AMABILE FOR NOT KNOWING STARE DECISIONAL LAW AT THEIR MURDER TRIALS, BUT I WAS SHOCKED THAT O'TOOLE WOULD ALLOW AMABILE TO PRACTICE IN HIS COURT ROOM KNOWING AMABILE DOES NOT READ OR KNOW BASIC FEDERAL DECISIONAL LAW. JUDGE O'TOOLE COVERS UP FOR INCOMPETENT CJA COUNSEL BY NOT ALLOWING CLIENT VICTIMS TO FILE MOTIONS OR MAKE A RECORD SPEAKING IN HIS COURT ROOM, SO I WOULD CHECK OUT IN YOUR INVESTIGATION ALL O'TOOLE CASES WITH THE MOST INCOMPETENT LAWYERS ON C.J.A. LIST SUCH AS ATTY ROGER COX WHO SELLS-OUT ALL OF HIS CLIENTS, OR LAWYERS LIKE AMABILE WHO DO NOT READ UPDATED F3d DECISIONAL LAW, LIKE BERNIE GROSSBERG AND 50% OF ALL CJA LIST COUNSEL, OR ROGER WITKIN WHO TELLS HIS CLIENTS HE'S NOT GOING TO FILE MOTIONS BECAUSE THE MOTIONS WILL BE DENIED BY FEDERAL JUDGES ANYWAY. THE CJA LIST SHOULD BE OPENED TO ALLOW NEW YOUNG COMPETENT AND DILIGENT LAWYERS TO GET ON CJA LIST AND 50% OF OLD OVER-THE-HILL INCOMPETENT LAWYERS WHO MERELY OVERBILL THE GOVERNMENT WHILE NEVER

— 3 of 5 —

Adequately preparing for trials should undergo competency evaluations and be removed from Federal CJA assignment list.

Complaint #2: PATTERN IN DELAY IN RULINGS:

SJC Rule 3:09 Judicial Canon 3 (A)(5) states, "A Judge should dispose promptly of the business of the court" so I request you to investigate pattern of all other O'Toole case docket entries for his untimely decisions, as verified by my attached 04-11431-GAO docket entries showing a dozen motions he has not ruled on, with attached 3/4/05 sentence recalculation for 2/26/05 release from prison that may moot Habeas Grounds. Contrast O'Toole ruling on mootness reviewed in JACKSON V COALTER, 337 F3d 74, 79 (1st cir 2003) with supreme court cases cited therein explaining that the "case or controversy requirement subsists through all stages of federal judicial proceedings" and the practical effect of O'Toole's delay severely prejudiced me on APPRENDI-BLAKELY-BOOKER release and related sentencing Grounds he had no excuse for not deciding merits of.

COMPLAINT #3: COVER-UP FOR GOVERNMENT MISCONDUCT AND O'TOOLE NOT BEING TRAINED IN FEDERAL HABEAS CORPUS OR BAIL LAW:

SJC Rule 3:09, Judicial Canon 3 (B)(3)(b) and D. Mass. Local Rule 83.6 (5)(A) Judge O'Toole has a duty to refer the assistant attorney general in my case to the Board of Bar Overseers for reasons stated in pleadings listed in my docket-entries, incorporated herein by reference but your future investigation may find he covered up for government lawyers as O'Toole always does!

— 4 of 5 —

SJC Rule 3809 Judicial Canon 3 CA) Ci)
STATES "A Judge should be FAITHFUL TO THE LAW AND MAINTAIN PROFESSIONAL COMPETENCE IN IT", id SO I should NOT HAVE TO TEACH O'TOOLE THAT D. MASS LOCAL Rule 83.5, 2(a) Required INCOMPETENT ATTORNEY AMABILE TO FILE AN APPEARANCE; hence O'TOOLE did NOT HAVE lawful power TO STRIKE my PRO SE MOTIONS properly filed before COUNSEL'S APPEARANCE.

