C.J.A. exhibit

Example of John Amabile's
Ineffective Assistance
drafted by Mike Ago
during a few weeks ago
for Amabile's other client victim
to file, concerning Amabile's
lack of legal knowledge in
ground two (pages 14-15), then ground

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK,SS.

|  |  |
|---|---|
| | SUPREME JUDICIAL COURT |
| COMMONWEALTH | SJC No.08202 |
| V. | SUPERIOR COURT DEPARTMENT |
| | No.97-10324(001,002,003,004) |
| JACK BELIARD | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT'S VERIFIED RULE 30(b),c.278,§ 33E MOTION FOR A*/ NEW TRIAL,ASSIGNMENT OF CPCS COUNSEL,POST-TRIAL DISCOVERY, AND AN EVIDENTIARY HEARING TO FULLY DEVELOP THE RECORD**

Now comes the <u>pro se</u> Defendant,Jack Beliard,

and in relation to MGL Chapter 278,section 33E filing ("until

the filing of the rescript by the Supreme Judicial Court motions

for a new trial shall be presented to that Court and shall be

dealt with by the full Court,which may itself hear and determine

such motion or remit the same to the trial judge for hearing and

determination"),by placing in prison mailbox on 1/11/05 date to

be considered as filing with clerk,<u>HOUSTON V. LACK</u>,487 US 266(1988),

**before rescript,Mass.App.P. Rule 23**("The rescript of the Court

shall issue to the lower Court twenty-eight days after the date

of the rescript")is official from <u>COMMONWEALTH V. BELIARD</u>,

443 Mass 79(**December 17,2004**)following  guilty verdict of June 24,

1998,sentenced July 1,1998 to life for first drgree murder(with

4-5, and 1 year concurrent(for which Atty Duncan filed a prior

insufficient new trial motion),**and moves for a new trial,pursuant

to Mass.Crim.P. Rule 30(b) based on the following Grounds One,Two,

Three and Four** ,for which post-trial discovery and an evidentiary

hearing are necessary,pursuant to Rules 30(c)(3)(4),with a **request**

**for counsel,pursuant to Rule 30(c)(5),SJC Rule 3:10,c.211D,§ 14.**

-1-

---

\*/In addition to the Defendants' affidavit and addendum affidavit
and exhibits,all facts made herein are under pain and penalty of
perjury and all record citations are accurate,to the best of the
Defendants ability,<u>id</u>. COUNSEL IS EXPECTED TO AMEND THIS MOTION.

I. IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UN-
ITED STATES CONSTITUTION, DIRECT APPEAL POST-CONVICTION COUNSEL
RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO BRIEF THE SUB-
STANTIVE ISSUE PRESENTED CONCERNING A BLANKET RESTRICTION OF
CROSS-EXAMINATION WITH RESPECT TO THE GOVERNMENTS FAILURE TO
ADEQUATELY INVESTIGATE, OR BIASED, BUNGLING AND INEPT INVEST-
IGATION OF, OTHER SUSPECTED PERPETRATORS, AND FOR FAILING TO
FILE A NEW TRIAL MOTION GROUND ON CONCEALMENT OF RELATED EX-
CULPATORY EVIDENCE, OR TRIAL COUNSEL"S FAILURE TO FULLY INEST-
IGATE AND PRESENT SUCH OTHER SUSPECT DEFENSE

a) <u>FACTS SUPPORTING NEW TRIAL MOTION GROUND ONE:</u>

Attached hereto as Addendum A-2 through A-5 are exerpts
from the 6/19/98 trial transcripts pages 271-274 concerning
a blanket restriction of all cross-examination in the area
of other suspected perpetrators and the Governments biased,
or inept and bungling, failure to properly investigate.

