Michael Kevin DuPont W44682
P.O. Box 100
S. Walpole, MA. 02071

FILED
IN CLERKS OFFICE
2005 FEB -8 P 2:36
U.S. DISTRICT COURT

February 1, 2005

C.J.A. Counsel Analyst Judith Litwin    cc. Att'y John Amabile
One Courthouse Way (Suite 2300)         386 Pleasant Street
Boston, MA. 02210                       Brockton, MA. 02301

cc. Exhibit DuPont V. Nolan, 04-11431-GAO

Board of Bar Overseers              cc. CPCS Att'y David Nathanson
99 High Street                      44 Bromfield Street
Boston, MA. 02110                   Boston, MA. 02108

RE: FORMAL COMPLAINT FOR REMOVAL OF SO-CALLED
ATTORNEY JOHN AMABILE FROM FEDERAL
C.J.A. ASSIGNMENT LIST, CPCS MURDER LIST
AND FOR BOARD OF BAR OVERSEERS INVESTIGATION,
WITH REASSIGNMENT OF COMPETENT COUNSEL

Dear CJA Counsel, BBO & CPCS:

As you know
over 50% of the old C.J.A. Assignment List [1]
Counsel are not competent to practice law,
especially Attorney John Amabile, who
—1 of 4—    (see other side →)

─────────────────────────────────

[1] The worst on CJA List is Attorney Roger Cox who
overbills and sells out all of his clients, like George
Gormley, Roger Witkin, Bernie Grossberg and
dozens of lazy assigned federal lawyers do (but
[but I'll legally remove them all from list later this year)

has Refused to answer all of my letters, has an office practice not to accept collect calls in assigned client cases and would not even talk to me until Judge O'Toole wrote Amabile 1/10/05 letter followed by 1/12/05 visit and attorney Amabile breaching his professional contract promise to file bail motion prior to the 1/27/05 hearing I just had. On the 1/12/05 visit the only thing Amabile knew was that he was in trouble with Judge O'Toole and that my first name was Mike.

At the 1/27/05 hearing Amabile called me "Kevin", but that's as close as he came to being prepared and had not filed the bail motion he promised or done any research so he relied on my previously filed handprinted and typed pro se oppositions to government motions for scheduled 2/9/05 hearing.

My attached docket entries show that since his November 2004 assignment, attorney Amabile did not even know he had to file an appearance under Do Mass. Local Rule 83.5.2(a).

— 2 of 4 —

My Attached Motion to be heard at February 7, 2005 hearing verifies I plan to make a record in open court concerning the C.J.A. Office allowing unfit Lawyers stay on your List when you should have competency exams for Lawyers to remove over 50% of old Lazy and incompetent ones from C.J.A. List and open it up for new competent, diligent young Attorneys !!!!!!

I am unquestionably the best Legal researcher on the PLANET but when I tell Atty. Amabile names of recent decisions Amabile gets a blank [deer caught in headlights in road] look on his face and has absolutely no idea what I'm talking about. If you had assigned a Boston cab driver to me, the cab driver would have a better understanding of the Law than John Amabile has !!!!

John Amabile does not read updated advance sheet decisional Law does not know older Supreme Court Law and is not familiar with Federal Appeals Court decisions and AEDPA 28 USC 2254 Habeas Corpus practice and procedures

— 3 of 4 —    (other side →)

In Fact John Amabile did not know state law over a decade ago when he did my former (now deceased) friend Cliff Davis' murder trial, which I helped draft ineffective assistance grounds for CPCS counsel last year, and Amabile did not know state decisional law recently in Jack Beliard's case which I filed a new trial motion (attached) attack on John Amabiles ineffective assistance a couple of weeks ago. CPCS should remove John Amabile from their murder list because all Amabile knows how to do is Legally kill his clients.

The CJA office should remove Amabile from Federal List and replace new counsel in all of his pending cases...!!!

The Board of BBA overseers is requested to investigate John Amabile for over a decade since all of his clients talk about Amabiles lack of communication, failure to keep them updated on status of cases, lack of diligence and obvious lack of competence which violates SJC Rule 3:09 Atty Ethics sub-rules 1.1, 1.3 and 1.4, similar to his doing nothing in my case knowing it should have been expedited due to my release 2/26/05 sentence expiration. I request new C.J.A. counsel be assigned.

Michael Blout

— 4 of 4 —

*Exhibit*

**UNITED STATES DISTRICT COURT**
DISTRICT OF MASSACHUSETTS
UNITED STATES COURTHOUSE  *(Suite 4710)*
1 COURTHOUSE WAY
BOSTON, MASSACHUSETTS 02210

GEORGE A. O'TOOLE, JR.
DISTRICT JUDGE

January 10, 2005

John A. Amabile, Esq.
Amabile & Burkly, PC
380 Pleasant Street
Brockton, MA 02401

RE:    DuPont v. Nolan, CV 04-11431-GAO

Dear Mr. Amabile:

Enclosed is a photocopy of a letter I have received from Mr. DuPont. I trust you will be in touch with him.

