UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

MICHAEL KEVIN DuPONT,
PETITIONER

2005 FEB -7 P 2: 36

V.

No. 04-11431-GAO
U.S. DISTRICT COURT
DISTRICT OF MASS.

DAVID NOLAN,
RESPONDENT

* * * * * * * * * * *

NOTICE OF ATTORNEY JOHN AMABILE'S CONFLICT
OF INTEREST, C.J.A. AND B.B.O. COMPLAINT
EXHIBITS, AND LOCAL RULE 7.1 (A)(3) REQUEST
FOR DECISIONS ON ALL PENDING UNRESOLVED MOTIONS

NOW COMES the PETITIONER, AFTER having
Been ASSIGNED LAZY AND INCOMPETENT COUNSEL
AND FILES the ATTACHED CJA + BBO COMPLAINT
NOTICE of JOHN AMABILE'S CONFLICT OF INTERESTS
MATHIS V HOOD, 937 F2d 790,796 (2nd CIR 1991)
EXHIBITS, REQUIRING HABEAS RULE 8(C) ASSIGNMENT
of COMPETENT AND DILIGENT COUNSEL FOR
the UPCOMMING EVIDENTIARY hEARINGS IN
THIS CASE. PURSUANT TO LOCAL RULE 7.1(A)(3)
("The COURT SHALL RULE ON MOTIONS AS SOON AS PRACTICABLE")
the PETITIONER REQUESTS JUDGE O'TOOLE TO
DECIDE ALL PENDING PROCEDURAL, SANCTION,
SUBSTANTIVE MOTIONS, INCLUDING RULING ON
MERITS of APPRENDI-BLAKELY - ROCKER
PARTIAL SUMMARY JUDGMENT, 28 USC § 2243 BEFORE
the EVIDENTIARY hEARING ON OTHER GROUNDS
JANUARY 31, 2005    RESPECTFULLY FILED,

Michael KEVIN DuPONT PRO SE + PAY WHEN ABLE
BOX 100, S. WALPOLE, MA 02071

cc) ALL SEPARATION ASS ATTY GENERAL SUSAN REARDON
cc) CJA ASSIGNMENT OFFICE + CLERKS
cc) ATTY JOHN AMABILE
cc) BBO AND CJA OVERSEAS

Michael Kevin DuPont W44692
P.O. Box 100
S. Walpole, MA. 02071
February 1, 2005

C.J.A. Counsel Analyst Judith Litwin   cc. Atty. John Amabile
One Courthouse Way (Suite 2300)      386 Pleasant Street
Boston, MA. 02210                    Brockton, MA. 02301

cc. Exhibit DuPont V. Nolan, 04-11431-GAO

Board of Bar Overseers            cc. CPCS Atty David Nathanson
99 High Street                    44 Bromfield Street
Boston, MA. 02110                 Boston, MA. 02108

RE: FORMAL COMPLAINT FOR REMOVAL OF SO-CALLED
ATTORNEY JOHN AMABILE FROM FEDERAL
C.J.A. ASSIGNMENT LIST CPCS MURDER LIST
AND FOR BOARD OF BAR OVERSEERS INVESTIGATION,
WITH REASSIGNMENT OF COMPETENT COUNSEL

Dear CJA Counsel, BBO & CPCS:

                              As you know
over 50% of the old CJA. Assignment List ⌂1/
counsel are not competent to practice law,
especially Attorney John Amabile who
— 1 of 4 — (see other side →)

_____

⌂1/ The worst on CJA List is Attorney Roger Cox who
overbills and sells out all of his clients, like George
Gormley, Roger Witkin, Bernie Grossberg and
dozens of lazy assigned federal lawyers do did.
[But I'll legally remove them all from list later this year]

has refused to answer all of my letters, has an office practice not to accept collect calls in assigned client cases and would not even talk to me until Judge O'Toole wrote Amabile 1/10/05 letter, followed by 1/12/05 visit and attorney Amabile breaching his professional contract promise to file bail motion prior to the 1/27/05 hearing I just had on the 1/12/05 visit the only thing Amabile knew was that he was in trouble with Judge O'Toole and that my first name was Mike.

At the 1/27/05 hearing Amabile called me "Kevin", but that's as close as he came to being prepared and had not filed the bail motion he promised or done any research so he relied on my previously filed handprinted and typed pro se oppositions to governments motions for scheduled 2/7/05 hearing.

My attached docket entries show that since his November 2004 assignment, attorney Amabile did not even know he had to file an appearance under D. Mass. Local Rule 83.5.2 (a).

— 284 —

My attached motion to be heard at February 7, 2005 hearing verifies I plan to make a record in open court concerning the C.J.A. office allowing unfit lawyers stay on your list when you should have competency exams for lawyers to remove over 50% of old lazy and incompetent ones from C.J.A. list and open it up for new competent, diligent young attorneys....!!!!!

I am unquestionably the best legal researcher on the planet, but when I tell Atty. Amabile names of recent decisions Amabile gets a blank [deer caught in headlights in road] look on his face and has absolutely no idea what I'm talking about. If you had assigned a Boston cabdriver to me, the cabdriver would have a better understanding of the law than John Amabile has!!!!

John Amabile does not read updated advance sheet decisional law, does not know older Supreme Court law and is not familiar with Federal Appeals Court decisions and AEDPA 28 USC § 2254 Habeas Corpus practice and procedures.

— 3 of 4 —   ← other side →

In FACT John Amabile did NOT KNOW STATE LAW OVER A decade Ago When he did my former (Non deceased) FRiend Cliff Davis' murder TRiAL, Which I helped dRAFT ineffective ASSiSTANCE grounds FOR CPCS counsel LAST YEAR AND AMAbile did NOT KNOW STATE decisionAL LAW RECENTLY iN JACK BELiARd's CASe Which I filed A New TRiAL MOTION (ATTACHed) ATTACK ON JOHN AMAbiLe's ineffective ASSiSTANCE A couple of Weeks Ago. CPCS should Remove John AMAbile from their murder LiST because ALL AMAbile knows how To do is LegALLy KiLL his clients.

