This followed by a disjunctive alternative burden of pro-
of instruction which ended with the phrase, "that is what I
mean by the term reasonable doubt or proof beyond a reason-
able doubt" (6/23/98 TR. page 94) which did not explain which
portion of the forgoing instructions it referred to, id.

Attorney Amabile did not object to these errors (6/23/98
TR. page 117) and attornet Duncan refused to brief this issue
[Addendum page 1].

During the second day of deliberations, juror's requested
Judge Banks to "please refresh our memories about everything
you told us about doubt and reasonable doubt" (6/24/98 TR.
pages 4-5). Showing his lack of legal knowledge concerning
the **Commonwealth V Kane**,19 Mass. App. Ct. 129, 139 (1984)
decision, attorney Amabile then requested that "you should
also re-instruct them **exactly the way you did before** on the
question of presumption of innocence" (6/24/98 TR. page 5).
Subsequently the jury returned again with another question
seeking reinstruction (6/24/98 TR. pages 10-19) at which
time  Amabile again urged for reinstruction cn the presumption
of innocence which had not been requested by jurors (6/24/98
TR. page 16).

Judge Banks then repeated his errouneous instruction that
the " presumption of innocence is a force in the case **unless
proof beyond a reasonable doubt causes it to disappear**. If
the Government proves its case beyond a reasonable doubt,
**the presumption of innocence disappears like it never ex-**

-27-

isted" (6/24/98 TR. page 30) followed by a conjuctive last
sentence cofusing the proceeding burden of proof paragraph,
by equatin both the explanation of the burden of proof with
doubt, when Judge Banks told the jury "that's what we mean
by proof beyond a reasonable doubt **and** the term reasonable
doubt itself" (6/24/98 TR. page 35), which Amabile also did
not object to (6/24/98 page 41).

b) **THE MERITS OF GROUND THREE:**

Anew trial was granted when the court instructed that the
"presumption of innocence" "then disappears" when "evidence
of guilt is introduced" in **Commonwealth V Kane**, 19 Mass. App.
Ct. 129, 139-140 (1984) because the presumption of inncence
always continues throughout the case right into jury deliber-
ations,**id**, **Mahorney V Wallman**, 917 F2d 469, 471 n.2 (10th Cir.
1990), and a first degree murder motion for a new trial was
allowed by Judge Carol Ball on this issue in **Commonwealth V
Dello**, Suffolk Nos 8803-8809 (6/9/03) filed in attached add-
endum pages 27-30, based on **Commonwealth V Kane**. The repeated
instructional errors (6/23/98 TR. pages 90-91; 6/24/98 TR.
page 30) violated the defendant's due process rights guaran-
teed by the Fourteenth Amendment to the United States Const-
itution and Article 12 of the Massachusetts Declaration of
rights.

During the primary jury instructions Judge Banks also
said:

"when all is said and done, **if there remains in the mind**

-28-

any reasonable doubt consisting of any fact or facts the essential element of guil by the defendants with any crime charged, then the defendant would have to have the benifit of it an acquital. That is what we mean by the term reasonable dout or proof beyond a reasonable doubt" (6/23/98 TR. page 94)

The same instruction was later given in response to a jury question but the word "or" was changed to "and" when Judge Banks told jurors:

"When all is said and done, if there remains in the minds of you, this jury, any reasonable doubt of the existance of any fact or act which is an essential element of one or more of the crimes charged, then the defendant would have to have the benefit of it by an acquital. That's what we mean by proof beyond a reasonble doubt and the term reasonable doubt itself" (6/24/98 TR. page 34)

Neither the Supreme Judicial Court, nor the Superior Court on remand, have ever approved the last sentence disjuctive ("or") or conjuctive ("and") mixing of the meaning of reasonable doubt with proof beyond a reasonable doubt, and the court may take judicial notice of the fact that only one of the two alterative phrases are used in the modified webster modal jury instructions, because the combination Judge Banks used was and is extremely confusing. By ending a paragraph defining "reasonable doubt" as meaning proof beyond a reasonable doubt by the court inverted the instruction turning it on its head, which amounts to structural error requiring a new trial, Sullivan V Louisiana, 508 U.S. 275, 280-282 (1993) for violating the defendant's fundamental right to a fair jury trial guaranteed by both the Sixth and Fourteenth Amendments to the United States Constitution,id, Dunn V Perrin,

570 F2d 21, 24-25 (1st Cir. 1978); **Lanigan V Maloney**, 853 F2d 40 (1st Cir. 1988) and Article 12 of the Massachysetts Declaration of rights, **Commonwealth V Wood**, 380 Mass 545, 547-551 (1980); **Commonwealth V Pickles**, 402 Mass 775, 788 (1988).

Similarly both Article 12 of the Massachusetts Declaration of rights, **Commonwealth V Gilmore**, 399 Mass. 741, 744-746 (1987) and the Sixth and Fourteenth Amendments to the United States Constitution were violated by Judge Banks' interrupting defense counsel's closing argument and odering counsel to stop arguing the law four times (6/23/98 TR. pages 34, 35-36 44), **United States V DeLoach**, 504 F2d 185, 187-193 (D.C. Cir. 1974); **Conde V Henry**, 198 F3d 734, 739-742 (9th Cir 1999); **Herring V New York**, 422 U.S. 853 (1975); when such argument was proper, **Commonwealth V Geagan**, 339 Mass. 487, 518 (1959); **Commonwealth V Hogan**, 426 Mass $24, 432 (1998).

Unlike the non-prejudicial finding where "defense counsel was allowed to continue with a fairly comprehensive discussion of reasonable doubt" in **Commonwealth V Hogan**, 426 Mass. 424, 432-433 (1998) in this case cutting off closing argumentfollowed over two dozen refusals' to allow defense attorney Amabile to go to sidebar and many other prejudicial commoents Judge Banks angrliy made snarling and yelling at defens counsel in front of the jury (6/18/98 TR. pages 46,47,53,118,149; 6/19/98 TR. pages 44,70,125,132,136,245,251: 6/22/98 TR. pages 31,53,102,123,132,138,146,150,176,186,189,253) while all prosecution requests for sidebar were allowed and Judge Banks

beliitled and lectured Amabile repeatedly at sidebar (6/18/98
TR. pages 15-20; 6/22/98 TR. pages 103-110; 6/23/98 TR. pages
45-46) while making the presumptively correct finding that
" this about as flagrant a contwst between a Judge and a law-
yer as I've experienced in a long, long time" (6/22/98 TR.
page 105).

