# Lois M. Lewis
*Counselor-at-Law*
*74 Fuller Terrace*
*West Newton, Massachusetts 02465*
———
*(617) 969-4854*

January 25, 2006

Clerk of Court
United States District Court
District of Massachusetts
John Joseph Moakley Federal Courthouse
One Courthouse Way Suite 2300
Boston, MA 02210

    Re:    DuPont, Petitioner v. Nolan, Office of the Attorney General, Respondent
             Civil No. 04-11431-GAO

Dear Mr. Lyness:

At a recent status hearing the issue of mootness was presented to this Court. I would appreciate the opportunity to bring to the Court's attention a recent case, <u>Luna v. Commonwealth of Massachusetts,</u> 354 F3d. 108 (1st. Cir. 2004). The First Circuit in <u>Luna</u>, held:

> "Although Luna's probation has expired, the habeas action was filed before this occurred. See 28 U.S.C. §§ 2241(c), 2254(b) (2000) (only people "in custody" may file a federal habeas petition); <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998) (statutory requirement is satisfied so long as the petitioner is in custody at the time the petition is filed); <u>Jackson v. Coalter</u>, 337 F.3d 74, 78-79 (1st. Cir. 2003) (probation counts as "custody" for purposes of federal habeas). Mootness is avoided because a presumption exists that a habeas petitioner continues to suffer the ill effects of a wrongful conviction even after his sentence is served. See <u>Spencer</u>, 523 U.S. at 7-14."

page 111 fn. 1

Thank you.

Sincerely,

/s/ Lois Lewis
Lois Lewis

Certificate of Service
I hereby certify that this document filed
through the ECF system will be sent electronically
to the registered participants as identified on the Notice
of Electronic Filing (NEF) and paper copies will be
sent to those indicated as non registered participants on
January 25, 2006.

/s/ Lois Lewis