I should NOT HAVE TO TEACH Judge O'TOOLE THAT he has power TO GRANT bail even before EXHAUSTION of STATE remedies where delay IS A FACTOR, RIVERA V CONCEPCION, 469 F2d 17, 18 (1st CiR 1992) AND often "the petitioner has remained FREE on bail pending the outcome of the habeas proceedings", OUBER V GUARINO 295 F3d 19, 25 (1st CiR 2002) while bail IS PARTICULARLY APPROPRIATE FOR APPRENDI GROUNDS following BLAKELY-BOOKER decisions, UNITED STATES V CASTRO, 382 F3d 927, 929 (9th CiR 2004) AND petitioner DuPont Also has A denial of plea stage counsel without A waiver of counsel GROUND that SHALL IOWA V TOVAR, 124 S.CT 1379 (2004) THAT Release require replea, sentencing, AND bail showing is PARTICULARLY APPROPRIATE where A showing is made THAT A FAVORABLE decision May Result IN RESENTENCING TO A TERM Less THAT TIME Already served, UNITED STATES V ANTICO, 123 F.supp2d 285 (E.P.A. 2000). Judge O'TOOLE should NOT be Allowed TO SIT AND hear HABEAS CORPUS CASES UNTIL he certifies UNDER OATH that he READ COVER-TO-COVER, Liebman, FEDERAL HABEAS CORPUS PRACTICE + PROCEDURE C4thEd 1999 w/2004 supp), but I'll gladly TRAIN O'TOOLE for you when I LAWFULLY PRO BONO HAUNT his COURT ROOM UPON my Release giving pro bono ASSISTANCE TO LITIGANTS IN All O'TOOLE's OTHER CASES SINCE the UNITED STATES FAILED TO TRAIN him IN LAW + COMMON COURTESY.

-5 of 5-  [signature]

## DEPARTMENT OF CORRECTION

### INMATE REQUEST TO STAFF MEMBER

TO: _Head Records Clerk_

**DATE:** _Tuesday 1/11/05_

(name and title of officer or staff)

**SUBJECT:** State completely and concisely the problem you would like assistance in resolving. (give details)

_When I was Talking To Grievance Officer Ann Marie Aucoin in her office today, she said I had a March 4, 2005 Release date, So I mentioned I was still owed 5 days earned good time for Spring 1985 Law Library clerks Job Plus I worked at USP Leavenworth for Many months and never got good time I'm still owed the grievance officer said she'd help me get 5 days I earned if you haven't calculated it yet_

(use other side of page if required)

_So I need your written response below ASAP!_

**ACTION REQUESTED:** (State in what manner and/or action should request be handled [be specific and detailed]).

_1) Please change 3/4/05 To Release date To 2/22/05; And_
_2) Please check 1990-1991 USP Leavenworth work Records, to add about 6 months work good time;_
_3) Please send me Adjusted Release date ASAP!_

**Name:** _Andre Dupont_  **No** _W46692_  **Living Quarters:** _B-1 cell #16_

**Work Assignment:** _____

**Note:** Following instructions in the preparation of your request can mean early disposition, in an expeditious and intelligent manner. You will be interviewed, if it is necessary, to satisfactorily handle your request. Failure to be specific and detailed stating your problem, may result in no action being taken.

**DISPOSITION:** (Do not write below)                          _1/18/05_

_Mr. Dupont — Be advised that a Release package has been submitted to Central Office with a projected date of February 26, 2005. During my review of your dates I found you weren't credited for 5 days while at Leavenworth. I have adjusted your date from 3/4/05 to 2/26/05. Upon completion of your State sentence you will be released to Norfolk County HOC. I trust this addresses your concern. You will be notified of any change in your Release date._
_Sharon Blanchard_
_Records Manager._                    _Records Dept. Staff_