This Court is requested to expand the appellate record,
pursuant to appellate Rule 8(c) or 8(e) to include the 6/25/96
police report marked "H" for identification which the defendant
does not have and this court needs to order transmittion of
from the Superior Court to the Supreme Judicial Court. App-
ellate attorney David Duncan refused to raise this issue when
requested twice to brief it during telephone conversations,
and in one letter correspondence earlier in the representaion.
Prior to any new trial motion evidentiary hearing, new ass-
igned CPCS counsel is requested to search attorney John Amabile's
files, search attorney Duncan's files and move for post-trial
discovery orders for full disclosure of all police reports,
notes and exculpatory other suspect evidence related to the
(/25/96 shooting incident.

b) **THE BLANKET RESTRICTION OF CROSS-EXAMNIATION WAS PRE-JUDICIAL ERROR REQUIRING A NEW TRIAL:**

This court, or a later 28 U.S.C.§2254 habeas corpus Federal requiring court, <u>must</u> recognize that Judge BANKS TOTAL Blanket restriction of cross-examination (6/18/98 transcript pages 271-274) at the threshhold of any relevant area violates The Confrontation Clause of the Sixth Amendment to The United States Constitution, <u>Alford V United States</u>, 282 U.S.687,694 (1993); <u>United States V Lynn</u>, 856 F2d 430,433(1 Cir. 1998); <u>Deleware V Van Arsdall</u>, 475 U.S.673,679-680(1986).

Cross-examination in the area of other suspected perpetrators is always relevant and a trial Judges blanket restriction of all inquiry into that area has been held to require a New Trial, <u>Commonwealth V Graziano</u>, 368 Mass. 325,330(1975) <u>United States V Stevens</u>, 953 F2d 1380,1401-1407 (3rd Cir. 1991).

Similarly, where trial attorney John Amabile made a crystal clear offer of proof as to a biased, or inept and bungling police investigation (A-3,A-4),such areas of inquiry are always permissable and relevant, <u>Bowen v Maynard</u>, 799 F2d 593, 613(10th Cir. 1986); <u>Kyles V Whitely</u>, 514 U.S. 419,443(1995), plus police bias in an investigation may create a motive to lie and also is always open to cross-examination in Massachusetts, <u>Commonwealth V Koulouris</u>, 406 Mass 281,285(1989); <u>Commonwealth V Luna</u>, 410 Mass 131,139-140 (1991).

-3-

Although a Response from commonwealth prosecutors is nec-
essary to give the state an opportunity to attempt to meet
its burden of showing the total restiction of cross-examina-
tion error might be harmless beyond a reasonable doubt, Comm-
onwealth V Di Benedetto, 414 Mass 37,40(1992); Deleware V Van
Arsdall, 475 U.S. 673,680-684(1996), the circumstantial nature
of the evidence in this case, even combined with heavily im-
peached testimony of Alexis Paul, where as here, there was
no eyewitness identification of the defendant at the crime-
scene, the error cannot be deemed harmless, United States V
Stevens, 953 F2d 1380, 1406-1407(3rd Cir.1991).

Because competent appellate counsel would have recognized
the obvious error of resticting cross-examination in the area
of police investigative methods which might have been inad-
equate,Commonwealth V Rodriguez, 378 Mass. 298,308(1979),
the Supreme Judicial Court is requested to assign new counsel
to rebrief all issues and reargue the case at a new oral
argument. Subsection I(c), infra, is incorporated herein by
reference and may need a remand for expansion of the record,
evidentiary hearing development and Rule 30(b) findings.

## C) THE COMPULSORY PROCESS CLAUSE WAS ALSO VIOLATED:

In addition to the Confrontation Clause violation, _supra_, the mirror image Compulsory Process Clause of the Sixth Amendment is also violated when other suspected perpetrator evidence is excluded at trial, Pettijohn V Hall, 599 F2d 476 480-483(1st Cir. 1979), and both clauses combined create a Fourteen Amendment violation of the right to a fundamentally fair trial, Chambers V Mississippi, 410 U.S. 284,295-296, 301-302(1973), Washington V Texas, 388 U.S. 14,19-23(1967) and usually, the lower "court is in a better position to evaluate this issue in the first instance," Bowling V Vose, F3d 559,563 (1 Cir. 1993).