Very truly yours,

George A. O'Toole, Jr.
United States District Judge

Enc.

cc:    Michael Kevin DuPont, # 44692
       P.O. Box 100
       South Walpole, MA 02071-0100

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

MICHAEL KEVIN DuPont,
PETITIONER

V.

No. 04-11431-GAO

DAVID NOLAN,
RESPONDENT

× × × × × × × × × × ×

EMERGENCY MOTION FOR COURT TO COMPEL
C.J.A. ATTORNEY JOHN AMABILE TO
COMMUNICATE WITH PETITIONER OR
FOR REASSIGNMENT OF C.J.A. COUNSEL

Now comes The PETITIONER, AVERRING
under PAIN AND PENALTY of perjury that
he shall be Released from PRISON IN
MARCH 2005, And moves Judge O'Toole
To compel ATTORNEY John AMABILE To
COMMUNICATE with the PETITIONER, or
FOR ASSIGNMENT OF A New C.J.A. Lawyer
who will PRESS for A bAIL Release Hearing
Accept collect cAlls And ANswer Letters.

IN support hereof, PETITIONER Also
AVERS That AMABILE hAs not ANswered
PETITIONERS 12/9/04 letter or A second letter
his office SecreTARy Refuses to Accept
collect Telephone cAlls IN Boston And Brockton
And AMABILES Boston office sAys he does
NOT WORK IN Boston office And is Always IN Brockton,
1/6/05 copy Served On Submitted By,
Ass Atty Gen, SUSAN Reardon
C.J.A. coordinATor                Juliet DuPont PROSE
cc. Atty John AMABILE

*Exhibit*

CASREF

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:04-cv-11431-GAO
### Internal Use Only

DuPont v. Nolan
Assigned to: Judge George A. O'Toole Jr.
Referred to: Magistrate Judge Marianne B. Bowler
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 06/17/2004
Jury Demand: None
Nature of Suit: 530 Habeas Corpus
(General)
Jurisdiction: Federal Question

**Petitioner**
----------------------

**Michael Kevin DuPont**

represented by **Michael Kevin DuPont**
MCI Cedar Junction
P.O. Box 100
South Walpole, MA 02071
PRO SE

V.

**Respondent**
----------------------

**David Nolan,** *Superintendent*

represented by **Susanne G. Reardon**
Attorney General's Office
One Ashburton Place
18th Floor
Boston, MA 02108
617-727-2200
Fax: 617-727-5755
Email:
susanne.reardon@ago.state.ma.us
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/17/2004 | ●1 | MOTION for Leave to Proceed in forma pauperis by Michael Kevin DuPont.(Jenness, Susan) (Entered: 06/23/2004) |
| 06/17/2004 | ●2 | PETITION for writ of habeas corpus pursuant to 28:2254 , filed by Michael Kevin DuPont.(Jenness, Susan) (Entered: 06/23/2004) |

UNITED STATES  DISTRICT COURT
FOR   THE
DISTRICT OF MASSACHUSETTS

MICHAEL KEVIN DuPONT,           *
                PETITIONER      *
                                *
V.                              *
                                *    No. 04-11431-GAO
                                *
DAVID NOLAN,                    *
            RESPONDENT          *
***************************

*(handwritten, right margin)* To conceal own misconduct + struck Judge O'Toole record this from 11/27/05 status conference hearing   Exhibit #13

BLAKELY V. WASHINGTON,124 S.Ct 2531(2004)LEGAL GROUND MOTION
FOR  IMMEDIATE  BAIL AND NOTICE OF COMPLAINT AGAINST   JUDGE
O'TOOLE FOR UNTIMELY RULINGS AND COVERING UP FOR PROSECUTORS