The CJA office should Remove AMAbiLe From FEDERAL LIST ANd RepLACe New counsel iN ALL of his pending CASeS!!!

The BOARd of BAR OVERSEERS is Requested To iNVeSTIGATe John AMAbile for OVER A decade since ALL of his chents TALk About AMAbiLe's LACK of communicATion, FAILure To Keep Them updATed ON STATus of CASeS, LACK of diLLigence ANd obvious LACK of competence Which VIOLATes SJC Rule 3:09 Atty ethics Sub-Rules 1.1, 1.3 ANd lots, SiMiLAR To his doing Nothing iN my CASe Knowing it should have been expedited due To my RELEASe 2/26/05 Sentence expirATion. I Request New CJA counsel be Assigned.

— 4 of 4 —

Exhibit 7 04-30/431-GAO
DuPont V Nolan

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK,SS.

COMMONWEALTH

V.

JACK BELIARD

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

SUPREME JUDICIAL COURT

SJC No.08202

SUPERIOR COURT DEPARTMENT
No.97-10324(001,002,003,004)

**DEFENDANT'S VERIFIED RULE 30(b),c.278,§ 33E MOTION FOR A**[*]/
**NEW TRIAL,ASSIGNMENT OF CPCS COUNSEL,POST-TRIAL DISCOVERY,**
**AND   AN EVIDENTIARY   HEARING TO FULLY DEVELOP THE   RECORD**

Now comes the pro se  Defendant,Jack Beliard,

and in relation to MGL Chapter 278,section 33E filing ("until

the filing of the rescript by the Supreme Judicial Court motions

for a new trial shall be presented to that Court and shall be

dealt with by the full Court,which may itself hear and determine

such motion or remit the same to the trial judge for hearing and

determination"),by placing in prison mailbox on 1/11/05 date to

be considered as filing with clerk,HOUSTON V. LACK,487 US 266(1988),

**before rescript,Mass.App.P. Rule 23**("The rescript of the Court

shall issue to the lower Court twenty-eight days after the date

of the rescript")**is official** from COMMONWEALTH V. BELIARD,

443 Mass 79(**December 17,2004**)following  guilty verdict of June 24,

1998,sentenced July 1,1998 to life for first drgree murder(with

4-5, and 1 year concurrent(for which Atty Duncan filed a prior

insufficient new trial motion),**and moves for a new trial,pursuant**

**to Mass.Crim.P. Rule 30(b) based on the following Grounds One,Two,**

**Three and Four** ,for which post-trial discovery and an evidentiary

hearing are necessary,pursuant to Rules 30(c)(3)(4),**with a request**

**for counsel,pursuant to Rule 30(c)(5),SJC Rule 3:10,c.211D,§ 14.**

-1-

---

[*]/In addition to the Defendants' affidavit and addendum affidavit
and exhibits,all facts made herein are under pain and penalty of
perjury and all record citations are accurate,to the best of the
Defendants ability,id. COUNSEL IS EXPECTED TO AMEND THIS MOTION.

I. IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UN-
ITED STATES CONSTITUTION, DIRECT APPEAL POST-CONVICTION COUNSEL
RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO BRIEF THE SUB-
STANTIVE ISSUE PRESENTED CONCERNING A BLANKET RESTRICTION OF
CROSS-EXAMINATION WITH RESPECT TO THE GOVERNMENTS FAILURE TO
ADEQUATELY INVESTIGATE, OR BIASED, BUNGLING AND INEPT INVEST-
IGATION OF, OTHER SUSPECTED PERPETRATORS, AND FOR FAILING TO
FILE A NEW TRIAL MOTION GROUND ON CONCEALMENT OF RELATED EX-
CULPATORY EVIDENCE, OR TRIAL COUNSEL"S FAILURE TO FULLY INEST-
IGATE AND PRESENT SUCH OTHER SUSPECT DEFENSE

a) FACTS SUPPORTING NEW TRIAL MOTION GROUND ONE:

Attached hereto as Addendum A-2 through A-5 are exerpts

from the 6/19/98 trial transcripts pages 271-274 concerning

a blanket restriction of all cross-examination in the area

of other suspected perpetrators and the Governments biased,

or inept and bungling, failure to properly investigate.

This Court is requested to expand the appellate record,

pursuant to appellate Rule 8(c) or 8(e) to include the 6/25/96

police report marked "H" for identification which the defendant

does not have and this court needs to order transmittion of

from the Superior Court to the Supreme Judicial Court. App-

ellate attorney David Duncan refused to raise this issue when

requested twice to brief it during telephone conversations,

and in one letter correspondence earlier in the representaion.

Prior to any new trial motion evidentiary hearing, new ass-

igned CPCS counsel is requested to search attorney John Amabile's

files, search attorney Duncan's files and move for post-trial

discovery orders for full disclosure of all police reports,

notes and exculpatory other suspect evidence related to the

(/25/96 shooting incident.

**b)THE BLANKET RESTRICTION OF CROSS-EXAMNIATION WAS PRE-
JUDICIAL ERROR REQUIRING A NEW TRIAL:**

This court, or a later 28 U.S.C.§2254 habeas corpus Fed-
eral requiring court, must recognize that Judge BANKS TOTAL
Blanket restriction of cross-examination (6/18/98 transcript
pages 271-274) at the threshhold of any relevant area violates
The Confrontation Clause of the Sixth Amendment to The United
States Constitution, Alford V United States, 282 U.S.687,694
(1993); United States V Lynn, 856 F2d 430,433(1 Cir. 1998);
Deleware V Van Arsdall, 475 U.S.673,679-680(1986).