The angry facial features of Judge Banks and his mistreat-
ment  of trial counsel violated the defendant's right to a fun-
damentally fair trial guaranteed by the Fourteenth Amendment
to the United States Constitution,**Porcaro V United States**,784
F2d 38, 41-42 (1st Cir. 1986); **Oses V Commonwealth  of Mass-
achusetts**, 775 F.Supp 443, 455-462 n.24 D.Mass 1991), grant
of writ affirmed, 961 F2d 985 (1st Cir. 1992) and Article 12
of the Massachusetts Declaration of Rights.

c) **FAILURE TO REQUEST, OR OBJECT TO, JURY INSTRUCTIONS:**

With respect to attorney Amabile's failure to file a writted
Mass.Crim.P.Rule 24(b) request for correct jury instructions
and failure to object to the erroneous, prejudicial and con-
fusing presumption of innocence and reasonable doubt equated
as meaning proof beyond a reasonable doubt instructions such
non-strategic errors show a startling ignorance of important
nuances and subtleties of the law; and where, as here, jurors
came back with repeated questions during several days  of del-
iberations this court may grant a new trial based on the ob-
vious ineffective assistance of trial counsel,**Corsa V Anderson**,
443 F. Supp 176, 178 (MD Penn 1976); **Gray V Lynn**, 6 F3d 263,
269-270 (5th Cir. 1993); **Oyola V Boles**, 947 F2d 928, 930-935
(11th Cir. 1991); **Kubat V Theiret**, 867 F2d 351, 371 (7th Cir.

1989); **Commonwealth V Peloquin**, 52 Mass. App. Ct. 480 (2001).

## d) INEFFECTIVE ASSISTANCE OF DIRECT APPEAL COUNSEL:

Unlike the unobjected to issues briefed by direct appeal attorney David Duncan, trial attorney John Amabile specifically objected to trial Judge's misconduct and sought a mistrial (6/22/98 TR. pages 106-108, 110) then again specifically objected to similar misconduct when Judge Banks kept interrupting the defense closing argument (6/23/98 TR. page46). The forgoing issues set out in ground three (a)(b)(c) were obvious from the transcript, **Gray V Greer**, 800 F2d 644,646-647 (7th Cir. 1986) and any competent appellate specialist would have seen the connection between subtle flaws in jury insrtuctions and Judge Banks restricting defense counsel from arguing those areas of law,**id**.

Although an evidentiary hearing should be held to hear attorney Duncan's explanations, **Mapes V Coyle**, 171 F3d 408, 427-429 (6th Cir. 1999), the court can also recognize Duncan's refusal (Addendum pagea-1) to file supplemental briefing Jack Beliard specifically requested (Addendum pages A-13 through A-18), and summarily grant a new trial, based on ineffective assistance of direct appeal counsel, **Mapes V Tate**, 388 F3d 187, 189-193 (6th Cir.2004); **Roe V Delo**, 160 F3d 416, 418-420 (8th Cir. 1988); **Lucas V O'Dea**, 179 F3d 408, 416-420 (6th Cir. 1999).

**IV. OTHER ATTORNEY ERRORS INCLUDING THE FAILURE TO PREPARE THE DEFENDANT, FAILURE TO SUMMONS TRIAL DEFENSE WITNESSES, AND FAILURE TO HAVE THE DEFENDANT AND UNCALLED TRIAL WITNESS TESTIFY AT THE FIRST NEW TRIAL MOTION HEARING, VIOLATED THE DEFENDANT"S RIGHT TO THE EFFECTIVE ASSISTNCE OF TRIAL COUNSEL, PRE-DIRECT APPEAL MOTION HEARING COUNSEL AND THE RIGHT TO TESTIFY GUARANTEED BY THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 12 OF THE MASSACHUSETTS DECLARATION OF RIGHTS**

a) **FAILURE TO PREPARE THE ACTUAL INNOCENT DEFENDANT TO TESTIFY:**

Although Commitee for Public Counsel Services standards for trial counsel do not require such preperation as a cost-saving policy to limit billable hours, any competent lawyer has a duty to carefully and meticulously prepare to a criminal defendant to testify, **United States V Frappier**, 615 F. Supp 51, 53 (D.Mass. 1986); Flanagan, **TRIAL PRACTICE**, Mass. Practice series volume 43, §125 pages 114-116 (1993 Edition with 2004 supplement); **Fisher V Gibson**, 282 F3d 1283, 1301 (10th Cir. 2002).

The affidavit of Jack Beliard not only verifies trial attorney John Amabile did not sit down with him to go over a long list of direct examination questions, or roleplay a prosecutor doing mock cross-examination of the defendant, but Amabile als did not tell Jack Beliard that only a criminal defendant has the exclusive right to decide whether or not to testify, as required by C.P.C.S trial counsel Performance Standard chapter IV Rule 1.3(f). Chapter VI trial counsel Rules 6.1 and 6.7 concerning pre-trial preperation, and presentation, of witness do not include anything about preparing a client to testify, or notifying him of such right at trial, **id.**

When attorney Amabile decided not to put the defendant on the witness stand, Amabile had not observed the defendant's reactions to any preparatory questions or mock cross-examination; hence, defense counsel was not in a position to decide whether or not the defendant should testify. Those combined non-strategic failures to prepare the defendant to testify or to make a knowing, intelligent and voluntary decision to waive his Fifth, Sixth Fourteenth Amendment and Article 12 right to testify, require this court to granta new trial after hearing  the defendant testify to defense facts set out in his affidavit, filed herewith and incorporated herein, as well as hearing attorney Amabile's testimony at the evidentiary hearing, **Commonwealth V Freeman**, 29 Mass. App. Ct 635, 640-643 (1990); **Gallego V United States**, 174 F3d 1196,1198-1199 (11th Cir. 1999); **State V Hampton**, 818 S₂2d 720, 729 (2002); **Campos V United States**, 930 F.Supp. 787, 792 (ED. N.Y. 1994);  **United States V Butts**, 630 F.Supp. 1145 (D.ME. 1986); **Commonwealth V Licata**, 412 Mass. 654, 661-662 (1992).

Attorney David Duncan had the October 14, 1999 affidavit of Jack Beliard and Duncan knew attorney Amabile never prepared the defendant to testify, but Duncan concealed trial counsel's ineffective assistance by omitting this meritorious issue from first new trial motion proceedings. Attorney Duncan knew, that his client was actually inncent and, therefore, should have testified at trial.

Because Massachusetts reconizes the right to effective ass-
istance of post-conviction counsel during new trial motion
proceedings, **Breese V Commonwealth**, 415 Mass 249, 251-252 n.4
(1993), either the Superior Court, or a later Federal Habeas
Corpus reviewing court, **must** hear attorney Duncan's testimony
explaining his failure to include this issue in his Rule 30
motion, during the necessary evidentiary hearing on this issue
**Mapes V Coyle**, 171 F3d 408, 427-429 (6th Cir. 1999) grant of
writ affirmed, **Mapes V Tate**, 388 F3d 187, 189-193 (6th Cir.
2004).