EXHIBIT

# Massachusetts Department of Correction
## Deduction from Sentence
## MCI CEDAR JUNCTION

Report Date:           20041112 08:47:48
Report Prepared By:    Black, Lisa
Commitment #:          DUPONT, MICHAEL (W44692)
Sentencing Unit:       A
Unit Effective Date:   19850126
Report Period:         20040101 through 20040930

| Period Ending | Prog Type | Program Name | Participation Dates | Inst | Rating | Days Recommended | Days Granted |
|---|---|---|---|---|---|---|---|
| 1990 1231 | OTHR | TIME EARNED THRU 12/90  - Unit A | | CON | S | 5.0 | 5.0 |
| | | Total TIME EARNED THRU 12/90 : | | | | 0.0 | 0.0 |
| 2003 1231 | | Total EGT PRIOR  to  2003 1231 | | | | 2.5 | 2.5 |
| | | Total EGT PRIOR to period ending  2003 1231 : | | | | 2.5 | 2.5 |
| 2004 0731 | PROG | TRANSITION PLANNING WORKSHOP | | CJ | U | 0.0 | 0.0 |
| | | Total for period ending    2004 0731 : | | | | 0.0 | 0.0 |
| | | Total EGT Summary - Unit A | | | | 5.0 | 5.0 |

Inmate has 10 business days to contact Records Department to dispute earned good time.

Combined Release Dates for sentencing unit A ,effective date: 19850126

Time on Parole:          0

| | Combined Dates as of: 20041107 04:01:03 | | |
|---|---|---|---|
| | Original | Revised | Adjusted |
| Dead Time (Parole): | 0 | | |
| Dead Time (Escape): | 0 | | |
| PE Dates: | 19980706 | | 19980703 |
| Earned Time: | 2.50 | | |
| Minimum Dates: | 20050306 | | 20050303 |
| Forfeitures: | .0 | | |
| Maximum Dates: | 20050307 | | 20050304 |
| Restorations: | .0 | | |
| GCD Dates: | | | |

Page 1 of 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
UNITED STATES COURTHOUSE    CSuite4910)
1 COURTHOUSE WAY
BOSTON, MASSACHUSETTS 02210

GEORGE A. O'TOOLE, JR.
DISTRICT JUDGE

January 10, 2005

John A. Amabile, Esq.
Amabile & Burkly, PC
380 Pleasant Street
Brockton, MA 02401

RE:    DuPont v. Nolan, CV 04-11431-GAO

Dear Mr. Amabile:

Enclosed is a photocopy of a letter I have received from Mr. DuPont. I trust you will be

in touch with him.

Very truly yours,

George A. O'Toole, Jr.
United States District Judge

Enc.

cc:    Michael Kevin DuPont, # 44692
P.O. Box 100
South Walpole, MA 02071-0100

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

MICHAEL KEVIN DuPONT,
PETITIONER

V.

DAVID NoLAN,
RESPONDENT

No. 04-11431-GAO

EMERGENCY MOTION FOR COURT TO COMPEL
C.J.A. ATTORNEY JOHN AMABILE TO
COMMUNICATE WITH PETITIONER OR
FOR REASSIGNMENT OF C.J.A. COUNSEL

Now comes The PETITIONER, AVERRING
UNDER PAIN AND PENALTY of perjury that
he shall be Released from PRISON IN
MARCH 2005, And moves Judge O'Toole
TO COMPEL ATTORNEY John AMAbILE To
COMMUNICATE with the PETITIONER, OR
FOR ASSIGNMENT OF A New C.J.A. LAWYER
who will PRESS for a bAIL RELEASE HEARING
ACCEPT collect calls And ANSWER LETTERS.

IN support hereof, PETITIONER Also
AVERS That AMAbILE has NOT ANSWERED
PETITIONERS 12/9/04 letter OR A second letter,
his office secretAry Refuses To Accept
collect Telephone calls IN Boston And Brockton,
And AMAbILEs Boston office says he does
NOT WORK IN Boston office AND is Always IN Brockton.
1/6/05 copy Served,   Submitted By,
ASS Atty Gen./SusAn ReasacoN
CJA coordinator
CC. Atty John AMAbILE                    Michael DuPont PRO SE

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

MICHAEL KEVIN DuPONT,     *
              Petitioner   *
                       *
v.                      *    No.04-11431-GAO
                       *
DAVID NOLAN,          *    (Submitted through CJA Counsel
          Respondent    *    to file/serve before 2/7/05)
********************************