Because the Walpole State Prison law librarian has refused for over a year to obtain from the MCI Norfolk Law Library a copy of THIRD PARTY SIMILAR CRIMES 22 ALR5th 1 et. seq.(1997 Edition with updated 2003 Supplemental pocket part), assignment of counsel is necessary to rebrief this issue. However, as an offer of proof of admissability the defendant suggests the following. First, the record shows a link between the Joe's Pizza Shop earlier shooting(a-2), Commonwealth witness Serg St. Fort's bicycle incident motive(6/16/98 transcript pages 130,170-173), Commonwealth witness Alexis Paul (6/16/98 Tr. page 173;6/22/98 Tr.pages 40-41) and the victim

-5-

Rico Green (6/16/98 Tr. pages179-180; 6/22/98 Tr.page 42),
Resulting in a confrontation which escalated into a brawl at
Joe's Pizza Shop(6/18/98 Tr. pages 130-140, 197-199; 6/18/98
Tr. pages 127-138) while the killing was in the same Mattapan
section of Boston (6/16/98 Tr. pages 63-75, 81, 130, 170-171).
SeeTHIRD PARTY SIMILAR CRIMES sections 17(a),19,20(a) 24,25
on similarity of neighborhood areas.

   The time period of slightly more than two months between
the first shooting police report (A-2) and the killing at
3:00 A,M on September 7,1996 (6/16/98 Tr. pages 63-75, 81)
requires this court to contrast,DiBenedetto V Hall, 272 F3d 1,
9 (1st Cir. 2001) with THIRD PARTY SIMILAR CRIMES SECTION 13
(a) on prior crime committed within one year of charged crime.

   While the record shows a sufficient motive for the Lenox
Street Group, Jesse Calhoon and an individual known as "KJ"
to kill government informant Rico Green (A-3,A-4),THIRD PARTY
SIMILAR CRIMES section 31(a), 33(a) 42(a) and 44(a).

   Post-trial discovery is requested for court orders con-
cerning production and disclosure of all A.T.F. reports, Gang
Task Force reports, Intelligence Unit reports and other
evidence concerning the prior attempt to murder Rico Green,
his informant status and known enemy list,BRANKS V. DRETKE,
124 S.Ct. 1256,1268,1273-1279(2004)("the Magistrate Judge
ordered disclosure of the Bowie County District Attorney's
files" which contained long-term informant status documents).
Grounds One(d)(e)(f)(g) are incorporated herein by reference,id.

d) **NON-DISCLOSURE OF OTHER SUSPECTED EVIDENCE:**

In relation to issue I(c), *supra*, incorporated herein by reference and necessry post-trial discovery orders for any and all other suspected perpetrator evidence, Monroe V Blackburn, 748 F2d 958,960(5th Cir. 1984); Commonwealth V Daye, 411 Mass. 719,727-729(1992); Jones V wood, 144 F3d 1002,1008 1014(9th Cir. 1997), the defendant requests a remand for an evidentiary hearing to fully develop the record concerning Non-Disclosure of other suspect reports, lists of names, similar modus operandi crimes, ballistic reports, notes, gang reports, intelligence reports, police reports and all information concerning enemies of Rico Green and other persons who had motive, means and opportunity to commit the crime the defendant has been wrongfully convicted of, Bowen V Maynard, 799 F2d 593,600-607,613-616(10th Cir. 1986); Castleberry V Brigano, 349 F3d 286,289(6th Cir. 2003); Jamison V Collins, 291 F3d 380, 384(6th Cir. 2002); DiLOSA V Cain, 279 F3d 259, 261(5th Cir. 2002); Kyles V Whitley, 514 U.S. 419 (1995).

e) **INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL ON REMAND:**

A remand with assignment of new Post-Conviction counsel is also necessary to fully develop the record at an evidentiary hearing cocerning any failure to fully investigate and present the other suspected perpetrator defense, Jones V Wood, 144 F3d 1002, 1013-1014 (9th Cir.1997).

-7-

The present record of the trial shows only one offer of proof based on one prior shooting police report(A-2,A-3,A-4, A-5) without any interviews of witness, without investigators reports, withoutA.T.F. or Gang Task Force reports on the prior shooting or any investigation into Rico Green long term informant status, Banks V Dretke, 124 S.Ct. 1256, 1277 (2004).

What investigation was made into the Lenox Street Group? What investigation was made into "KJ" and Jesse Calhoon? (A-3, A-4). Ground Four is incorporated herein by reference,id.