                Now comes the unlawfully imprisoned Petitioner,
citing Judge O'Toole's principle of **"enough is enough"**,US V. NORTH,
98-10176-GAO (3/10/00 transcript page 138), and, where Petitioner's
sentence expires in three months after having served eight years
excessive time over wrap up due to pending APPRENDI-type violation
of the rules of BLAKELY V. WASHINGTON,124 S.Ct.2531(2004),especially
the state Court's decision being contrary to the Apprendi-Blakely
**"impact analysis"**,UNITED STATES V. MUFFLEMAN,327 F.Supp2d 79,88-89
(D.Mass 2004), Petitioner, for a third time, moves for immediate
bail release under the Blakely bail decision in UNITED STATES V.
CASTRO,382 F3d 927,929(9th Cir 2004) (see former Docket entries#8,
#19,#21), and,in relation thereto attaches an advance copy of his
12/6/04 letter complaint to the First Circuit Aministrator which
concerns Judge O'Toole's pattern of untimely rulings in many other
case, and in particular Judge O'Toole's specifically covering-up
for unethical Ass.Atty.General Susan Rearon *yet* in this case and his
18 USC § 2 aiding and abetting her fraudulent obstruction of
justice conspiracy with state prosecutors Judge Quinlan is also
covering up for(see attached exhibit state DE#597,#598) by Judge
O'Toole failing to refer her to the Board of Bar Overseers and
delaying rulings in a joint venture conspiracy to moot the habeas
excessive sentence grounds(DE#20,#23,#25,#26,#27,#28,#29,#30,#31-36).
IF not immediately released on bail,petitioner shall lawfully impose
sanctions using first amendment rights to make Judge O'Toole work
much harder by PROVIDING ~~proving~~ massive pro bono assistance to O'Toole's
other litigant victims upon release anyway in March 2005 !
November 25,2004
Copy served on corrupt and                    SUBMITTED BY,
unethical AAG Susan Reardon
cc. State Court files

                                *(signature)* Michael Kevin DuPont

                                Michael DuPont Pro Se
                                PO Box 100
                                S.Walpole,MA.02071

| 06/17/2004 | ◯ | If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Bowler. (Jenness, Susan) (Entered: 06/23/2004) |
|---|---|---|
| 06/17/2004 | ◯3 | MOTION to Assignment of Counsel to Expedite Bail Release and for Necessary Evidentiary Hearing by Michael Kevin DuPont. (Weissman, Linn) Additional attachment(s) added on 6/28/2004 (Jenness, Susan). (Entered: 06/25/2004) |
| 06/23/2004 | ◯ | Case undergoing preliminary screening (Jenness, Susan) (Entered: 06/23/2004) |
| 06/24/2004 | ◯4 | Judge George A. O'Toole Jr.: SERVICE ORDER entered re: 2254 Petition. Order entered pursuant to R.4 of the Rules governing Section 2254 cases for service on respondents. Answer/responsive pleading due w/in 20 days of rcpt of this order. cc/cl(Weissman, Linn) (Entered: 06/25/2004) |
| 06/24/2004 | ◯5 | Judge George A. O'Toole Jr.: ORDER entered granting 1 Motion for Leave to Proceed in forma pauperis. cc/cl (Weissman, Linn) (Entered: 06/25/2004) |
| 06/24/2004 | ◯6 | Judge George A. O'Toole Jr.: ORDER entered denying 3 petitioner's motions for appointment of counsel and for an evidentiary hearing without prejudice to the re-filing of these motions after the respondent has filed a responsive pleading to the petition.cc/cl (Weissman, Linn) (Entered: 06/25/2004) |
| 06/28/2004 | ◯ | Documentation attached to motion No. 3 for appointment of counsel is not scannable however is attached in hard copy to motion. (Jenness, Susan) (Entered: 06/28/2004) |
| 07/02/2004 | ◯7 | MOTION for Reconsideration of Counsel Assignment on July 19, 2004 and to Deny Respondent's Time Extensions or to Transfer Case to Judge Lindsay by Michael Kevin DuPont.(Barrette, Mark) (Entered: 07/08/2004) |
| 07/02/2004 | ◯8 | EXHIBIT by Michael Kevin DuPont.***Too large to scan*** (Barrette, Mark) Additional attachment(s) added on 7/8/2004 (Barrette, Mark). (Entered: 07/08/2004) |
| 07/02/2004 | ◯9 | Verified MOTION for Bail Hearing and to Expedite Bail Release Based Upon Blakely v. Washington, 124 s. Ct. (2004) ***Attachments too large to be Scanned*** by Michael Kevin DuPont.(Barrette, Mark) (Entered: 07/08/2004) |
| 07/06/2004 | ◯ | Return receipt received for mail sent to Ms. Cathryn A. Neaves |