Cross-examination in the area of other suspected perpe-
trators is always relevant and a trial Judges blanket restric-
tion of all inquiry into that area has been held to require
a New Trial, Commonwealth V Graziano, 368 Mass. 325,330(1975)
United States V Stevens, 953 F2d 1380,1401-1407 (3rd Cir. 1991).

Similarly, where trial attorney John Amabile made a crystal
clear offer of proof as to a biased, or inept and bungling
police investigation (A-3,A-4),such areas of inquiry are al-
ways permissable and relevant,Bowen v Maynard, 799 F2d 593,
613(10th Cir. 1986); Kyles V Whitley, 514 U.S. 419,443(1995),
plus  police bias in an investigation may create a motive to
lie and also is always open to cross-examination in Massachu-
setts,Commonwealth V Koulouris, 406 Mass 281,285(1989); Comm-
onwealth V Luna, 410 Mass 131,139-140 (1991).

-3-

Although a Response from commonwealth prosecutors is nec-
essary to give the state an opportunity to attempt to meet
its burden of showing the total restiction of cross-examina-
tion error might be harmless beyond a reasonable doubt, Comm-
onwealth V Di Benedetto, 414 Mass 37,40(1992); Deleware V Van
Arsdall, 475 U.S. 673,680-684(1996), the circumstantial nature
of the evidence in this case, even combined with heavily im-
peached testimony of Alexis Paul, where as here, there was
no eyewitness identification of the defendant at the crime-
scene, the error cannot be deemed harmless, United States V
Stevens, 953 F2d 1380, 1406-1407(3rd Cir.1991).

Because competent appellate counsel would have recognized
the obvious error of resticting cross-examination in the area
of police investigative methods which might have been inad-
equate,Commonwealth V Rodriguez, 378 Mass. 298,308(1979),
the Supreme Judicial Court is requested to assign new counsel
to rebrief all issues and reargue the case at a new oral
argument. Subsection I(c), infra, is incorporated herein by
reference and may need a remand for expansion of the record,
evidentiary hearing development and Rule 30(b) findings.

**C)THE COMPULSORY PROCESS CLAUSE WAS ALSO VIOLATED:**

In addition to the Confrontation Clause violation, <u>supra</u>,
the mirror image Compulsory Process Clause of the Sixth
Amendment is also violated when other suspected perpetrator
evidence is excluded at trial,<u>Pettijohn V Hall</u>, 599 F2d 476
480-483(1st Cir. 1979), and both clauses combined create a
Fourteen Amendment violation of the right to a fundamentally
fair trial,<u>Chambers V Mississippi</u>, 410 U.S. 284,295-296, 301-
302(1973), <u>Washington V Texas</u>, 388 U.S. 14,19-23(1967) and
usually, the lower "court  is in a better position to evaluate
this issue in the first instance",<u>Bowling V Vose</u>, F3d 559,563
(1 Cir. 1993).

Because the Walpole State Prison law librarian has refused
for over a year to obtain from the MCI Norfolk Law Library
a copy of <u>THIRD PARTY SIMILAR CRIMES</u> 22 ALR5th,1 et. seq.(1997
Edition with updated 2003 Supplemental pocket part), ass-
ignment of counsel is necessary to rebrief this issue. How-
ever, as an offer of proof of admissability the defendant
suggests the following. First, the record shows a link between
the Joe's Pizza Shop earlier shooting(a-2), Commonwealth wit-
ness Serg St. Fort's bicycle incident motive(6/16/98 tran-
script pages 130,170-173), Commonwealth witness Alexis Paul
(6/16/98 Tr. page 173;6/22/98 Tr.pages 40-41) and the victim

Rico Green (6/16/98 Tr. pages179-180; 6/22/98 Tr.page 42),
Resulting in a confrontation which escalated into a brawl at
Joe's Pizza Shop(6/18/98 Tr. pages 130-140, 197-199; 6/18/98
Tr. pages 127-138) while the killing was in the same Mattapan
section of Boston (6/16/98 Tr. pages 63-75, 81, 130, 170-171).
SeeTHIRD PARTY SIMILAR CRIMES sections 17(a),19,20(a) 24,25
on similarity of neighborhood areas.

The time period of slightly more than two months between
the first shooting police report (A-2) and the killing at
3:00 A,M on September 7,1996 (6/16/98 Tr. pages 63-75, 81)
requires this court to contrast,DiBenedetto V Hall, 272 F3d 1,
9 (1st Cir. 2001) with THIRD PARTY SIMILAR CRIMES SECTION 13
(a) on prior crime committed within one year of charged crime.

While the record shows a sufficient motive for the Lenox
Street Group, Jesse Calhoon and an individual known as "KJ"
to kill government informant Rico Green (A-3,A-4),THIRD PARTY
SIMILAR CRIMES section 31(a), 33(a) 42(a) and 44(a).

Post-trial discovery is requested for court orders con-
cerning production and disclosure of all A.T.F. reports, Gang
Task Force reports, Intelligence Unit reports and other
evidence concerning the prior attempt to murder Rico Green,
his informant status and known enemy list,BRANKS V. DRETKE,
124 S.Ct. 1256,1268,1273-1279(2004)("the Magistrate Judge
ordered disclosure of the Bowie County District Attorney's
files" which contained long-term informant status documents).
Grounds One(d)(e)(f)(g) are incorporated herein by reference,id.