## b) FAILURE TO PREPARE AND PRESENT DEFENSE WITNESS:

Ground one(e) is incorporated herein by refrence. "An att-orney's peformance is deficient when he or she fails to con-duct any investigation into exculpatory evidence and has not providedany explination for not doing so", **Stevens V Deleware Correctional Center**, 152 F.Supp.2d 561, 576 (D. Del 2001) and "ineffectiveness is generally clear in the context of a complete failure to investigate because counsel can hardly be said to have made a strategic choice against persuing a certain line of investigation when he has not yet obtained the facts on which such a decision can be made", **United States V Gray**, 878 F2d 702, 711-712 (3rd Cir. 1989); **Kimmelman V Morrison,** 477 U.S. 365, 385-386 (1986).

"An attorney who fails to interview a readily available witness whose non-cumultave testimony may potentially aid the defense should not be allowed automatically to defend his om-ission simply by raising the shield of trial strategy and tactics", **Crisp V Duckworth**,743 F2d 580,584 (7th Cir. 1984) because "counsel's anticipation of what a potential witness would say does not excuse the failure to find out", **United States V Moore**, 554 F2d 1086, 1093 (D.C. Cir. 1976). Further more, defense "counsel cannot asses credibility and demeanor of a prospective witness without looking him in the eye and hearing him tell his story", **US EX REL Hampton V Leibach**, 347 F3d 219, 252 (7th Cir. 2003) quoting, **Lord V Wood**, 184 F3d 1083, 1095 (9th Cir. 1999).

The attached affidavit of Manual Dmas shows he was a mat-
erial witness capable of contradicting the prosecutors main
witnesses, and invstigator Joe Murphy's July 11, 1997 report
shows Mr. Damas and the defendant's mother were important
witnesses who should have been called (Addendum pages 31-33).
New assigned CPCS counsel will ontain further affidavits from
Mr. Damas, the defendant's mother and his brother Annibal(A/K/
A Bobby) Beliard consistant with investigator Murphy's report
(Addendum page 33). Attorney John Amabile's failure to person-
ally interview, prepare to testify, summons and present the
testimony of these witnesses requires an evidentiary hearing,
detailed Rule30(b) findings, and new trial, **Moran V Vose**, 816
F2d 35, 37 (1st Cir. 1987); **Noble V Kelly**, 89 F.Supp.2d 443,
463 (S.D. N.Y. 2000);**Pavel V Hollins**, 261 F3d 210,219-229
(2nd Cir. 2001); **Sanders V Ratelle**, 878 F2d 702, 716 (3rd Cir.
1989); **Griffin V Warden**, 970 F2d 1355, 1358 (4th Cir. 1992);
**Nealy V Cabana**, 764 F2d 1173, 1176-1179 (5th Cir. 1985); **Bry-
ant V Scott**, 28 F3d 1411, 1418-1419 (5th Cir. 1994); **Workman
V Tate**, 957 F2d 1339, 1345 (6th Cir. 1992); **US EX REL Cosey
V Wolf**, 727 F2d 656, 657-660 (7th Cir. 1984); **Sullivan V Fair-
man**, 819 F2d 1382, 1386-1390 (7th Cir. 1987); **Montgomery V
Peterson**, 846 F2d 407, 412-414 (7th Cir. 1988); **Harris V
Reed**, 894 F2d 871, 876-879 (7th Cir. 1990); **Washington V Smith**,
219 F3d 620,626-633 (7th Cir. 2000); **Davis V Lambert**,388 F3d
1052, 1060-1067 (7th Cir. 2004); **Chambers VArmontrout**, 907
F2d 825, 828-832 (8th Cir. 1990); **Brown V Myers**, 137 F3d 1154,

1157 (9th Cir 1998); **United States V Cook**, 45 F3d 1350, 1353-
1356 (10th Cir. 1995); **Code V Montgomery**, 799 F2d 1481 (11th
Cir. 1986).

Similraly the expected affidavit of Bleius Beliard should
show that he never would have testified for the prosecution
against his own brother, that attorney Amabile did not attempt
to locate, interview prepare and summons Belius Beliard, but
had counsel done so and the court threatened to admit the ev-
idence due to any refusal to testify for tha Commonwealth
supporting a finding of unavailibilty, Belius Beliard could
have testified that his plea was the equivolent of nolo con-
tendre, that he didn't accept responsibility for specifically
firing any .25 calibre firearm, did not posses the .25 calibre
firearm, and chose not to fight that individual charge solely
to obtain a reduced sentense for armed home invasion and the
firearms offense. Both Belius Beliard and attorney John Amabile
**must** testify to fully develop the record at an evidentiary
hearing, **Commonwealth V De Lacruz**, 61 Mass. App. Ct. 445, 452
(2004); **Commonwealth V Aviles**, 40 Mass. App. Ct. 440, 444- 447
(1996); **Commonwealth V Licanta**, 412 Mass 654, 662 (1992);
**Epsom V Hail**, 330 F3d 49 (1st Cir. 2003). Failure to order his
guilty plea transcript shows similar incompetence.

## c) ATTORNEY DUNCAN WAS ALSO INEFFECTIVE:

As set out in defendant Jack Beliard's affidavit, he gave
attorney David Duncan the affidavit of Manuel Davis (Addendum
pages 31-32), attorney Duncan had investigator Murphy's report
(Addendum page 33) and the ground two record alerted attorney
Duncan to the necessity of ordering Belius Beliard's guilty

plea transcript,[ where ineffective attorney Amabile did not

obtain the guilty plea transcript prior to, or during, the

defendant's trial. Being too lazy to obtain affidavits from

Annibal Belird or the defendant's mother and refusing to use

Manuel Damas' affidavit, or obtain and file Belius Beliard's

affidavit in support of the new trial motion filed by attorney

Duncan, strongly supports this court requiring attorney Duncan

to testify at an evidentiary hearing, **Mapes V Coyle**, 171F3d

408, 427-429 (6th Cir. 1999) writ granted, **Mapes V Tate**, 388

F3d 187, 189-193 (6th Cir. 2004), followed by detailed specific

 Rule 30(b) findings in support of this court granting a new

trial  based on the combined ineffective assistance of trial

and post-conviction counsel violating the defendants' rights

guaranteed by the Sixth and Fourteenth Amendments to the Un-

ted States Constitution and Article 12 of the Massachusetts

Declaration of rights

## CONCLUSION

This Court (SJC) is requested to remand this to the Superior Court and to assign CPCS counsel (averring under pain and penalty of perjury only $80.00 in prison personal account,$180.00 in prison savings account and no real property or outside bank accounts,liquid assets to retain counsel,and family still owing Atty Duncan), allow post-trial discovery,grant an evidentiary hearing to fully develop the record and after making extensive detailed factual findings,Rule 30(b), allow this new trial motion,and grant Rule 30(c)(8) bail pending any appeal thereof,id.