PETITIONER'S RENEWED MOTION FOR BAIL FROM PRESENT SENTENCE
TO 30 DAY CONSECUTIVE SENTENCE ON 2/7/05 PREVENTING MOOTNESS

     Now comes the Petitioner,forwarding this through CJA <u>n.1/</u>
counsel(despite failure of counsel to file Local Rule 83.5.2(a) appear-
ance in past two months) and,pursuant to 28 USC §2243("shall summar-
ily hear and determine the facts and <u>dispose of the matter as law
and justice require</u>") and pre-exaustion bail precident,<u>RIVERA V.
CONCEPCION</u>,355 F.Supp 662,665-666(D.PR 1972(Sentence substantially
completed before substantial questions of law are decided,requiring
bail);469 F2d 17(1st Cir 1972) as well as pending habeas petition
inherent power to grant bail,<u>OUBER V. GUARINO</u>,293 F3d 19,25(1st Cir
2002)("The petitioner has remained free on bail pending the out-
come of the habeas proceeding") where resentencing may occur if the
post-conviction attack prevails,<u>UNITED STATES V. ANTICO</u>,123 F.Supp2d
286)remanded 275 F3d 245,272(3rd Cir 2001) espescially when  a
<u>Blakely-Booker</u> issue is presented,<u>UNITED STATES V. CASTRO</u>,382 F3d
927,929(9th Cir 2004(Remanding for bail remedy), moves this Court
to reconsider personal recognizance bail release on 2/7/05 to
prevent risk of mootness,<u>JACKSON V. COALTER</u>,337 F3d 74,79,(1st Cir
2003)(Modifying Judge O'Toole's mootness ruling).By starting the
Petitioner's 30 day Norfolk County Jail consecutive sentence and
preserving a few weeks on present 20 year sentence pending result
of First Circuit appeal,risk of losing federal jurisdiction can be
avoided,and petitioners attached legal references and PSI show he
is not a flight risk and shall find employment upon release.

February ___ ,2005           RESPECTFULLY SUBMITTED THROUGH,
copy served on Ass.Atty.
General Susan Reardon

RESEARCHED/TYPED BY,           _____
                              John Amabile,Esq.
_____       380 Pleasant Street
Michael Kevin DuPont pro hac vice    Brockton,MA.02301
PO Box 100
S.Walpole,MA.02071

_____
n.1/ Because no appearance was filed,striken 1/27/05 pleadings
     should be reinstated to this Court's docket at 2/7/05 hearing

ALWAYS COPY EXHIBITS MAILED TO [...] Bhn. AMABILE TO SIGN & FILE since AMABILE IS TOO LAZY TO DO LEGAL RESEARCH

# HALE AND DORR LLP
### C O U N S E L L O R S   A T   L A W



60 STATE STREET, BOSTON, MASSACHUSETTS  02109

617-526-6000 • FAX 617-526-5000

MARY B. STROTHER

617-526-6230

mary.strother@haledorr.com

October 19, 1998

Mr. Michael Dupont
M.C.I. Cedar Junction
P.O. Box 100
South Walpole, MA  02071

Re:  Depina v. Monteiro, et al.

Dear Mr. Dupont:

Thank you very much for your assistance in this case.  As you can see from the attached news articles, the jury found in favor of Mr. Depina on most of the key issues in the case.  Your assistance, both to Mr. Depina and to Hale and Dorr LLP throughout this case was essential and greatly appreciated by all of us.

If you have any questions about the case, please feel free to call or write to me. Thank you again and best of luck in the future.

Sincerely,

Mary B. Strother

MBS/kav
Encls.

cc:  Zeferino de Pina

WASHINGTON, DC          BOSTON, MA          LONDON, UK

HALE AND DORR LLP INCLUDES PROFESSIONAL CORPORATIONS.
*ROBERT HALE AND DORR INTERNATIONAL (AN INDEPENDENT JOINT VENTURE LAW FIRM)

THE BOSTON GLOBE • FRIDAY, OCTOBER 16, 1998 • 412 Mass. 450

# Inmate awarded $37,503 in harassment case

**By William F. Doherty**
GLOBE STAFF

A federal court jury yesterday awarded $37,503 to an inmate at MCI-Cedar Junction in Walpole who claimed that a man he had once shot in the head eventually became a guard at the prison, where he was harassed and beat the inmate.