If, on remand, or upon later 28 U.S.C.§ 2254 Federal Habeas Corpus review, findings are made that trial counsel inadequately investigated other suspects and failed to fully present the available other suspected perpetrator defense, then a new trial must be granted based on ineffective assistance grounds Commonwealth V Farley, 432 Mass 153, 156-157(200);Jones V Wood 207 F3d 557, 560-564(9th Cir. 200); Henderson V Sargent, 926 F2d 706, 708-712 (8th Cir. 1991).

## f)INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL:

A remand for an evidentiary hearing, at which attorney David Duncan testifies is necessary now or shall be granted under Habeas Corpus Rule 8, of the rules governing 28 U.S.C §2254 cases, because appellate counsel must explain his reasons Mapes V Coyle, 171 F3d 408,427-429 (6th Cir. 1999) for failing to brief the TOTAL blanket restriction of cross-examination set out in issues I(a), I(b)supra, and the violation of the right to present such defense evidence set out in issue I(d) and I(e) in the first New Trial Motion.

New counsel <u>must</u> be allowed with rescheduling of oral
argument, because the failure to brief a Confrontation Clause
violation is ineffective assistance of direct appeal counsel,
<u>Mason V Hanks</u>, 97 F3d 887,893-902 (7th Cir. 1996); <u>Clemons V</u>
<u>Delo</u>, 124 F3d 944,948-956(8th Cir. 1996), and attorney Duncan
had no right to refuse to raise this issue,<u>id</u>. Ground Four is
incorporated herein by reference,<u>id</u>, with Grounds Two and Three,<u>id</u>.

g)<u>COMPARISON WITH COMMONWEALTH V. CONKEY</u>:

In contrast to <u>COMMONWEALTH V. BELIARD</u>,443 Mass 79
(2004), Justice Cowin authored the December 16,2004 decision
in <u>COMMONWEALTH V. CONKEY</u>,443 Mass 60,66-70(2004 in which
exclusion of other suspected perpetrator evidence was not
found to be harmless error beyond a reasonable doubt"given
the importance of the evidence to the defenses third-party
culprit theory",<u>id</u>.Attorney Michael Schneider briefed the
exclusion of other suspect evidence from seven years before
the crime on trial and evidence from "several months before
the murder",<u>id</u>.

In this <u>Beliard</u> case the Judge ruled to exclude other
suspect evidence approximately two months before the
murder, and in both <u>Conkey</u> and <u>Beliard</u>, the evidence
had general similarities, but not exact specific crime
marks, but the general similarities were found to
be sufficient for Atty Schneired to brief the issue and
for the Supreme Judicial Court to grant a new trial,<u>id</u>.

-9-

II.  TRIAL ATTORNEY AMABILE WAS INEFFECTIVE FOR FAILING TO RE-
HIS CONFRONTATION CLAUSE OBJECTION FOR FAILING TO OBJECT
TO CLOSING ARGUMENT FOCUSING ON INADMISSABLE EVIDENCE
WHICH INEFFECTIVE APPELLATE ATTORNEY DUNCAN FAILED TO BR-
IEF PROPERLY, THEREBY VIOLATING THE SIXTH AND FOURTEENTH
AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE
TWELVE OF THE MASSACHUSETTS DECLARATION OF RIGHTS

a)  **FACTS SUPPORTING NEW TRIAL MOTION GROUND TWO:**

Following trial John Amabile's request for a vior dire
being denied in a lengthy side bar confrence (6/18/98 TR.
pages 176-179) the following testimony concerning a prior
home invasion was admitted into evidence without objection:

"Q. And was someone convicted of this crime?

A. One of the individuals was convicted.

Q. And who was that?

A. Belius Beliard."

(6/18/98 TR. page 183)

Attorney Amabile failed to object to this testimony when
he subsequently made a late objection to **only** the certified
copy of the conviction (6/18/98 TR. pages 183-184) and then
attorney Amabile waived his hearsay objection at sidebar (6/
18/98 page 185) without the defendant being present, without
consulting the defendant and without the defendant personally
making any knowing, inteeligent and voluntary waiver of his
right to confrontation,**id.** Earlier, however, attorney Amabile
specifically objected by stating, "Belius is not a witness
for the Commonwealth. He hasn't been listed, so apperently
they have no intention of calling him to the witness stand"
(6/15/98 TR. page 37).