| 08/20/2004 | ●15 | ANSWER to Complaint *habeas corpus petition* by David Nolan. (Reardon, Susanne) (Entered: 08/20/2004) |
|---|---|---|
| 08/20/2004 | ●16 | MOTION to Dismiss *petition for writ of habeas corpus* by David Nolan.(Reardon, Susanne) (Entered: 08/20/2004) |
| 08/20/2004 | ●17 | MEMORANDUM in Support re 16 MOTION to Dismiss *petition for writ of habeas corpus* filed by David Nolan. (Reardon, Susanne) (Entered: 08/20/2004) |
| 08/23/2004 | ●18 | Supplemental ANSWER to Complaint(Volume 1&2***Too Large to be Scanned***) by David Nolan.(Barrette, Mark) (Entered: 08/24/2004) |
| 08/24/2004 | ●22 | Petitioner's Filing of Grievance Appeal # 4420 Concession by Respondent Nolan's 8/3/04 Exhibit Stipulating Full Exhaustion of Apprendi-Based Blakely v. Washington Grounds 3,6,7 and 15 Allowing Partial Summary Judgment Immediate Release from Michael Kevin Dupont. (Barrette, Mark) (Entered: 08/30/2004) |
| 08/25/2004 | ●23 | Opposition re 16 MOTION to Dismiss *petition for writ of habeas corpus* filed by Michael Kevin DuPont. (Barrette, Mark) (Entered: 08/31/2004) |
| 08/31/2004 | ●24 | Petitioners Decisional Support for Summarily Denying the Motion to Dismiss from Michael Kevin Dupont. (Barrette, Mark) (Entered: 08/31/2004) |
| 09/09/2004 | ●26 | MOTION Investigation of State Atty. General's Office Targeting Some Federal Judges For Omission of Collateral Exhaustion Records by Michael Kevin DuPont.(Barrette, Mark) (Entered: 09/15/2004) |
| 09/09/2004 | ●27 | NOTICE of Intent To File Dupont v O'Toole Bivens Complaint For Untrained Judge Failing To Compel Respondent to File 01-P-1792 Exhaustion Record and Delay Supporting Judge O'Toole Disqualifying Himself by Michael Kevin DuPont (Barrette, Mark) (Entered: 09/15/2004) |
| 09/09/2004 | ●28 | Demand for Expedited Decision on Merits and Assigned Counsel To Facilitate Release or for Judge O'Toole to Disqualify Himself by Michael Kevin DuPont. (Barrette, Mark) (Entered: 09/15/2004) |
| 09/09/2004 | ●30 | Verified Demand For Denial of Respondent's Motion to Dismiss and for Exposure of AAG Susan Reardon's Misconduct or for Judge O'Toole to Disqualify Himself by Michael Kevin DuPont to 16 MOTION to Dismiss *petition for writ of habeas corpus*. (Barrette, Mark) (Entered: 09/15/2004) |

| 09/15/2004 | ◑25 | MOTION to Strike Respondents Answer, Supplemental Answer and Motion To Dismiss for Bad faith Omission of 01-P-1792 Exhaustion Record and False Answer Denial of Such Knowledge 15 Answer to Complaint, 16 MOTION to Dismiss *petition for writ of habeas corpus*, 18 Answer to Complaint by Michael Kevin DuPont.(Barrette, Mark) (Entered: 09/15/2004) |
|---|---|---|
| 09/15/2004 | ◑29 | Third MOTION to Appoint Counsel To Expose the Respondent's Misconduct and Expedite Hearings For Release Within Six Months Remaining To be served on Twenty Year Sentence by Michael Kevin DuPont.(Barrette, Mark) (Entered: 09/15/2004) |
| 09/20/2004 | ◑31 | Respondents 01-P-1792 BRIEF Exhibit Opposing Grounds 1,3,4,5,6,7, &15 on the Merits and not contesting State Habeas Corpus Exhaustion Remedy by Michael Kevin DuPont to 16 MOTION to Dismiss *petition for writ of habeas corpus*. (Barrette, Mark) (Entered: 09/23/2004) |
| 09/20/2004 | ◑32 | State Exhaustion 01-P-1792 Appendix Volume IV Transcripts by Michael Kevin DuPont. (Barrette, Mark) (Entered: 09/23/2004) |
| 11/19/2004 | ◑ | Judge George A. O'Toole Jr.: ORDER entered- Upon review of the file, this action is referred to the Magistrate Judge for appointment of counsel only.(Lyness, Paul) (Entered: 11/19/2004) |
| 11/19/2004 | ◑33 | Judge George A. O'Toole Jr.: ORDER entered REFERRING CASE to Magistrate Judge Marianne B. Bowler Referred for: to appoint CJA Attorney (Attachments: # 1 Attorney assignment request# 2 Appointment of Counsel)(Edge, Eugenia) (Entered: 11/22/2004) |