-6-

**d)NON-DISCLOSURE OF OTHER SUSPECTED EVIDENCE:**

In relation to issue I(c),supra, incorporated herein by
reference and necessry post-trial discovery orders for any
and all other suspected perpetator evidence,Monroe V Black-
burn, 748 F2d 958,960(5th Cir. 1984); Commonwealth V Daye,
411 Mass. 719,727-729(1992); Jones V wood, 144 F3d 1002,1008
1014(9th Cir. 1997), the defendant requests a remand for an
evidentiary hearing to fully develop the record concerning
Non-Disclosure of other suspect reports, lists of names,
similar modus operandi crimes, ballistic reports, notes, gang
reports, intelligence reports, police reports and all inform-
ation concerning enemies of Rico Green and other persons who
had motive, means and opportunity to commit the crime the
defendant has been wrongfully convicted of,Bowen V Maynard,
799 F2d 593,600-607,613-616(10th Cir. 1986); Castleberry V
Brigano, 349 F3d 286,289(6th Cir. 2003); Jamison V Collins,
291 F3d 380, 384(6th Cir. 2002);DiLosa V Cain, 279 F3d 259,
261(5th Cir. 2002); Kyles V Whitley, 514 U.S. 419 (1995).

**e)INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL ON REMAND:**

A remand with assignment of new Post-Conviction counsel
is also necessary to fully develop the record at an evidentiary
hearing cocerning any failure to fully investigate and present
the other suspected perpetrator defense,Jones V Wood, 144 F3d
1002, 1013-1014 (9th Cir.1997).

The present record of the trial shows only one offer of
proof based on one prior shooting police report(A-2,A-3,A-4,
A-5) without any interviews of witness, without investigators
reports, withoutA.T.F. or Gang Task Force reports on the prior
shooting or any investigation into Rico Green long term in-
formant status, Banks V Dretke, 124 S.Ct. 1256, 1277 (2004).

What investigation was made into the Lenox Street Group?
What investigation was made into "KJ" and Jesse Calhoon? (A-3,
A-4). Ground Four is incorporated herein by reference,id.

If, on remand, or upon later 28 U.S.C.§ 2254 Federal Habeas
Corpus review, findings are made that trial counsel inadequat-
ely investigated other suspects and failed to fully present
the available other suspected perpetrator defense, then a new
trial must be granted based on ineffective assistance grounds
Commonwealth V Farley, 432 Mass 153, 156-157(200);Jones V Wood
207 F3d 557, 560-564(9th Cir. 200); Henderson V Sargent, 926
F2d 706, 708-712 (8th Cir. 1991).

f)INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL:

A remand for  an evidentiary hearing, at which attorney
David Duncan testifies is necessary now or shall be granted
under Habeas Corpus Rule 8, of the rules governing 28 U.S.C
§2254 cases, because appellate counsel must explain his reasons
Mapes V Coyle, 171 F3d 408,427-429 (6th Cir. 1999) for failing
to brief the TOTAL blanket restriction of cross-examination
set out in issues I(a), I(b)supra, and the violation of the
right to present such defense evidence set out in issue I(d)
and I(e) in the first New Trial Motion.

New counsel <u>must</u> be allowed with rescheduling of oral

argument, because the failure to brief a Confrontation Clause

violation is ineffective assistance of direct appeal counsel,

<u>Mason V Hanks</u>, 97 F3d 887,893-902 (7th Cir. 1996); <u>Clemons V</u>

<u>Delo</u>, 124 F3d 944,948-956(8th Cir. 1996), and attorney Duncan

had no right to refuse to raise this issue,<u>id</u>. Ground Four is

incorporated herein by reference,<u>id</u>, with Grounds Two and Three,<u>id</u>.

**g)COMPARISON WITH COMMONWEALTH V. CONKEY:**

In contrast to <u>COMMONWEALTH V. BELIARD</u>,443 Mass 79

(2004), Justice Cowin authored the December 16,2004 decision

in <u>COMMONWEALTH V. CONKEY</u>,443 Mass 60,66-70(2004 in which

exclusion of other suspected perpetrator evidence was not

found to be harmless error beyond a reasonable doubt"given

the importance of the evidence to the defenses third-party

culprit theory",<u>id</u>.Attorney Michael Schneider briefed the

exclusion of other suspect evidence from seven years before

the crime on trial and evidence from "several months before

the murder",<u>id</u>.

In this <u>Beliard</u> case the Judge ruled to exclude other

suspect evidence approximately two months before the

murder, and in both <u>Conkey</u> and <u>Beliard</u>, the evidence

had general similarities, but not exact specific crime

marks, but the general similarities were found to

be sufficient for Atty Schneired to brief the issue and

for the Supreme Judicial Court to grant a new trial,<u>id</u>.

II. **TRIAL ATTORNEY AMABILE WAS INEFFECTIVE FOR FAILING TO RE- HIS CONFRONTATION CLAUSE OBJECTION FOR FAILING TO OBJECT TO CLOSING ARGUMENT FOCUSING ON INADMISSABLE EVIDENCE WHICH INEFFECTIVE APPELLATE ATTORNEY DUNCAN FAILED TO BR- IEF PROPERLY, THEREBY VIOLATING THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE TWELVE OF THE MASSACHUSETTS DECLARATION OF RIGHTS**

a)  **FACTS SUPPORTING NEW TRIAL MOTION GROUND TWO:**

Following trial John Amabile's request for a vior dire being denied in a lengthy side bar confrence (6/18/98 TR. pages 176-179) the following testimony concerning a prior home invasion was admitted into evidence without objection:

"Q. And was someone convicted of this crime?

A. One of the individuals was convicted.

Q. And who was that?

A. Belius Beliard."

(6/18/98 TR. page 183)

Attorney Amabile failed to object to this testimony when he subsequently made a late objection to **only** the certified copy of the conviction (6/18/98 TR. pages 183-184) and then attorney Amabile waived his hearsay objection at sidebar (6/18/98 page 185) without the defendant being present, without consulting the defendant and without the defendant personally making any knowing, inteeligent and voluntary waiver of his right to confrontation, id. Earlier, however, attorney Amabile specifically objected by stating, "Belius is not a witness for the Commonwealth. He hasn't been listed, so apperently they have no intention of calling him to the witness stand" (6/15/98 TR. page 37).