RESPECTFULLY SUBMITTED BY,

January 11,2005

Jack Beliard pro se
PO Box 100
S.Walpole,MA.02071

Original:SJC filing
cc.Superior Court
copy served on Assistant
District Attorney Paul Linn,
One Bulfinch Place,
Boston,MA.02114-2997

cc.CPCS Appeals Unit David Nathanson for assignment
cc.Atty John Amabile(w/affidavit request)
cc.Atty David Duncan (w/Affidavit request)

*Exhibit* 

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**UNITED STATES COURTHOUSE**  *CSuite 4910)*
**1 COURTHOUSE WAY**
**BOSTON, MASSACHUSETTS 02210**

GEORGE A. O'TOOLE, JR.
DISTRICT JUDGE

January 10, 2005

John A. Amabile, Esq.
Amabile & Burkly, PC
380 Pleasant Street
Brockton, MA 02401

RE:    DuPont v. Nolan, CV 04-11431-GAO

Dear Mr. Amabile:

Enclosed is a photocopy of a letter I have received from Mr. DuPont. I trust you will be

in touch with him.

Very truly yours,

George A. O'Toole, Jr.
United States District Judge

Enc.

cc:    Michael Kevin DuPont, # 44692
       P.O. Box 100
       South Walpole, MA 02071-0100

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

MICHAEL KEVIN DuPONT,
        PETITIONER

V.

DAVID NOLAN,
        RESPONDENT

No. 04-11431-GAO

x x x x x x x x x x x x x x x x x

EMERGENCY MOTION FOR COURT TO COMPEL
C.J.A. ATTORNEY JOHN AMABILE TO
COMMUNICATE WITH PETITIONER OR
FOR REASSIGNMENT OF C.J.A. COUNSEL

        Now comes THE PETITIONER, AVERRING
UNDER PAIN AND PENALTY of perjury that
he shall be Released from PRISON IN
MARCH 2005, AND moves Judge O'Toole
To compel ATTORNEY John AMAbile To
COMMUNICATE with the PETITIONER, OR
FOR ASSIGNMENT OF A New C.J.A. Lawyer
who will PRESS for A bAiL Release Hearing
Accept collect calls And ANswer Letters.
        IN support hereof, PETITIONER Also
Avers that AMAbile has not ANswered
PETITIONERS 12/9/04 Letter or A second Letter
his office SECRETARY Refuses To Accept
collect Telephone calls IN Boston And BRockTon
And AMAbiles BostoN office says he does
NOT WORK IN BostoN office And is Always IN BRockToN,
1/6/05 copy Served on Submitted By
Ass Atty Gen. Susan Reardon                 PRO SE
CJA coordinator
cc. Atty John AMAbile

*Exhibit*

CASREF

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:04-cv-11431-GAO
### Internal Use Only

DuPont v. Nolan
Assigned to: Judge George A. O'Toole Jr.
Referred to: Magistrate Judge Marianne B. Bowler
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 06/17/2004
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: Federal Question

**Petitioner**

----------------------

**Michael Kevin DuPont**

represented by **Michael Kevin DuPont**
MCI Cedar Junction
P.O. Box 100
South Walpole, MA 02071
PRO SE

V.

**Respondent**

----------------------

**David Nolan,** *Superintendent*

represented by **Susanne G. Reardon**
Attorney General's Office
One Ashburton Place
18th Floor
Boston, MA 02108
617-727-2200
Fax: 617-727-5755
Email:
susanne.reardon@ago.state.ma.us
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/17/2004 | ●1 | MOTION for Leave to Proceed in forma pauperis by Michael Kevin DuPont.(Jenness, Susan) (Entered: 06/23/2004) |
| 06/17/2004 | ●2 | PETITION for writ of habeas corpus pursuant to 28:2254 , filed by Michael Kevin DuPont.(Jenness, Susan) (Entered: 06/23/2004) |

UNITED STATES  DISTRICT COURT
FOR  THE
DISTRICT OF MASSACHUSETTS

MICHAEL KEVIN DuPONT,         *
          PETITIONER         *
                             *
V.                           *
                             *   No. 04-11431-GAO
                             *
DAVID NOLAN,                 *
          RESPONDENT         *
*************************

*[handwritten: Exhibit #15 — To conceal own misconduct + protect Judge O'Toole strook this from Record AT 1/27/05 status conference hearing]*

BLAKELY V. WASHINGTON,124 S.Ct 2531(2004)LEGAL GROUND MOTION
FOR  IMMEDIATE  BAIL AND NOTICE OF COMPLAINT AGAINST  JUDGE
O'TOOLE FOR UNTIMELY RULINGS AND COVERING UP FOR PROSECUTORS

          Now comes the unlawfully imprisoned Petitioner,
citing Judge O'Toole's principle of **"enough is enough"**,US V. NORTH,
98-10176-GAO (3/10/00 transcript page 138), and, where Petitioner's
sentence expires in three months after having served eight years
excessive time over wrap up due to pending APPRENDI-type violation
of the rules of BLAKELY V. WASHINGTON,124 S.Ct.2531(2004),especially
the state Court's decision being contrary to the Apprendi-Blakely
**"impact analysis"**,UNITED STATES V. MUFFLEMAN,327 F.Supp2d 79,88-89
(D.Mass 2004), Petitioner, for a third time, moves for immediate
bail release under the Blakely bail decision in UNITED STATES V.
CASTRO,382 F3d 927,929(9th Cir 2004) (see former Docket entries#8,
#19,#21), and,in relation thereto attaches an advance copy of his
12/6/04 letter complaint to the First Circuit Aministrator which
concerns Judge O'Toole's pattern of untimely rulings in many other
case, and in particular Judge O'Toole's specifically covering-up
for unethical Ass.Atty.General Susan Reardon in this case and his
18 USC § 2 aiding and abetting her fraudulent obstruction of
justice conspiracy with state prosecutors Judge Quinlan is also
covering up for(see attached exhibit state DE#597,#598) by Judge
O'Toole failing to refer her to the Board of Bar Overseers and
delaying rulings in a joint venture conspiracy to moot the habeas
excessive sentence grounds(DE#20,#23,#25,#26,#27,#28,#29,#30,#31-36).
IF not immediately released on bail,petitioner shall lawfully impose
sanctions using first amendment rights to make Judge O'Toole work
much harder by ~~proving~~ *providing* massive pro bono assistance to O'Toole's
other litigant victims upon release anyway in March 2005 !
November 25,2004
Copy served on corrupt and                    SUBMITTED BY,
unethical AAG Susan Reardon
cc. State Court files
                                    Michael DuPont Pro Se
                                    PO Box 100
                                    S.Walpole,MA.02071