Zeferino de Pina, 24, claimed the guard, Filipe Monteiro, subjected him to verbal and physical harassment and false disciplinary reports over a three-year period.

De Pina said prison officials ignored his repeated requests for help. The inmate claimed that he was beaten while handcuffed and was shackled in a shower room at Walpole in April 1996.

But Department of Correction spokesman Anthony Carnevale depicted Monteiro as the victim. He said the department will try to get the jury award overturned.

The US District Court jury award included $22,000 against Ronald Duval, a former Walpole superintendent, and $15,000 against Phillip Harrington, who was director of the disciplinary unit at the prison. The jury found they were indifferent to the risk of harm to de Pina.

Although the jury awarded de Pina only $2 as compensation for his physical injuries and another

$1 for emotional distress, the panel ordered Monteiro to pay de Pina $6,000 in punitive damages and another officer, Sergeant John Faulkner, to pay $2,500.

The jury found Monteiro and Faulkner used excessive force during the incident in the prison's shower room.

De Pina's lawyer, James M. Hall, said the verdict shows "that even disfavored groups like prison inmates have constitutional rights."

De Pina admitted he shot Monteiro in the head during a confrontation in Roxbury in 1991, but said Monteiro and a group of friends had pulled him and fired at him. De Pina pleaded guilty to assault charges and was sentenced in April 1992 to serve four to 12 years in Walpole.

Monteiro began working for the Department of Correction in July 1992 and, a month later, was stationed at the prison.

De Pina said Monteiro filed false disciplinary reports that attack his "a transfer to a prison punishment unit."

Monteiro "transferred to the child and began tripping de Pina's cell, turn on and off damage night, to prevent him from sleeping," de Pina claimed.

*Material from the Associated Press was used in this report.*

Heller v. Commissioner of Correction.

that, the defendants' failure to comply with the procedural regulations regarding DSU classifications deprived the plaintiff of his due process rights as a matter of law.

On July 12, 1990, a different Superior Court judge held a hearing to assess damages against the defendants for the violation of the plaintiff's constitutional rights. The judge found that, as a result of the plaintiff's illegal confinement in DSU, offered damages in the amount of $110,600. In arriving at this figure, the judge multiplied the number of days the plaintiff spent illegally confined in the DSU by a per diem assessment of $100. See *Blake v. Commissioner of Correction*, 403 Mass. 764, 770 (1989). The figure added to that total $9,900, a figure representing a $100 assessment for each social visit lost by the plaintiff over the course of his isolation. *Id.* Finally, the judge awarded $2,000 for the plaintiff's lost property and ordered that the plaintiff receive 148 days of good-time credit, based upon four and one-half days credit a month for thirty-three months. *Id.* This appeal followed and it is limited to the issue of damages.

The defendants argue that the judge erred in awarding the plaintiff more than nominal damages, because, even if the defendants had complied with the DSU classification regulations, the plaintiff nevertheless would have been confined in the DSU for the period served, due to his poor conduct. For this reason the defendants assert that the plaintiff's claimed injuries cannot reasonably be attributed to the deprivation of due process and an award of compensatory damages is, therefore, improper. The defendants further argue that, assuming the judge properly determined that the plaintiff is entitled to compensatory damages, then such damages should not be calculated to include the first ninety days of the plaintiff's commitment to DSU, since the regulations do not require

The judge concluded that the plaintiff lost thirty-three months, equalling ninety-nine lost visits. "The defendants did not appeal from the decision awarding partial summary judgment as to liability to the plaintiff.