This non-strategic failure to object came after attorney
Amabile recognized the Constitutional problem when he told
the court, "there has to be a showing of unavailability to
use it that way." (6/18/98 TR. page 178)

In his primary direct appeal brief attorney David Duncan
did not present any argument concerning trial counsel's ob-
vious ineffective assistance.

The following testimony the took place:

"Q. Now, on April 29,1998, did Belius beliard plead
    guilty to the armed home invasion that occurred
    on January 23,1996?

A. he did.

Q. And did he plead guilty to being involved in a
    shooting that occurred on January 23,1996?

A. Yes,he did.

Q. And were the bullets and the casings that were
    turned over to ballistics, were those part of
    what Mr. Belius Beliard had plead guilty to ?

A. That's correct."

    Mrs. Weschler: Thank you. That's all I have.

    Mr. Amabile: I have no questions of this witness.

    Mr. Muse: I have no questions."

(6/18/98 TR. pages 185-186)

-1**-

The somewhat weak limiting instructio (6/18/98 TR. page 186) was undone by the following closing argument:

> " The Government's theory is that there is a shooting sometime before the shooting of Rico Green, that Mr. Beliard is supposed to be involved in. That these 25. Caliber casings that are found at the Rico Green shooting, and there is a live projectile that comes from the same lot. You heard opinions from ballisticians that these were fired from the same gun, and what they are suggesting to you is, that that was a Beliard gun, for lack of a better characterization."

(6/18/98 TR. page 62)

Attorney Amabile did not object to (6/23/98 TR. pages 62, 69) or request a curative instruction for (6/23/98 TR. pages 77-79) the foregoing prejudicial argument made by attorney Peter Muse.  (6/23/98 TR. page 62).

Attorney Amabile also failed to object to (6/23/98 TR. pgs. 77-79) The prosecutors closing argument focusing on the prior home invasion shooting 25. caliber ballistics evidence inferentially linked to him through the inadmissable evidence of his brother's conviction. (6/23/98 TR. pages 74-76)

Attorney Amabile did not file a Mass.Crim.P.Rule 24(b) written request for the limiting instruction on prior bad acts evidence and conviction (6/18/98 TR. page 186) to be repeated, and failure to object to (6/23/98 TR. pages 117-118) the complete omission of any final jury instruction limiting the prior home invasion testimony and conviction evidence (6/23/98 TR. pages 79-116). Attorney Amabile's motion to strike ( Addendum page 12) does not cite the Sixth Amendment's Conforntation Clause or Mass. Declaration of Rights Article 12.

Appellate attorney David Duncan's primary appellate brief omitted the ineffective assistance of trial counsel issue as well as the merits of prejudicial closing argument and omission of any limiting instruction in the final jury instructions. The weak late reply brief omitted specific winning federal decisions supporting the ineffective assistance of trial counsel issue.

Defendant Beliard's September 17,2004 letter specifically instructed attorney Duncan to file a supplemental brief on these matters (addendum pages 6-11) and following a subsequent letter (addendum pages 13-18) attorney Duncan wrote the defendant telling him to file his own pro se brief (addendum page 1).

b) **AN ATTORNEY CANNOT WAIVE CONFRONTATION CLAUSE RIGHTS:**

Unlike weaker state law that incorrectly permits a lawyer to waive Article XII Rights, Commonwealth V Amirault, 424 Mass 618, 645 n.19 (1997) the stronger protections of the Sixth Amendment to the United States Constitution contains a Confrontation Clause that state defense attorneys cannot waive because such right is personal and subject only to a defendant's personal knowing, intelligent and voluntary waiver, Clemmons V Delo, 124 F3d. 944, 956 (8th Cir. 1996) citing,Brookhart V Janis, 384 U.S. 1, 7 (1966).