| | | |
|---|---|---|
| | | Exhaustion Record and Delay Supporting Judge O'Toole Disqualifying Himself by Michael Kevin DuPont (Barrette, Mark) (Entered: 09/15/2004) |
| 09/15/2004 | 28 | Demand for Expedited Decision on Merits and Assigned Counsel To Facilitate Release or for Judge O'Toole to Disqualify Himself by Michael Kevin DuPont. (Barrette, Mark) (Entered: 09/15/2004) |
| 09/15/2004 | 29 | Third MOTION to Appoint Counsel To Expose the Respondent's Misconduct and Expedite Hearings For Release Within Six Months Remaining To be served on Twenty Year Sentence by Michael Kevin DuPont.(Barrette, Mark) (Entered: 09/15/2004) |
| 09/15/2004 | 30 | Verified Demand For Denial of Respondent's Motion to Dismiss and for Exposure of AAG Susan Reardon's Misconduct or for Judge O'Toole to Disqualify Himself by Michael Kevin DuPont to 16 MOTION to Dismiss *petition for writ of habeas corpus*. (Barrette, Mark) (Entered: 09/15/2004) |
| 09/23/2004 | 31 | Respondents 01-P-1792 BRIEF Exhibit Opposing Grounds 1,3,4,5,6,7, &15 on the Merits and not contesting State Habeas Corpus Exhaustion Remedy by Michael Kevin DuPont to 16 MOTION to Dismiss *petition for writ of habeas corpus*. (Barrette, Mark) (Entered: 09/23/2004) |
| 09/23/2004 | 32 | State Exhaustion 01-P-1792 Appendix Volume IV Transcripts by Michael Kevin DuPont. (Barrette, Mark) (Entered: 09/23/2004) |
| 11/19/2004 | | Judge George A. O'Toole Jr.: ORDER entered- Upon review of the file, this action is referred to the Magistrate Judge for appointment of counsel only.(Lyness, Paul) (Entered: 11/19/2004) |
| 11/22/2004 | 33 | Judge George A. O'Toole Jr.: ORDER entered REFERRING CASE to Magistrate Judge Marianne B. Bowler Referred for: to appoint CJA Attorney (Attachments: # 1 Attorney assignment request# 2 Appointment of Counsel)(Edge, Eugenia) (Entered: 11/22/2004) |
| 01/04/2005 | | Judge George A. O'Toole Jr.: Electronic ORDER entered terminating 13 Motion for Extension of Time to Answer (Lyness, Paul) Modified on 1/5/2005 to add electronic to text (Edge, Eugenia). (Entered: 01/04/2005) |

Exhibit

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

MICHAEL KEVIN DuPONT,
PETITIONER

V.

DAVID NOLAN,
RESPONDANT

No. 04-11431-GAO

* * * * * * * * * * * *

REQUEST FOR LEAVE TO BE HEARD AT 2/7/05 HEARING
ON NEED FOR ASSIGNMENT OF DILIGENT/COMPETANT
C.J.A. COUNSEL AND MOTION FOR BAIL RELEASE
TO 30 DAY CONSECUTIVE SENTENCE ON 2/7/05
FOR PURPOSE OF PREVENTING MOOTNESS OF GROUNDS

BECAUSE SO-CALLED CJA ATTORNEY JOHN
AMABILE DID NOT FILE HIS APPEARANCE FOR
OVER TWO MONTHS IN VIOLATION OF D. MASS
LOCAL RULE 83.5.2(a), BROKE HIS WORD TO
PETITIONER TO FILE BAIL MOTION SHORTLY AFTER
1/12/05 VISIT AND PETITIONER QUESTIONS COUNSEL'S
LACK OF KNOWLEDGE OF 28 USC 2254 DECISIONAL
LAW, BASED ON AMABILE'S REPUTATION FOR LACK
OF DILIGENCE FOR OVER A DECADE SYSTEMWIDE
AND LACK OF COMMUNICATION WITH FAILURE TO
ANSWER PETITIONER'S LETTER QUESTIONS IN VIOLATION
OF SJC RULE 3:07, ATTY ETHICS SUB-RULES 1.3 1.4(a)(b)
WITH HIS OFFICE REFUSING COLLECT CALLS FROM CLIENTS YOUR
PETITIONER REQUESTS TO BE HEARD AND MAKE A
RECORD AT 2/7/05 HEARING, AND FOR RECONSIDERATION
OF BAIL, FOR REASONS SET OUT IN ATTACHED 5 PAGE
COMPLAINT AGAINST JUDGE O'TOOLE WITH ITS EXHIBITS

JANUARY 30, 2004 COPY                    Michael DuPont
SERVE ON ASSO. ATTY GEN. SUSAN REARDON
CC: ATTY JOHN AMABILE              MICHAEL DuPONT, PRO HAC VICE
                                   BOX 100, S. WALPOLE, MA 02071

JUDICIAL COUNCIL OF THE FIRST CIRCUIT

COMPLAINT OF JUDICIAL MISCONDUCT OR DISABILITY

*Through: GARY H. WENTE, FIRST CIRCUIT EXECUTIVE*

Mail this form to the Clerk, United States Court of Appeals for the First Circuit, United States Courthouse, Suite 2500, 1 Courthouse Way, Boston, Massachusetts 02210.  Mark the envelope JUDICIAL MISCONDUCT COMPLAINT or JUDICIAL DISABILITY COMPLAINT.  Do not put the name of the judge or magistrate on the envelope.