This non-strategic failure to object came after attorney
Amabile recognized the Constitutional problem when he told
the court, "there has to be a showing of unavailability to
use it that way." (6/18/98 TR. page 178)

In his primary direct appeal brief attorney David Duncan
did not present any argument concerning trial counsel's ob-
vious ineffective assistance.

The following testimony the took place:

"Q. Now, on April 29,1998, did Belius beliard plead
   guilty to the armed home invasion that occurred
   on January 23,1996?

A. he did.

Q. And did he plead guilty to being involved in a
   shooting that occurred on January 23,1996?

A. Yes,he did.

Q. And were the bullets and the casings that were
   turned over to ballistics, were those part of
   what Mr. Belius Beliard had plead guilty to ?

A. That's correct."

**Mrs. Weschler:** Thank you. That's all I have.

**Mr. Amabile:** I have no questions of this witness.

**Mr. Muse:** I have no questions."

(6/18/98 TR. pages 185-186)

-1$\ell$-

The somewhat weak limiting instructio (6/18/98 TR. page
186) was undone by the following closing argument:

> " The Government's theory is that there is a shooting
> sometime before the shooting of Rico Green, <u>that Mr.</u>
> <u>Beliard is supposed to be involved in.</u> That these 25.
> Caliber casings that are found at the Rico Green shoot-
> ing, and there is a live projectile that comes from the
> same lot. You heard opinions from ballisticians that
> these were fired from the same gun, and <u>what they are</u>
> <u>suggesting to you is, that that was a Beliard gun, for</u>
> <u>lack of a better characterization.</u>"

(6/18/98 TR. page 62)

Attorney Amabile did not object to (6/23/98 TR. pages 62,
69) or request a curative instruction for (6/23/98 TR. pages
77-79) the foregoing prejudicial argument made by attorney
Peter Muse.  (6/23/98 TR. page 62).

Attorney Amabile also failed to object to (6/23/98 TR. pgs.
77-79) The prosecutors closing argument focusing on the prior
home invasion shooting 25. caliber ballistics evidence in-
ferentially linked to him through the inadmissable evidence
of his brother's conviction. (6/23/98 TR. pages 74-76)

Attorney Amabile did not file a Mass.Crim.P.Rule 24(b)
written request for the limiting instruction on prior bad
acts evidence and conviction (6/18/98 TR. page 186) to be
repeated, and failure to object to (6/23/98 TR. pages 117-
118) the complete omission of any final jury instruction
limiting the prior home invasion testimony and conviction
evidence (6/23/98 TR. pages 79-116). Attorney Amabile's mo-
tion to strike ( Addendum page 12) does not cite the Sixth
Amendment's Conforntation Clause or Mass. Declaration of Rights
Article 12.

Appellate attorney David Duncan's primary appellate brief omitted the ineffective assistance of trial counsel issue as well as the merits of prejudicial closing argument and omission of any limiting instruction in the final jury instructions. The weak late reply brief omitted specific winning federal decisions supporting the ineffective assistance of trial counsel issue.

Defendant Beliard's September 17,2004 letter specifically instructed attorney Duncan to file a supplemental brief on these matters (addendum pages 6-11) and following a subsequent letter (addendum pages 13-18) attorney Duncan wrote the defendant telling him to file his own pro se brief (addendum page 1).

**b)** <u>**AN ATTORNEY CANNOT WAIVE CONFRONTATION CLAUSE RIGHTS:**</u>

Unlike weaker state law that incorrectly permits a lawyer to waive Article XII Rights, <u>Commonwealth V Amirault</u>, 424 Mass 618, 645 n.19 (1997) the stronger protections of the Sixth Amendment to the United States Constitution contains a Confrontation Clause that state defense attorneys cannot waive because such right is personal and subject only to a defendant's personal knowing, intelligent and voluntary waiver, <u>Clemmons V Delo</u>, 124 F3d. 944, 956 (8th Cir. 1996) citing,<u>Brookhart V Janis</u>, 384 U.S. 1, 7 (1966).

Becuase the defendant was not present at sidebar (6/18/98 TR. pages 183-185) and the record contains no personal waiver by him, the Supremacy Clause of the United States Constitution Precludes this court from ruling Confrontation Clause rights were waived at trial or in this appeal, <u>Clemmons V Delo</u>, <u>supra</u>.

**c) TRIAL COUNSEL'S FAILURE TO FOLLOW UP WITH A RENEWED CONFRON-TATION ClAUSE OBJECTION, FAILURE TO OBJECT TO CLOSING ARGU-MENTS AND FAILURE TO REQUEST A FINAL LIMITING INSTRUCTION FOL-LOWING HIS FAILURE TO EVEN CROSS-EXAMINE OFFICER PAUL MARTIN**

After making a proper objection to the absence of any sho-wing of unavailibilty (6/18/98 TR. page 178) attorney Amabile failed to make a timely objection when the hearsay evidence was introduced (6/18/98 TR. pages 183, 185-186) on Confron-tation Clause violation grounds as required by Massachusetts law, Liacos,<u>HANDBOOK OF MASSACHUSETTS EVIDENCE</u>, §§ 3.8.2. and 3.8.3. pages 83-87 (7th Edition 1999).

The failure to object to such Confrontation Clause vio-lative hearsay amounted to ineffective assistance of trial counsel, <u>Mason V Scully</u>, 16 F3d 38, 42-45 (2nd Cir. 1994).

Similarly, with respect to the prosecutor's focusing on such hearsay evidence in closing argument (6/23/98 TR. pages 74-76) and the co-defendant's attorney misrepresenting, as well as focusing on, such evidence in closing argument (6/23 /98 TR. page 62), such"failure to object was based on simple incompetenca and not sound strategy," <u>Washington V Hofbauer</u>,

228 F3d 689, 707 (6th Cir. 2000). In relation thereto, att-
orney Amabile's failure to file a Mass.Crim.P.Rule 24 (b)
written request for the limiting instruction on hearsay based
on prior bad acts evidence and conviction (6/18/98 TR. page
186) to be repeated following closing arguments in the final
jury instructions (6/23/98 TR. pages 79-116), also amounted
to ineffective assistance of trial counsel, White V McAninch,
253 F3d 997, 999-1003 (7th Cir. 1995); Crotts V Smith, 73 F
3d 861, 866-867 (9th Cir. 1996); Commonwealth V Gelpi, 416
Mass 729, 731 (1994); Freeman V Class, 95 F3d 639 (8th Cir.
1996).