| 06/17/2004 | ● | If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Bowler. (Jenness, Susan) (Entered: 06/23/2004) |
|---|---|---|
| 06/17/2004 | ●3 | MOTION to Assignment of Counsel to Expedite Bail Release and for Necessary Evidentiary Hearing by Michael Kevin DuPont. (Weissman, Linn) Additional attachment(s) added on 6/28/2004 (Jenness, Susan). (Entered: 06/25/2004) |
| 06/23/2004 | ● | Case undergoing preliminary screening (Jenness, Susan) (Entered: 06/23/2004) |
| 06/24/2004 | ●4 | Judge George A. O'Toole Jr.: SERVICE ORDER entered re: 2254 Petition. Order entered pursuant to R.4 of the Rules governing Section 2254 cases for service on respondents. Answer/responsive pleading due w/in 20 days of rcpt of this order. cc/cl(Weissman, Linn) (Entered: 06/25/2004) |
| 06/24/2004 | ●5 | Judge George A. O'Toole Jr.: ORDER entered granting 1 Motion for Leave to Proceed in forma pauperis. cc/cl (Weissman, Linn) (Entered: 06/25/2004) |
| 06/24/2004 | ●6 | Judge George A. O'Toole Jr.: ORDER entered denying 3 petitioner's motions for appointment of counsel and for an evidentiary hearing without prejudice to the re-filing of these motions after the respondent has filed a responsive pleading to the petition.cc/cl (Weissman, Linn) (Entered: 06/25/2004) |
| 06/28/2004 | ● | Documentation attached to motion No. 3 for appointment of counsel is not scannable however is attached in hard copy to motion. (Jenness, Susan) (Entered: 06/28/2004) |
| 07/02/2004 | ●7 | MOTION for Reconsideration of Counsel Assignment on July 19, 2004 and to Deny Respondent's Time Extensions or to Transfer Case to Judge Lindsay by Michael Kevin DuPont.(Barrette, Mark) (Entered: 07/08/2004) |
| 07/02/2004 | ●8 | EXHIBIT by Michael Kevin DuPont.***Too large to scan*** (Barrette, Mark) Additional attachment(s) added on 7/8/2004 (Barrette, Mark). (Entered: 07/08/2004) |
| 07/02/2004 | ●9 | Verified MOTION for Bail Hearing and to Expedite Bail Release Based Upon Blakely v. Washington, 124 s. Ct. (2004) ***Attachments too large to be Scanned*** by Michael Kevin DuPont.(Barrette, Mark) (Entered: 07/08/2004) |
| 07/06/2004 | ● | Return receipt received for mail sent to Ms. Cathryn A. Neaves |

| 08/20/2004 | ●15 | ANSWER to Complaint *habeas corpus petition* by David Nolan. (Reardon, Susanne) (Entered: 08/20/2004) |
|---|---|---|
| 08/20/2004 | ●16 | MOTION to Dismiss *petition for writ of habeas corpus* by David Nolan.(Reardon, Susanne) (Entered: 08/20/2004) |
| 08/20/2004 | ●17 | MEMORANDUM in Support re 16 MOTION to Dismiss *petition for writ of habeas corpus* filed by David Nolan. (Reardon, Susanne) (Entered: 08/20/2004) |
| 08/23/2004 | ●18 | Supplemental ANSWER to Complaint(Volume 1&2***Too Large to be Scanned***) by David Nolan.(Barrette, Mark) (Entered: 08/24/2004) |
| 08/24/2004 | ●22 | Petitioner's Filing of Grievance Appeal # 4420 Concession by Respondent Nolan's 8/3/04 Exhibit Stipulating Full Exhaustion of Apprendi-Based Blakely v. Washington Grounds 3,6,7 and 15 Allowing Partial Summary Judgment Immediate Release from Michael Kevin Dupont. (Barrette, Mark) (Entered: 08/30/2004) |
| 08/25/2004 | ●23 | Opposition re 16 MOTION to Dismiss *petition for writ of habeas corpus* filed by Michael Kevin DuPont. (Barrette, Mark) (Entered: 08/31/2004) |
| 08/31/2004 | ●24 | Petitioners Decisional Support for Summarily Denying the Motion to Dismiss from Michael Kevin Dupont. (Barrette, Mark) (Entered: 08/31/2004) |
| 09/09/2004 | ●26 | MOTION Investigation of State Atty. General's Office Targeting Some Federal Judges For Omission of Collateral Exhaustion Records by Michael Kevin DuPont.(Barrette, Mark) (Entered: 09/15/2004) |
| 09/09/2004 | ●27 | NOTICE of Intent To File Dupont v O'Toole Bivens Complaint For Untrained Judge Failing To Compel Respondent to File 01-P-1792 Exhaustion Record and Delay Supporting Judge O'Toole Disqualifying Himself by Michael Kevin DuPont (Barrette, Mark) (Entered: 09/15/2004) |
| 09/09/2004 | ●28 | Demand for Expedited Decision on Merits and Assigned Counsel To Facilitate Release or for Judge O'Toole to Disqualify Himself by Michael Kevin DuPont. (Barrette, Mark) (Entered: 09/15/2004) |
| 09/09/2004 | ●30 | Verified Demand For Denial of Respondent's Motion to Dismiss and for Exposure of AAG Susan Reardon's Misconduct or for Judge O'Toole to Disqualify Himself by Michael Kevin DuPont to 16 MOTION to Dismiss *petition for writ of habeas corpus.* (Barrette, Mark) (Entered: 09/15/2004) |

| 09/15/2004 | ●25 | MOTION to Strike Respondents Answer, Supplemental Answer and Motion To Dismiss for Bad faith Omission of 01-P-1792 Exhaustion Record and False Answer Denial of Such Knowledge 15 Answer to Complaint, 16 MOTION to Dismiss *petition for writ of habeas corpus*, 18 Answer to Complaint by Michael Kevin DuPont.(Barrette, Mark) (Entered: 09/15/2004) |
|---|---|---|
| 09/15/2004 | ●29 | Third MOTION to Appoint Counsel To Expose the Respondent's Misconduct and Expedite Hearings For Release Within Six Months Remaining To be served on Twenty Year Sentence by Michael Kevin DuPont.(Barrette, Mark) (Entered: 09/15/2004) |
| 09/20/2004 | ●31 | Respondents 01-P-1792 BRIEF Exhibit Opposing Grounds 1,3,4,5,6,7, &15 on the Merits and not contesting State Habeas Corpus Exhaustion Remedy by Michael Kevin DuPont to 16 MOTION to Dismiss *petition for writ of habeas corpus*. (Barrette, Mark) (Entered: 09/23/2004) |
| 09/20/2004 | ●32 | State Exhaustion 01-P-1792 Appendix Volume IV Transcripts by Michael Kevin DuPont. (Barrette, Mark) (Entered: 09/23/2004) |
| 11/19/2004 | ● | Judge George A. O'Toole Jr.: ORDER entered- Upon review of the file, this action is referred to the Magistrate Judge for appointment of counsel only.(Lyness, Paul) (Entered: 11/19/2004) |
| 11/19/2004 | ●33 | Judge George A. O'Toole Jr.: ORDER entered REFERRING CASE to Magistrate Judge Marianne B. Bowler Referred for: to appoint CJA Attorney (Attachments: # 1 Attorney assignment request# 2 Appointment of Counsel)(Edge, Eugenia) (Entered: 11/22/2004) |