*Handwritten annotations:*

AVERAGE DAMAGE VERDICT/OK

Heller

433

CASE THAT WON ON PRO SE CIVIL RIGHTS COMPLAINT I WROTE SIMILAR TO SEVERAL OF MY OWN CASE DAMAGE CLAIMS

QUARTER MILLION DOLLARS PLUS

SEVEN YEARS PLUS FOR ONE CIVIL CASE # DAMAGE CLAIMS EXCEPT MY CASE IS 1991-1998

SIMILAR TO DUFORT V DUBOIS ?

Reduced to 100,000.00 on appeal ONE HUNDRED THOUSAND ±100,000

EXHIBIT A-2

*Exhibit*

**FISHER, MANDELL & FISHER**
ATTORNEYS AT LAW
**47 HARVARD STREET**
WORCESTER, MASSACHUSETTS 01609-2876

CONRAD W. FISHER
ANDREW L. MANDELL
ELIZABETH FISHER

AREA CODE 508
791-0466
TELEFAX 797-9327

October 6, 1998

The Honorable Paul A. Chernoff
Middlesex Superior Court
40 Thorndike Street
Cambridge, MA 02141

        Re:  Michael K. Dupont

Dear Judge Chernoff:

    I have been asked by Michael K. Dupont to submit a letter to you on his behalf which I am pleased to do.

    I have known Mr. Dupont for well over a decade, during which time I have had many occasions to review the work that he has done on appellate cases.

    Mr. Dupont has, in every case on which I have seen his work, made a prodigious effort on behalf of the person whom he was trying to help. He is able to discern each and every legal issue in a transcript, motion or relevant police report.

    When legal research materials have been available to him, he has found and applied appropriate precedents to the issue raised, and has exhibited extraordinary understanding of the necessity of making a good record on appeal.

    In short, he has one of the best legal minds I have encountered, coupled with a devotion to whatever cause he happened to be championing at the time. I would expect that his legal talents would be a great asset to any organization.

FISHER, MANDELL & FISHER

Honorable Paul A. Chernoff    –2–    October 7, 1998

If anyone has any further questions, please do not hesitate to inquire.

Very truly yours,

FISHER, MANDELL & FISHER

BY: _Andrew Mandell_
ANDREW L. MANDELL

ALM:emg
CC: David Linsky, Asst. D.A.
   Middlesex County
   (Via Telefax & Regular Mail)

*(handwritten: Now Middlesex District Judge Exchange counsel)*

---

*(handwritten top: (separate exhibit ↓ excerpt)*

I remember Mr. DuPont quite well. A competent legal researcher, in fact in one legal memo he cited an advance sheet case that the Lowell law library had not by then received. If I am not mistaken, Mr. Campbell pursued an appeal during trial. After trial Mr. Campbell sought permission to withdraw, which was granted. Later, another counsel was appointed who had difficulties with Mr.DuPont. I do not recall his name. Perhaps DuPont may remember and possibly that lawyer may have a transcript because he was to handle an appeal.

I believe if there was a transcript Mr. DuPont was provided a copy. I say this because of a conversation I had with the attorney who had difficulties with Mr. DuPont.

I trust I have covered the questions presented. If I can be of assistance to the Court, do not hesitate to call.

Respectfully,

_John P. Forte_
John P. Forte

April 9, 1998

*(handwritten: Com. v. DuPont (1986) Trial Judge Full letter to Judge Garsh in court file)*

*Exhibit*

# MARK E. NOONAN
### ATTORNEY AT LAW

108 GROVE STREET, SUITE 2
WORCESTER, MA 01605
TELEPHONE: (508) 754-1825
FAX: (508) 757-7408

February 5, 2002

Mr. Michael Dupont
w/44692
P.O. Box 100
South Walpole, MA 02071

Dear Mr. Dupont:

  I am in receipt of your resent package regarding the appellate issues of my client ▮▮▮▮▮▮▮▮▮▮ I appreciate your keeping me informed of your work. Judge Mandell and Attorney Ettenberg have both told me their views of your exhaustive work on appeals and their opinion that your research and work on appeals rivals the best appellate attorney's in The Commonwealth.



Keep me informed and good luck.

Sincerely,

Mark E. Noonan

Mark E. Noonan