Becuase the defendant was not present at sidebar (6/18/98
TR. pages 183-185) and the record contains no personal waiver
by him, the Supremacy Clause of the United States Constitution
Precludes this court from ruling Confrontation Clause rights
were waived at trial or in this appeal, Clemmons V Delo, supra.

c) **TRIAL COUNSEL'S FAILURE TO FOLLOW UP WITH A RENEWED CONFRON-
TATION ClAUSE OBJECTION, FAILURE TO OBJECT TO CLOSING ARGU-
MENTS AND FAILURE TO REQUEST A FINAL LIMITING INSTRUCTION FOL-
LOWING HIS FAILURE TO EVEN CROSS-EXAMINE OFFICER PAUL MARTIN**

After making a proper objection to the absence of any sho-
wing of unavailibilty (6/18/98 TR. page 178) attorney Amabile
failed to make a timely objection when the hearsay evidence
was introduced (6/18/98 TR. pages 183, 185-186) on Confron-
tation Clause violation grounds as required by Massachusetts
law, Liacos,HANDBOOK OF MASSACHUSETTS EVIDENCE, §§ 3.8.2. and
3.8.3. pages 83-87 (7th Edition 1999).

The failure to object to such Confrontation Clause vio-
lative hearsay amounted to ineffective assistance of trial
counsel, Mason V Scully, 16 F3d 38, 42-45 (2nd Cir. 1994).

Similarly, with respect to the prosecutor's focusing on
such hearsay evidence in closing argument (6/23/98 TR. pages
74-76) and the co-defendant's attorney misrepresenting, as
well as focusing on, such evidence in closing argument (6/23
/98 TR. page 62), such"failure to object was based on simple
incompetenca and not sound strategy," Washington V Hofbauer,

228 F3d 689, 707 (6th Cir. 2000). In relation thereto, att-
orney Amabile's failure to file a Mass.Crim.P.Rule 24 (b)
written request for the limiting instruction on hearsay based
on prior bad acts evidence and conviction (6/18/98 TR. page
186) to be repeated following closing arguments in the final
jury instructions (6/23/98 TR. pages 79-116), also amounted
to ineffective assistance of trial counsel, White V McAninch,
253 F3d 997, 999-1003 (7th Cir. 1995); Crotts V Smith, 73 F
3d 861, 866-867 (9th Cir. 1996); Commonwealth V Gelpi, 416
Mass 729, 731 (1994); Freeman V Class, 95 F3d 639 (8th Cir.
1996).

     Finally, there was no reason for attorney Amabile not to
cross-examine officer Paul Martin (6/18/98 TR. page 186) fol-
lowing the damaging hearsay evidence concerning prior bad
acts by defendant's brother which were presented as a form
of guilt by association (6/18/98 TR. pages 183, 185-186).
At the very least, cross-examination could have exposed a
dozen reasons why such prior shooting investigation was too
remote and irrelevant; hence, the failure to cross-examine
officer Paul Martin was ineffective assistance, Dixon V Sny-
der, 266 F3d 693, 699-705 (7th Cir. 2001)

## d) THE MERITS OF THE CONFRONTATION CLAUSE VIOLATION:

Because unavailability of the defendant's brother was a pre-
requisite to introduction of his prior guilty plea statements,
this court must find attorney Amabile made a specific Confron-
tation Clause objection when he told Judge Banks at sidebar
that" there has to be a showing of unavailability to use that
way" (6/18/98 TR. page 178), prior to the erroneous admission
of evidence (6/18/98 TR. pages 183, 185-186), Commonwealth V
DiBenedetto, 414 Mass. 37, 44 n.10(1992) ( court holding the
following language to sufficiently preserve a Confrontation
Clause objection when the defense attorney stated, " if you
do it that way, your Honor, the dough may get shot in my
face") and the DiBenedetto case required a new trial for un-
availability witness hearsay intrduced dozens of pages after
the broadly phrased objection,id.

Since the federal Confrontation Clause objection (6/18/98
TR. page 178) properly preserved the error, the Commonwealth
bore the burden of proving the error was harmless beyond a
reasonable doubt,  Commonwealth V DiBenedetto, supra, 414
Mass. at 40-42; Delaware V Van Arsdall, 475 U.S. 673 684
(1986) which they could not meet based on the co-defendant's
closing argument undoing any limiting instruction by linking
the defendant to the guilty plea fire arm (6/23/98 TR. page
62) and the prosecutor focusing on the erroneously admitted
guilty plea hearsay evidence in closing argument to secure
the conviction (6/23/98 TR. pages 74-76), Marsh V Richardson