*Copies To: Chief Judge William Young & Hon. Judge Auress, Atty.*
See Rule 2(e) for the number of copies required. *General Susan O'Reardon*
*And All other D. Mass Judges And O'Toole's Friends Later*

*for my release!*

1.  Complainant's name: *Michael Kevin DuPont*

    Address: *P.O. Box 100*

    *S. Walpole, MA. 02071*

    Daytime telephone: (    )

2.  Judge or magistrate complained about:

    Name: *George A. O'Toole, JR.*

    Court: *District of Massachusetts at Boston*
    *Who should be disqualified from my case immediately*

3.  Does this complaint concern the behavior of the judge or magistrate in a particular lawsuit or lawsuits?

    [ *V* ] Yes            [    ] No

    If yes, give the following information about each lawsuit (use the reverse side if there is more than one):

    Court: *DuPont V Nolan, 04-11431-GAO*    *And all other cases on his docket. He's*

    Docket number: *04-11431-GAO*    *too lazy to make timely rulings on*

    Are (were) you a party or lawyer in the lawsuit?

    *w/counsel*
    [ *V* ] Party    [    ] Lawyer    [    ] Neither [ *V* ] *MAYBE*
    *But CJA Assigned Att. John Amabile does not know the Law*
    If a party, give the name, address and telephone number of your lawyer:
    *So-called Attorney John Amabile told me he does*
    *not like Judge O'Toole and criticized O'Toole*
    *strongly on our First Visit*

    Docket numbers of any appeals to the First Circuit: _____

4.    Have you filed any lawsuits against the judge or magistrate?

*BIVENS COMPLAINT FOR FAILURE TO TRAIN O'TOOLE MAY FOLLOW*

[ ] Yes    [✓] No    *YET NOT*

If yes, give the following information about each lawsuit (use the reverse side if there is more than one):

Court: _____

Docket number: _____

Present status of suit: _____

Name, address and telephone number of your lawyer: _____

_____

Court to which any appeal has been taken: _____

*28 USC § 351 (a); MASS. SJC Rule 3:09 violations*

Docket number of the appeal: _____

*PATTERN OF UNTIMELY Rulings IN All O'TOOLE CASES =*

Present status of the appeal: _____

*FOR ENGAGING IN CONDUCT PREJUDICIAL TO THE*

5.    On separate sheets of paper, not larger than the paper this form is printed on, describe the conduct or the evidence of disability that is the subject of this complaint. See Rule 2(b) and 2(d). Do not use more than 5 pages (5 sides).

*EXPEDITIOUS ADMINISTRATION OF JUSTICE AND*
*NOT KNOWING BAIL LAW AND HABEAS CORPUS LAW*
*SUFFICIENTLY TO MAKE TIMELY decisions*

6.    You should either –

        (1)    check the first box below and sign this form in the presence of a notary public; or
        (2)    check the second box and sign the form. You do not need a notary public if you check the second box.

[ ]    I swear (affirm) that –

[✓]    I declare under penalty of perjury that –

        (1)    I have read Rules 1 and 2 of the Rules of the Judicial Council of the First Circuit Governing Complaints of Judicial Misconduct or Disability; and
        (2)    The statements made in this complaint are true and correct to the best of my knowledge.

*CJA SIGN THIS*
*TYPE SPECIFICALLY*

*please have my lawyer*
*Assigned how many cases he lost to O'Toole*
*And tell you*
*And why Judge*

Signature: *Michael Kevin Dupont*

Date executed: *JANUARY 30, 2005*

Sworn and subscribed to before me

Date: _____

Notary Public: _____

My commission expires: _____

*ATTORNEY JOHN AMABILE*
*380 PLEASANT STREET*
*BROCKTON, MA, 02301*
*(508) 559-6966*

Because I do not have Federal Ethics Rules for Judges in my cell, I am citing analogous Rules of Massachusetts Supreme Judicial Court, as follows:

COMPLAINT #1: EX PARTE COMMUNICATIONS AND PURPOSEFUL DENIAL OF COMPETANT COUNSEL TO COVER-UP MISCONDUCT WHILE DENYING PETITIONER FAIR OPPORTUNITY TO BE HEARD:

Please find attached hereto a copy of Judge O'Toole's personally writing a lawyer ex parte without serving a copy on opposing Attorney General's office counsel, and I aver that before 1/27/05 hearing Attorney Amabile told me what Judge O'Toole was going to say about my subsequent filings so there may have been a second ex parte communication.