     Finally, there was no reason for attorney Amabile not to
cross-examine officer Paul Martin (6/18/98 TR. page 186) fol-
lowing the damaging hearsay evidence concerning prior bad
acts by defendant's brother which were presented as a form
of guilt by association (6/18/98 TR. pages 183, 185-186).
At the very least, cross-examination could have exposed a
dozen reasons why such prior shooting investigation was too
remote and irrelevant; hence, the failure to cross-examine
officer Paul Martin was ineffective assistance, Dixon V Sny-
der, 266 F3d 693, 699-705 (7th Cir. 2001)

## d) THE MERITS OF THE CONFRONTATION CLAUSE VIOLATION:

Because unavailability of the defendant's brother was a pre-requisite to introduction of his prior guilty plea statements, this court must find attorney Amabile made a specific Confrontation Clause objection when he told Judge Banks at sidebar that" there has to be a showing of unavailability to use that way" (6/18/98 TR. page 178), prior to the erroneous admission of evidence (6/18/98 TR. pages 183, 185-186), Commonwealth V DiBenedetto, 414 Mass. 37, 44 n.10(1992) ( court holding the following language to sufficiently preserve a Confrontation Clause objection when the defense attorney stated, " if you do it that way, your Honor, the dough may get shot in my face") and the DiBenedetto case required a new trial for un-availability witness hearsay intrduced dozens of pages after the broadly phrased objection,id.

Since the federal Confrontation Clause objection (6/18/98 TR. page 178) properly preserved the error, the Commonwealth bore the burden of proving the error was harmless beyond a reasonable doubt, Commonwealth V DiBenedetto, supra, 414 Mass. at 40-42; Delaware V Van Arsdall, 475 U.S. 673 684 (1986) which they could not meet based on the co-defendant's closing argument undoing any limiting instruction by linking the defendant to the guilty plea fire arm (6/23/98 TR. page 62) and the prosecutor focusing on the erroneously admitted guilty plea hearsay evidence in closing argument to secure the conviction (6/23/98 TR. pages 74-76), Marsh V Richardson

873 F2d 129 (2nd Cir 1989) writ granted on remand from Supreme
Court decision on closing argument undiong limiting instruc-
tion, Richardson V Marsh, 481 U.S. 200, 211 (1987); United
States V Serano, 870 F2d 1, 9 (1st Cir. 1989); Ryan V Miller,
303 F3d 231, 255 (2nd Cir. 2002); United States V Cornett,
195 F3d 776, 785 (5th Cir. 1999); Gaines V Theiret, 846 F2d
402, 405-407 (7th Cir. 1988); United States V Sauza-Martinez,
217 F3d 754, 760-761 (9th Cir.2000); United States V Torres-
Ortega, 184 F3d 1128, 1136 (10th Cir. 1999); Hutchins V Wain-
wright, 715 F2d 512, 515-519 (11th Cir. 1983); United States
V Hillard, 569 F2d 143, 146 (D.C. Cir. 1977); Commonwealth V
Esteves, 429 Mass. 636, 639-641 (1999); Commonwealth V Rosa,
412 Mass. 147, 158 (1992).

   The recent December 2004 Supreme Judicial Court decision
did not decide the specifi objection question of whether
" there has to be a showing of unavailabilty" (6/18/98 TR.
page 178) so Commonwealth V Beliard, 443 Mass. 79 (2004) does
not stand as a bar to the court now holding a hearing on the
following ineffective assistance of appellate counsel issue,
Mapes V Tate, 388 F3d 187, 189-193 (6th Cir. 2004) and gran-
ting relief based on the Commonwealth's failure to prove the
defendant's brother Belius Beliard and other guilty plea wit-
ness were unavailabilty, Liacos,THE RIGHT OF CONFRONTATION:
ANOTHER LOOK, 34 American Trial Lawyers Journal 153 (1972);

Liacos, <u>HANDBOOK OF MASSACHUSETTS EVIDENCE</u>,§8.4.2 pages 479-480 and §8.7.2 pages 491-496 (7th Edition 1999 with 2005 updated supplement); <u>Commonwealth V Bohanon</u>, 385 Mass. 733, 741 (1982); <u>Barber V Page</u>, 390 U.S. 719 (1968) ( insufficient showing witness was unavailable where witness was in federal prison and state made no effort to produce him at trial); <u>Commonwealth V Lopera</u>, 42 Mass. App Ct 133 (1997) ( Declaration against penal interest also requires showing witness was unavailable at time of trial); <u>Commonwealth V Cook</u>, 12 Mass. App Ct 920 (1981); <u>Commonwealth V Sena</u>, 441 Mass. 822, 832-833 (2004) ( Judge must be satisfied proecution met its burden to prove witness is unavailable before admitting prior statements under any exception to the hearsay rule).

e) **APPELLATE ATTORNEY DUNCAN'S INEFFECTIVE ASSISTANCE:**

Regardless of twelve errors raised in another state appeal, direct appeal counsel was recently held to be ineffective in <u>Mapes V Tate</u>, 388 F3d 187, 189-193 (6th Cir. 2004) after appellate counsel testified in a federal Habeas Corpus Rule 8 evidentiary hearing ordered in <u>Mapes V Coyle</u>, 171 F3d 408, 427-429(6th Cir. 1999), similar to the defendant's request for appellate attorney David Duncan to testify at a New Trial Motion evidentiary hearing in relation to the following non-stategic errors.