| | | Exhaustion Record and Delay Supporting Judge O'Toole Disqualifying Himself by Michael Kevin DuPont (Barrette, Mark) (Entered: 09/15/2004) |
|---|---|---|
| 09/15/2004 | ●28 | Demand for Expedited Decision on Merits and Assigned Counsel To Facilitate Release or for Judge O'Toole to Disqualify Himself by Michael Kevin DuPont. (Barrette, Mark) (Entered: 09/15/2004) |
| 09/15/2004 | ●29 | Third MOTION to Appoint Counsel To Expose the Respondent's Misconduct and Expedite Hearings For Release Within Six Months Remaining To be served on Twenty Year Sentence by Michael Kevin DuPont.(Barrette, Mark) (Entered: 09/15/2004) |
| 09/15/2004 | ●30 | Verified Demand For Denial of Respondent's Motion to Dismiss and for Exposure of AAG Susan Reardon's Misconduct or for Judge O'Toole to Disqualify Himself by Michael Kevin DuPont to 16 MOTION to Dismiss *petition for writ of habeas corpus.* (Barrette, Mark) (Entered: 09/15/2004) |
| 09/23/2004 | ●31 | Respondents 01-P-1792 BRIEF Exhibit Opposing Grounds 1,3,4,5,6,7, &15 on the Merits and not contesting State Habeas Corpus Exhaustion Remedy by Michael Kevin DuPont to 16 MOTION to Dismiss *petition for writ of habeas corpus.* (Barrette, Mark) (Entered: 09/23/2004) |
| 09/23/2004 | ●32 | State Exhaustion 01-P-1792 Appendix Volume IV Transcripts by Michael Kevin DuPont. (Barrette, Mark) (Entered: 09/23/2004) |
| 11/19/2004 | ● | Judge George A. O'Toole Jr.: ORDER entered- Upon review of the file, this action is referred to the Magistrate Judge for appointment of counsel only.(Lyness, Paul) (Entered: 11/19/2004) |
| 11/22/2004 | ●33 | Judge George A. O'Toole Jr.: ORDER entered REFERRING CASE to Magistrate Judge Marianne B. Bowler Referred for: to appoint CJA Attorney (Attachments: # 1 Attorney assignment request# 2 Appointment of Counsel)(Edge, Eugenia) (Entered: 11/22/2004) |
| 01/04/2005 | ● | Judge George A. O'Toole Jr.: Electronic ORDER entered terminating 13 Motion for Extension of Time to Answer (Lyness, Paul) Modified on 1/5/2005 to add electronic to text (Edge, Eugenia). (Entered: 01/04/2005) |

Exhibit

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

MICHAEL KEVIN DuPONT,
PETITIONER

v.                                              No. 04-11431-GAO

DAVID NOLAN,
RESPONDENT

* * * * * * * * * * * * * * *

REQUEST FOR LEAVE TO BE HEARD AT 2/7/05 HEARING
ON NEED FOR ASSIGNMENT OF DILIGENT/COMPETENT
C.J.A. COUNSEL AND MOTION FOR BAIL RELEASE
TO 30 DAY CONSECUTIVE SENTENCE ON 2/7/05
FOR PURPOSE OF PREVENTING MOOTNESS OF GROUNDS

Because so-called CJA Attorney John
Amabile did not file his appearance for
over two months in violation of D. Mass
Local Rule 83.5.2(a), broke his word to
petitioner to file bail motion shortly after
1/12/05 visit and petitioner questions counsel's
lack of knowledge of 28 USC § 2254 decisional
law based on Amabile's reputation for lack
of dilligence for over a decade systemwide
and lack of communication with failure to
answer petitioner's letter questions in violation
of SJC Rule 3:07, Atty ethics sub-rules 1.3, 1.4(a)(b)
with his office refusing collect calls from clients your
petitioner requests to be heard and make a
record at 2/7/05 hearing, and for reconsideration
of bail for reasons set out in attached 5 page
complaint against Judge O'Toole with its exhibits

JANUARY 30 @ 2004 copy                    Michael DuPont
Served on Ass. Atty Gen. Susan Reardon         Michael DuPont, Pro Hac Vice
cc Atty John Amabile                           Box 100, S. Walpole MA 02071

JUDICIAL COUNCIL OF THE FIRST CIRCUIT

COMPLAINT OF JUDICIAL MISCONDUCT OR DISABILITY

*Through: GARY H. WENTE, FiRST CiRCUiT ExecuTive*

Mail this form to the Clerk, United States Court of Appeals for the First Circuit, United States Courthouse, Suite 2500, 1 Courthouse Way, Boston, Massachusetts 02210. Mark the envelope JUDICIAL MISCONDUCT COMPLAINT or JUDICIAL DISABILITY COMPLAINT. Do not put the name of the judge or magistrate on the envelope.

*Copies To: Chief Judge WilliAM Young & Hon. Judge ALL ASS. ATT'y General SuSAN REARdON And All oTHer D. MASS Judges And O'Toole's FrieNds LATER, JR*

See Rule 2(e) for the number of copies required.

*JR on my release!*

1.  Complainant's name: *MichAel KeviN DuPoNT*

    Address: *P.O. Box 100*

    *S. WAlpole, MA. 02071*

    Daytime telephone: (    )

2.  Judge or magistrate complained about:

    Name: *GeoRge A. O'Toole, JR.*

    Court: *DisTRicT oF MASSAchuseTTs AT BosToN*

    *Who should be disquAlified FRom my cASe immediATely*

3.  Does this complaint concern the behavior of the judge or magistrate in a particular lawsuit or lawsuits?

    [ *V* ] Yes        [    ] No

    If yes, give the following information about each lawsuit (use the reverse side if there is more than one):

    Court: *DuPoNT V NolAN, 04-11431-GAO*   *(And All oTHer cASes on His docket He's*

    Docket number: *04-11431-GAO*   *Too lAzy To mAke Timely RuliNgs on)*

    Are (were) you a party or lawyer in the lawsuit?