SJC Rule 3:09 Judicial Cannon 3 (A)(4) prohibits ex parte communications with only one counsel for one party without including or notifying counsel for other party, HALLER V ROBBINS, 409 F2d 857, 858-859 (1st Cir 1989); YOHN V LOVE, 76 F3d 508, 513-515 (3rd Cir 1996), because it "undermines confidence in the impartiality of the court", UNITED STATES V MINSKY 963 F2d 870, 874 (6th Cir 1992) and even brief communications with one lawyer supports recusal, UNITED STATES V RHYNES 206 F3d 349, 356-359 (4th Cir 1999), which untrained Judge O'Toole should have known, if.

—1 of 5—

Following Judge O'Toole's 1/10/05 ex parte letter, the 1/27/05 hearing transcript tends to show unusual favoritism for unprecedented quick 2/7/05 hearing next week allowing Atty. Amabile to have me present on 1/27/05 and 2/7/05 for minor technical status conference and motion to dismiss arguments that no habeas petitioner has ever been brought to court for to my knowledge by any Judge ever before, so I fear bias in favor of Atty Amabile because Judge O'Toole must know Amabile cannot possibly know facts in my 10,000 page case record and does not know updated federal case law, or perhaps any controlling decisional law. The 1/27/05 striking of my pleadings included Judge O'Toole striking my complaint against him to conceal his misconduct/delay from First Circuit in later appeal. Also SJC Rule 3:09 Judicial Canon 3(A)(4) also states "A Judge should accord to every person who is legally interested in a proceeding, or his lawyer, full right to be heard according to law", but Judge O'Toole denied me opportunity to be heard for past six months and gave me an incompetent CJA. lawyer who never contacted me until Judge O'Toole wrote Amabile, and did not even know to file a timely appearance in my case for several months, on visit, in addition to criticize Judge O'Toole, Attorney Amabile gossiped about lesbian non Judge Regina Quinlan in my case but said Quinlan's girlfriend AAG Barbara A.H. Smith was dating prosecutor Phyllis Broker, not Quinlan when Amabile worked with her in the Attorney General's office.

-20f5-

Attorney Amabile has not accepted any of my collect calls to his offices in past two months, and has not written me to answer any of my letters and broke his 1/12/05 promise to me that he would file a bail motion and other stuff within a few days, but he never filed anything and 1/27/05 transcript verifies his laziness when he relied only on my pro se pleadings, id. When I asked Amabile about 1/12/05 U S V Booker case just like when I named cases before, he had a blank look on his face, and he asked me for copies of bail cases Rivera v Concecion, — Fad — (1st cir 1922) and Ober v Guarino, — F3d — (1st cir 2002) because Amabile didn't know any habeas corpus bail cases during 1/27/05 hearing. I helped several other prisoners prepare new trial motions attacking attorney Amabile for not knowing stare decisional law at there murder trials, but I was shocked that O'Toole would allow Amabile to practice in his court room knowing Amabile does not read or know basic Federal decisional law. Judge O'Toole covers up for incompetent CJA counsel by not allowing client victims to file motions or make a record speaking in his court room, so I would check out in your investigation all O'Toole cases with the most incompetent lawyers on C.J.A. list such as atty Roger Cox who sells-out all of his clients, or lawyers like Amabile who do not read updated F3d decisional law, like Bernie Grossberg and 50% of all CJA list counsel, or Roger Witkin who tells his clients he's not going to file motions because the motions will be denied by Federal Judges anyway. The CJA list should be opened to allow new young competent and diligent lawyers to get on CJA list, and 50% of old over-the-hill incompetent lawyers who merely over bill the government while never

— 3 of 5 —

Adequately preparing for trials should undergo competency evaluations and be removed from federal CJA assignment list.

Complaint #2: PATTERN IN DELAY IN RULINGS:

SJC Rule 3:09 Judicial Canon 3 (A)(5) states, "A Judge should dispose promptly of the business of the court" so I request you to investigate all other O'Toole case docket entries for pattern of his untimely decisions, as verified by my attached 04-11431-GAO docket entries showing a dozen motions he has not ruled on, with attached 3/4/05 sentence recalculation for 2/26/05 release from prison that may moot habeas grounds. Contrast O'Toole ruling on mootness reviewed in JACKSON v COALTER 337 F3d 74, 79 (1st Cir 2003) with supreme court case or cases cited therein explaining that the " case or controversy requirement subsists through all stages of federal judicial proceedings" and the practical effect of O'Toole's delay severely prejudiced me on APPRENDI-BLAKELY-BOOKER release and related sentencing grounds he had no excuse for not deciding merits of.