At page 11 of attorney Duncan's primary brief listing Detective Paul Martin his only transcript citation is"TR. 6/18: 179-186". At pages 15-21 of Duncan's primary brief his two

citations to testimony reprinted in appendix pages 48-49,and

49-51 refers to Martin's testimony from 6/18/98 TR. pages 182-

183 and 183-185. Duncan's primary brief did not even mention

trial attorney John Amabile's specific Confrontation Clause ob-

jection that " there has to be a showing of unavailability to

use it that way" (6/18/98 TR. page 178), did not cite well kn-

own decissional law which held that type of onjection fully

preserves appellate rights for subsequent admission of non-

testifying unavailable witness hearsay statements,Commonwealth

V DiBenedetto, 414 Mass. 37, 44 n.10 (1992), did not focus arg-

ument on the Commonwealth's burden to show unavailibility of

the defendant's brother Belius Beliard or cite controlling

decisions on such burden, as set out in ground two(d) argument

supra, and thereby caused prejudice in the Supreme Judicial

Court's decision using a miscarriage of jusytice analysis for

unobjected to Confrontation Clause error in Commonwealth V

Beliard, 443 Mass. 22 (2004).

   It is obvious that attorney Duncan was not sufficiently

knowledgable of federal Confrontation Clause law because his

reply brief also failed to cite winning decisions on state

prosecutor's failing to meet their burden of proving Belius

Beliard and other witness with personal knowledge of the gui-

lty plea were unavailable, while he chose a state law excep-

tion to hearsay rule focusing on trial counsel saying " a

showing of unavailability (was needed) to use it that way

(App 44), which is the correct requirement for admitting a

hearsay declaration against penal interests" [ reply brief page 1]. Attorney Duncan also had no strategic reason for refusing to follow the defendant's September 17, 2004 letter directions[ Addendum page 7] to argue trial counsel does not have lawful power or authority to waive a defendant's personal Sixth Amendment Confrontation Clause rights, <u>Clemmons V Delo</u>, 124 F3d 944, 956 (8th Cir. 1996) citing <u>Brookhart V Janis</u>, 384 U.S. 1, 7 (19996). Duncan's lack of legal knowledge is also demonstrated by his reply brief failing to cite <u>Commonwealth V DiBenendetto</u>, 414 Mass 37, 44 n.10 (1992).

As reflected in the September 17, 2004 letter, the defendant rechecked closing arguments [Addendum page 11] and called attorney Duncan as well as mailed him a copy of prejudicial closing argument pages[ see the defendant's New Trial Motion affidavt which attorney Duncan's testimony is expected to corroborate at the evidentiary hearing].

Neither the primary or reply brief argue trial counsel's ineffective assistance as strongly as ground two(c),<u>supra,</u> and  attorney Duncan had no stategic reason for failing to include in his primary and refusinf to follow the defendant's directions to add to his reply brief, the prejudicial closing argument undoing any limiting instructions (6/23/98 TR. page 62) as set in ground two(d), <u>supra,</u> incorporated therein.

Attorney Duncan's primary brief conclusively shows he did not notice the unavailability specific Confrontation Clause objection (6/18/98 TR. page 178), Commonwealth V DiBenedetto, supra, and did not recognize trial attorney Amabile's failure to renew that objection constituted ineffective assistance, when combined with prejudicial focus on such evidence in closing  argument which counsel was also ineffective for failing to objectto (6/23/98 TR. pages 62, 74-76), Mason V Scully, 16 F3d 38, 40-45 (2nd Cir. 1994); Washington V Hofbauer, 228 F3d 689, 707 (6th Cir. 2000).

Because Duncan refused to fully brief these issues and an imprisoned defendant should not be forced to late file his own  proper arguments, after an evidentiary hearing fully develops the record with Duncan's testimony, Mapes V Coyle, 171 F3d 408, 427-429 ( 6th Cir. 1999) attorney Duncan must be found ineffective and a new direct appeal allowed on these combined issues, or a new trial granted, Mason V Hanks, 97 F3d 887, 893-902 (7th Cir. 1996); Clemmons V Delo, 124 F3d 944, 948-956 (8th Cir. 1996); Mapes V Tate, 388 F3d 187, 189-193 (6th Cir 2004).

III. **DIRECT APPEAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY REFUSIING TO BRIEF THE SUBSTANTIVE ISSUE PRESENTED WHICH CONCERNED INTERRELATED FLAWS IN JURY INSTRUCTIONS TRIAL COUNSEL FAILED TO OBJECT TO AND THE OVERBEARING TRIAL JUDGE BELITTLING DEFENSE COUNSEL IN FRONT OF THE JURY AS WELL AS ERRONEOUSLY INTERRUPTING AND RESTRICTING CLOSING ARGUMENT IN AREAS OF MIXED FACT AND LAW THEREBY VIOLATING THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 12 OF THE MASSACHUSETTS DECLARATION OF RIGHTS**

a) <u>**FACTS SUPPORTING NEW TRIAL MOTION GROUNG THREE:**</u>

The defendant's October 21, 2004 attached letter [Addendum pages A-13 through A-18] and attorney Duncan's attached October 28, 2004 letter [Addendum page A-1] verify direct appeal counsel specifically refused to brief this new trial motion ground three issue, and thereby breached his contract duty and violated both state and federal constitution s with respect to the following obviously meritious issues that were stronger than those briefed by attorney Duncan .