    *V w/counsel*

    [ *V* ] Party   *BuT CJA ASsigned ATT'y John AmAbile does NoT KNow THe LAw*   [    ] Lawyer   [    ] Neither   [ *V* ] *MAYBE*

    If a party, give the name, address and telephone number of your lawyer:

    *So-cAlled ATToRNey JoHN AmAbile Told me He does NoT like Judge O'Toole And cRiTicized O'Toole STRoNgly oN ouR FiRsT visiT*

    Docket numbers of any appeals to the First Circuit: _____

4.  Have you filed any lawsuits against the judge or magistrate?

[ ] Yes     [✓] No   *NoT YeT boT*

*BiVeNS COMPLAINT FoR FAiLURE To TRAIN O'Toole MAy FoLLow*

If yes, give the following information about each lawsuit (use the reverse side if there is more than one):

Court: _____

Docket number: _____

Present status of suit: _____

Name, address and telephone number of your lawyer: _____

_____

Court to which any appeal has been taken: *28 USC 8 351(Q), MASS, BJC Rule 3.2 & ViolAtioNS*

Docket number of the appeal: *PATTERN of UNTimely RulingS IN ALL O'Toole CASES =*

Present status of the appeal: _____

*FoR ENGAGiNG iN CoNduCT PREjudiCiAL To THE*

5.  On separate sheets of paper, not larger than the paper this form is printed on, describe the conduct or the evidence of disability that is the subject of this complaint. See Rule 2(b) and 2(d). Do not use more than 5 pages (5 sides).

*EXPEDiTiouS ADMiNiSTRATioN oF JuSTiCE ANd*
*NoT KNowiNG BAiL LAw ANd HABEAS CoRpuS LAw*
*SuFFiCieNTly To MAKE TRuely deCiSioNS*

6.  You should either

    (1)  check the first box below and sign this form in the presence of a notary public; or

    (2)  check the second box and sign the form. You do not need a notary public if you check the second box.

    [ ]  I swear (affirm) that –

    [✓]  I declare under penalty of perjury that –

    (1)  I have read Rules 1 and 2 of the Rules of the Judicial Council of the First Circuit Governing Complaints of Judicial Misconduct or Disability; and

    (2)  The statements made in this complaint are true and correct to the best of my knowledge.

*CJA SiGN THiS*
*SpeCifiCALLy*
*PLeASe HAVe my LAwyeR yeS*
*ASSiGNed THAT ESPeCiAlly O'Toole*
*ANd Tell you diSLiKeS*
*why THe JudGE*

Signature: *Michael Kevin Dupont*

Date executed: *JANuARy 30, 2005*

Sworn and subscribed to before me

Date: _____

Notary Public: _____

My commission expires: _____

*ATTORNey JoHN AMABiLe*
*380 N PLeASANT STReeT*
*BRoCKToN, MA, 02801*
*(508) 559-6966*

BECAUSE I do NOT HAVE FEDERAL Ethics Rules FOR Judges in my cell, I AM citing ANALOGOUS Rules OF MASSAchusetts Supreme Judicial Court, AS Follows:

COMPLAINT #1: EX PARTE COMMUNICATIONS AND PURPOSEFUL DENIAL OF COMPETANT COUNSEL TO COVER-UP MISCONDUCT WHILE DENYING PETITIONER FAIR OPPORTUNITY TO BE HEARD:

PLEASE find ATTACHED hereto A COPY of Judge O'Toole's personally WRITING A LAWYER EX PARTE without SERVING A COPY ON OPPOSING ATTORNEY GENERAL's office Counsel, AND I AVER THAT before 1/27/05 heARING ATTORNEY AMABILE Told me whAT Judge O'Toole WAS going To SAY About MY subsequent FILINGS SO there MAY have been A second ex PARTE COMMUNICATION.

SJC Rule 3:09 JUDICIAL CANNON 3 (A)(4) prohibits ex PARTE COMMUNICATIONS with only one counsel for one PARTY without including or notifying counsel for other PARTY, HALLER v ROBBINS, 409 F2d 857, 858-859 (1st Cir 1989); YOHN v LOVE, 76 F3d 508, 513-515 (3rd Cir 1996), because iT "undermines confidence in the impARTIALITY of the COURT", UNITED STATES v MINSKY 963 F2d 870, 874 (6th Cir 1992) AND even brief COMMUNICATIONS with one LAWYER SUPPORTS RECUSAL, UNITED STATES v RHYNES 206 F3d 349, 356-359 (4th Cir 1999), which UNTRAINED Judge O'Toole should have KNOWN, iF.

—1 of 5—

Following Judge O'Toole's 1/10/05 ex parte
letter, the 1/27/05 Hearing transcript tends To
show unusual favoritism for unprecedented quick
2/7/05 hearing next week Allowing Atty. Amabile
To have me present on 1/27/05 And 2/7/05 for
minor Technical STATUS conference And motion To
dismiss Arguments That no Habeas Petitioner has
ever been brought To court for To my knowledge by
Any Judge ever before, so I fear bias in favor
of Atty Amabile because Judge O'Toole must know
Amabile cannot possibly know facts in my 10,000 page
case record And does not know updated Federal
Law, or perhaps Any controlling decisional Law. The
1/27/05 striking of my pleadings included Judge
O'Toole striking my complaint Against him To conceal
his misconduct/delay from First Circuit In Later Appeal.
SJC Rule 3:09 Judicial canon 3(A)(4) Also
states "A Judge should Accord To every person
who is Legally interested in A proceeding, or
his lawyer, full Right To be heard according To Law" it
but Judge O'Toole denied me opportunity to be heard
for past six months And gave me An incompetent
CJA. Lawyer who never contacted me until Judge
O'Toole wrote Amabile, And did not even know
To file A Timely Appearance in my case for several
months, on visit, in Addition To criticize Judge
O'Toole, Attorney Amabile gossiped About Lesbian
non Judge Regina Quinlan in my case but said
Quinlan's girlfriend AAG Barbara A.H. Smith was
dating prosecutor Phyllis Broker, not Quinlan when
Amabile worked with her in the Attorney General's office.
—29 p5—

Attorney Amabile has not accepted any of my collect calls to his offices in past two months, and has not written me to answer any of my letters and broke his 1/12/05 promise to me that he would file a bail motion and other stuff within a few days, but he never filed anything and 1/27/05 transcript verifies his laziness when he advised only on my pro se pleadings, id. When I asked Amabile about 1/12/05 US V BOOKER case, just like when I named cases before, he had a blank look on his face, and he asked me for copies of bail cases RIVERA V CONCEACON, — Fed — (1st cir 1922) and OBER V GUARINO, — F3d — (1st cir 2002) because Amabile didn't know any habeas corpus bail cases during 1/27/05 hearing. I helped several other prisoners prepare new trial motions attacking Attorney Amabile for not knowing stare decisional law at their murder trials, but I was shocked that O'Toole would allow Amabile to practice in his court room knowing Amabile does not read or know basic federal decisional law. Judge O'Toole covers up for incompetent CJA counsel by not allowing client victims to file motions or make a record speaking in his court room, so I would check out in your investigation all O'Toole cases with the most incompetent lawyers on C.J.A. List such as Atty Roger Cox who sells-out all of his clients, or lawyers like Amabile who do not read updated F3d decisional law like Bernie Grossberg and 50% of all CJA List counsel, or Roger Witkin who tells his clients he's not going to file motions because the motions will be denied by federal judges anyway. The CJA List should be opened to allow new young competent and diligent lawyers to get on CJA List and 50% of old over-the-hill incompetent lawyers who merely overbill the government while never

— 3 of 5 —

Adequately preparing for trials should undergo competency evaluations and be removed from Federal CJA assignment list.