Complaint #3: COVER-UP FOR GOVERNMENT MISCONDUCT AND O'TOOLE NOT BEING TRAINED IN FEDERAL HABEAS CORPUS OR BAIL LAW:

SJC Rule 3:09, Judicial Canon 3 (B)(3)(b) and D. Mass. Local Rule 83.6 (5)(A) Judge O'Toole has a duty to refer the Assistant Attorney General in my case to the board of bar overseers for reasons stated in pleadings listed in my docket entries, incorporated herein by reference but your future investigation may find he covered up for government lawyers as O'Toole always does!

— 4 of 5 —

SJC Rule 3:09 Judicial Canon 3 CA)(i)
States "A Judge should be faithful to the law and maintain professional competence in it", id so I should not have to teach O'Toole that D. Mass Local Rule 83.5.2(a) Required incompetent Attorney Amabile to file an Appearance; hence O'Toole did not have lawful power to strike my pro se motions properly filed before counsel's Appearance.

I should not have to teach Judge O'Toole that he has power to grant bail even before exhaustion of state remedies where delay is a factor, RIVERA V CONCEPCION, 469 F2d 17, 18 (1st Cir 1992) And often "the petitioner has remained free on bail pending the outcome of the habeas proceedings", OUBER V GUARINO 295 F3d 19, 25 (1st Cir 2002) while bail is particularly appropriate for APPRENDI grounds following BLAKELY-BOOKER decisions, UNITED STATES V CASTRO, 382 F3d 927, 929 (9th Cir 2004) And petitioner DuPont also has a denial of plea stage counsel without a waiver of counsel ground, IOWA V TOVAR, 124 S.Ct 1379 (2004) that shall require replea, sentencing, and bail release is particularly appropriate where a showing is made that a favorable decision may result in resentencing to a term less that time already served, UNITED STATES V ANTICO, 123 F.supp2d 285 (EDNA 2000). Judge O'Toole should not be allowed to sit and hear habeas corpus cases until he certifies under oath that he read cover-to-cover, Liebman, FEDERAL HABEAS CORPUS PRACTICE & PROCEDURE (4th Ed 1999 w/pock supp), but I'll gladly train O'Toole for you when I lawfully haunt his court room upon my release giving pro bono assistance to litigants in all O'Toole's other cases since the United States failed to train him in law + common courtesy.

—5 of 5—   Thomas C. DuPont

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

MICHAEL KEVIN DuPONT,
                        Petitioner   *
                                     *
                                     *
v.                                   *   No.04-11431-GAO
                                     *
DAVID NOLAN,                         *   (Submitted through CJA Counsel
             Respondent              *    to file/serve before 2/7/05)
**********************************

PETITIONER'S RENEWED MOTION FOR BAIL FROM PRESENT SENTENCE
TO 30 DAY CONSECUTIVE SENTENCE ON 2/7/05 PREVENTING MOOTNESS

          Now comes the Petitioner,forwarding this through CJA n.1/
counsel(despite failure of counsel to file Local Rule 83.5.2(a) appear-
ance in past two months) and,pursuant to 28 USC §2243("shall summar-
ily hear and determine the facts and dispose of the matter as law
and justice require") and pre-exaustion bail precident,RIVERA V.
CONCEPCION,355 F.Supp 662,665-666(D.PR 1972(Sentence substantially
completed before substantial questions of law are decided,requiring
bail);469 F2d 17(1st Cir 1972) as well as pending habeas petition
inherent power to grant bail,OUBER V. GUARINO,293 F3d 19,25(1st Cir
2002)("The petitioner has remained free on bail pending the out-
come of the habeas proceeding") where resentencing may occur if the
post-conviction attack prevails,UNITED STATES V. ANTICO,123 F.Supp2d
286)remanded 275 F3d 245,272(3rd Cir 2001) espescially when a
Blakely-Booker issue is presented,UNITED STATES V. CASTRO,382 F3d
927,929(9th Cir 2004(Remanding for bail remedy), moves this Court
to reconsider personal recognizance bail release on 2/7/05 to
prevent risk of mootness,JACKSON V. COALTER,337 F3d 74,79,(1st Cir
2003)(Modifying Judge O'Toole's mootness ruling).By starting the
Petitioner's 30 day Norfolk County Jail consecutive sentence and
preserving a few weeks on present 20 year sentence pending result
of First Circuit appeal,risk of losing federal jurisdiction can be
avoided,and petitioners attached legal references and PSI show he
is not a flight risk and shall find employment upon release.

February ___,2005              RESPECTFULLY SUBMITTED THROUGH,
copy served on Ass.Atty.
General Susan Reardon

RESEARCHED/TYPED BY,
                                    _____
                                    John Amabile,Esq.
Michael Kevin DuPont pro hac vice   380 Pleasant Street
PO Box 100                          Brockton,MA.02301
S.Walpole,MA.02071

n.1/ Because no appearance was filed,striken 1/27/05 pleadings
should be reinstated to this Court's docket at 2/7/05 hearing