The obvious merit of ground three is contained in Judge Banks finding <u>**" This is about as flagrant a contest between a Judge and a lawyer as I've experienced in a long, long time"**</u> (6/22/98 TR. page 105),followed by attorney Amabile's correct motion for a mistrial (6/22/98 TR. page 110) based on defense counsel's specific objections when he stated " I believe that I am acting in good faith",

" to provide zealous representation of my client and the court's conduct is having the clear effect of undercutting my credibility in front of the jury" (6/22/98 TR. page 105)

because " the way your Honor has handled me and this case is
you've repeatedly refused my ability to come to the sidebar
to voice objections, youve repeatedly interrupted me right when
I'm attaining some momentum to make a valid point on cross-
examination with key witnesses in the case... many of these
interruptions have been done without objections by the Comm-
onwealth, so the effect has been to communicate to the jury
that there's something improper about the way that I'm hand-
ling the defense of Jack Beliard, and that severely undercuts
my credibility in front of the jury" (6/22/98 TR. pages 107-
108), referring to dozens of times Judge Banks yelled at att-
orney Amabile " come up here" making angry facial features in
front of the jurors (see affidavit of Jack Beliard in support
of motion for a new trial).

    Although the prosecutor was always granted her requests
to come to sidebar, Judge Banks angrily yelled "no" or told
defense counsel "not now", denying attorney Amabile's request
to make offers of proof or requests to come sidebar atleast
a dozen times during the last few days of the trial (6/18/98
TR. pages 46,118,149; 6/19/98 TR. pages 44,70,125,132,136,246,
251; 6/22/98 TR. pages 31,102,123,132,138,146,150,176,186,189
253). Bank's chastized Amabile repeatedly, including saying
" you've asked him that fifty times" (6/18/98 TR. page 53)
yelling that Amabile should " sit down" (6/22/98 TR. page 53),
telling jurors and Amabile " that's meaningless" (6/18/98 TR.

page 46) and conducting a long lecture colloquy in front of
jurors telling Amabile that he doesn't understand and lect-
uring Amabile in a chastizing manner, so "we'll all underst-
and you" (6/18/98 TR. page 47).

The disagreement appeared to start in the middle of the
trial when, at sidebar, Judge Banks told Amabile, " I don't
want to continue this conversation. Bring the jury down" (6/
18/98 TR. page 16), then telling Amabile, " look, let me tell
you now. I am becomming exhausted with your inability to fol-
low my directions. Go back to your seat and resume cross- ex-
amination" (6/18/98 TR. page 20). Lecturing attorney Amabile
like he was a child was in response to defense counsel ask-
ing to put prosecutor on the stand because " the (lobby) con-
ference was conducted off the record (so) I think we need to
put the witness", to which Banks replied, "sir, let me tell
you, I don't, okay" (6/18/98 TR. page 20).

During a very brief jury charge confrence (6/23/98 TR. pages
19-26) attorney Amabile admitted he only filed one request for
A self-defense and manslaughter instruction (page 25) and did
not file Mass.Crim.P.Rule 24(b) written requests for jury in-
structions on the presumption of innocence the Commonwealth's
burden of proof credibility of witness and Amabile's request
to argue that in a circumstantial evidence case the jury must
find that the Commonwealth must prove the defendant's guilt
beyond a reasonable doubt to exclude any other reasonably hy-

-24-

pothesis [that someone else committed the crime or any reason-
ably hypthesis] consistant with innocence (page 25). Judge
Banks gave attorney Amabile permission by stating "you can
touch on that first part of it if you want" (page 25) meaning
the burden of proof "issue of circumstantial evidence",**id.**

Judge Banks kept his promise and allowed attorney Amabile
to argue the law by stating **"in each instance with circumstan-
tial evidence**, the inference the Government asks you to draw
from that evidence is equally refuted by many other possible
plausible,**inferences that are incosistant with Jack Beliard's
guilt**. Therefore, **there is noproof beyond a reasonable doubt"**
(6/23/98 TR. page 37), but Judge Banks arbitrarily and capri-
ciously interrupted and stopped Amabile's argument on the pre-
sumption of innocence lasting throughout the case, when Banks
agressively and angrily told Amabile in front of the jury
" counsel, I will take care of the law" (6/23/98 TR. pages
34-35) just before stopping the argument on each case and
each indictment being considered seperately when Banks yelled,
" counsel, I will take care of the law, okay? you argue the
facts in the case... I want to instruct the jury to take the
law from me and me only" (6/23/98 TR. pages 35-36). This was
followed by two mad out bursts from Judge Banks telling att-
orney Amabile, "let me handle that, okay?" during Amabile's
argument concerning " witness demeanor" (6/23/98 TR. page 44)
which Banks repeated by yelling at Amabile again in front of
the jury " what I am trying to tell you is I will instruct
the jury on all that", " you don't argue my instructions, you

-25-

argue the facts of the case" (6/23/98 TR. page 44). Then when
attorney Amabile attempted tp argue the jury was "the sole
determiners of the credibility of the witness" (6/23/98 TR.
page 44) Judge Banks repeated his persistant trial treatment
of Amabile as if defense counsel was a child, by Judge Banks
angrily telling attorney Amabile to " come to the sidebar",
followed by the court lecturing " my patience is very close
to exhausted. Argue the facts of the case", " don't you un-
derstand what I just said", followed by Banks threat to for-
close further argument by ordering Amabile to " argue the
facts or sit down" (6/23/98 TR. pages 45-46). Attorney Amabile
properly objected to Judge Banks mistreatment of him by say-
ing  " this is proper argument, your Honor" (6/223/98 TR.
page 46) and Jysge Banks interupted closing aarguments two
more times telling Amabile he was running out of time (6/23/
98 TR. pages 48-53).

Judge Banks the gave the incorrect jury instruction from
**Commonwealth V Kane**, 19, Mass. App. Ct. 129, 139 (1985):

> "The presumption of innocence remains with them during
> the course of the trial **unless you at any point det-**
> **ermine evidence submitted to you has proven guilt** be-
> yond a reasonable doubt. **If that occurs,that presump-**
> **tion of innocence disappears like it never existed.**
> Ther is a moving force unless proof beyond a reason-
> able doubt causes it to **disappear**" (6/23/98 TR. pages
> 90-91)