Complaint #2: PATTERN IN DELAY IN RULINGS:
SJC Rule 3:09 Judicial Canon 3 CA (5) states, "A judge should dispose promptly of the business of the court" so I request you to investigate all other O'Toole case docket entries for pattern of his untimely decisions, as verified by my attached 04-11431-GAO docket entries showing a dozen motions he has not ruled on, with attached 3/4/05 sentence recalculation for 2/26/05 release from prison that may moot Habeas grounds. Contrast O'Toole ruling on mootness reviewed in JACKSON v COALTER, 337 F3d 74, 79 (1st Cir 2003) with supreme court cases cited therein explaining that the "case or controversy requirement subsists through all stages of Federal judicial proceedings" and the practical effect of O'Toole's delay severely prejudiced me on APPRENDI-BLAKELY-BOOKER release and related sentencing grounds he had no excuse for not deciding merits of.

Complaint #3: COVER-UP FOR GOVERNMENT MISCONDUCT AND O'TOOLE NOT BEING TRAINED IN FEDERAL HABEAS CORPUS OR BAIL LAW:
SJC Rule 3:09, Judicial Canon 3 (B) (3) (b) and D. Mass. local Rule 83.6 (5) (A) Judge O'Toole has a duty to refer the Assistant Attorney General to the Board of Bar Overseers for reasons in my case to the board of bar overseers for reasons stated in pleadings listed in my docket entries, incorporated herein by reference but your future investigation may find he covered up for government lawyers as O'Toole always does!

— 4 of 5 —

SJC Rule 3:09 Judicial Canon 3 (A)(i)
states "A Judge should be faithful to the law and maintain professional competence in it", and so I should not have to teach O'Toole that D. Mass Local Rule 83.5, 2(a) required incompetent attorney Amabile to file an appearance; hence O'Toole did not have lawful power to strike my PRO SE motions properly filed before counsel's appearance. I should not have to teach Judge O'Toole that he has power to grant bail even before exhaustion of state remedies where delay is a factor, REVERA V CONCEPCION, 469 F2d 17,18 (1st Cir 1992) and often "the petitioner has remained free on bail pending the outcome of the habeas proceedings", OUBER V GUARINO 295 F3d 19, 25 (1st Cir 2002) while bail is particularly appropriate for APPRENDI grounds following BLAKELY-BOOKER decisions, UNITED STATES V CASTRO, 382 F3d 927, 929 (9th Cir 2004) and petitioner Dupont also has a denial of plea-stage counsel without a waiver of counsel ground that SHALL IOWA V TOVAR, 124 S.Ct 1379 (2004) that release require replea, sentencing, and bail showing is PARTICULARLY appropriate where a is made that a favorable decision may result in resentencing to a term less that time already served, UNITED STATES V ANTICO 123 F supp2d 285 (EPAA 2000) Judge O'Toole should not be allowed to sit and hear habeas corpus cases until he certifies under oath that he read cover-to-cover Liebman, FEDERAL HABEAS CORPUS PRACTICE + PROCEDURE (4th ed 1999 w/2004 supp), but I'll gladly train O'Toole for you when I lawfully haunt his courtroom upon my release giving PRO BONO assistance to litigants in AK. O'Toole's other cases since the UNITED STATES failed to train him in law + common courtesy.
-5 of 5-           Jane E. Dupont

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

MICHAEL KEVIN DuPONT,      *
               Petitioner *
                        *
V.                    *   No.04-11431-GAO
                        *
DAVID NOLAN,         *   (Submitted through CJA Counsel
         Respondent     *    to file/serve before 2/7/05)
*********************************

PETITIONER'S RENEWED MOTION FOR BAIL FROM PRESENT SENTENCE
TO 30 DAY CONSECUTIVE SENTENCE ON 2/7/05 PREVENTING MOOTNESS

       Now comes the Petitioner, forwarding this through CJA [n.1]
counsel(despite failure of counsel to file Local Rule 83.5.2(a) appear-
ance in past two months) and, pursuant to 28 USC §2243("shall summar-
ily hear and determine the facts and dispose of the matter as law
and justice require") and pre-exaustion bail precident, RIVERA V.
CONCEPCION, 355 F.Supp 662,665-666(D.PR 1972(Sentence substantially
completed before substantial questions of law are decided, requiring
bail): 469 F2d 17(1st Cir 1972) as well as pending habeas petition
inherent power to grant bail, OUBER V. GUARINO, 293 F3d 19,25(1st Cir
2002)("The petitioner has remained free on bail pending the out-
come of the habeas proceeding") where resentencing may occur if the
post-conviction attack prevails, UNITED STATES V. ANTICO, 123 F.Supp2d
286)remanded 275 F3d 245,272(3rd Cir 2001) espessialy when a
Blakely-Booker issue is presented, UNITED STATES V. CASTRO, 382 F3d
927,929(9th Cir 2004(Remanding for bail remedy), moves this Court
to reconsider personal recognizance bail release on 2/7/05 to
prevent risk of mootness, JACKSON V. COALTER, 337 F3d 74,79,(1st Cir
2003)(Modifying Judge O'Toole's mootness ruling).By starting the
Petitioner's 30 day Norfolk County Jail consecutive sentence and
preserving a few weeks on present 20 year sentence pending result
of First Circuit appeal, risk of losing federal jurisdiction can be
avoided, and petitioners attached legal references and PSI show he
is not a flight risk and shall find employment upon release.

February ____,2005          RESPECTFULLY SUBMITTED THROUGH,
copy served on Ass.Atty.
General Susan Reardon

RESEARCHED/TYPED BY,           _____
                              John Amabile,Esq.
_____        380 Pleasant Street
Michael Kevin DuPont pro hac vice   Brockton,MA.02301
PO Box 100
S.Walpole,MA.02071

_____
   n.1/ Because no appearance was filed, striken 1/27/05 pleadings
   should be reinstated to this Court's docket at 2/7/05 hearing