UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL KEVIN DUPONT<br>Petitioner,<br><br>v.<br><br>DAVID NOLAN<br>Respondent. | )<br>)<br>)<br>)<br>)   Civil Action No. 04-11431-GAO<br>)<br>)<br>)<br>) |

### MEMORANDUM IN OPPOSITION TO HABEAS CORPUS PETITION

The respondent, David Nolan, through counsel, hereby submits his memorandum of law in opposition to the petition for a writ of habeas corpus filed by Michael Dupont ("the petitioner"). As argued in this memorandum, the petition should be denied where the petitioner has been released from custody with no collateral consequences and the petition is therefore moot.

### PRIOR PROCEEDINGS

The petitioner's criminal history dates back to 1971, but the convictions which are at issue in this petition were committed in 1985. On April 11, 1985 a Middlesex County grand jury indicted the petitioner on one count of unlawful possession of a firearm, one count of use of a firearm while committing a felony, three counts of assault by means of a dangerous weapon, one count of assault and battery by means of a dangerous weapon, one count of armed assault with intent to rob, one count of armed assault with intent to murder and one count of armed robbery.

The petitioner was found guilty on August 28, 1986, following a jury trial. Justice John Forte sentenced him to thirty to forty years on the armed robbery conviction, and concurrent terms of three to five years on the firearm conviction, and five to ten years on the armed assault

conviction.    The armed assault with intent to rob conviction was placed on file.  On July 7, 1993, the Massachusetts Appeals Court dismissed the petitioner's appeal pursuant to Standing Order 17A for failure to prosecute.

On June 29, 1998, the petitioner filed a motion for new trial.  On September 3, 1998, Justice Susan Garsh allowed the motion.

On December 13, 1999, prior to the start of his second trial, the petitioner pleaded guilty to each indictment.  The Commonwealth entered a nolle prosequi on the indictment for armed assault with intent to rob.

Justice Hiller Zobel conducted sentencing hearings on January 19-20, 2000 and March 14, 2000.  On March 14, 2000, Justice Zobel imposed a conditional sentence of thirty to forty years on the armed robbery conviction and stayed the imposition of sentence of the remaining convictions.  Justice Zobel reserved the right to revoke and revise his conditional sentence after a determination was made on whether the petitioner was eligible to receive good time sentence credits.

On August 24, 2000, the petitioner filed a motion to withdraw his guilty plea.  A final sentencing hearing took place on November 10, 2000 and at the conclusion of the hearing, Justice Zobel sentenced the petitioner to twenty years to twenty years and one day on the armed robbery conviction, and concurrent terms of three to five years on the firearm conviction, and five to ten years on the ABDW and armed assault with intent to kill convictions.  After he imposed the sentences, Justice Zobel denied the petitioner's motion to withdraw his guilty plea.

The petitioner appealed from the denial of his motion to withdraw his guilty plea and the Massachusetts Appeals Court affirmed the denial on September 5, 2003.  *Commonwealth v.*

*Dupont*, 59 Mass. App. Ct. 1102, 795 N.E.2d 12 (2003).  The Supreme Judicial Court denied the petitioner's application for further appellate review on January 29, 2004.  *Commonwealth v. Dupont*, 441 Mass. 1101, 803 N.E.2d 332 (2004).

On January 29, 2001, the petitioner also filed a petition for habeas corpus pursuant to Mass.Gen.L. c. 248, § 1, in Worcester Superior Court, in which he sought re-calculation of good-time credits.  Following hearings on April 3 and May 2, 2001, the court denied the petition on May 4, 2001.  He appealed the denial of the petition and the Appeals Court affirmed the denial on September 5, 2003.  *Dupont v. Commissioner of Correction*, 59 Mass. App. Ct. 908 (2003).  The SJC denied his application for further appellate review on January 29, 2004.  441 Mass. 1102, 803 N.E.2d 333 (2004).

On June 17, 2004, the petitioner filed the instant habeas corpus petition in this court.  The respondent filed an Answer and Supplemental Answer and a motion to dismiss for failure to exhaust state court remedies on August 20, 2004.  This court denied the motion to dismiss on May 3, 2006.  On the same day the court allowed the petitioner's motion to delete grounds two and fifteen.

**ARGUMENT**

Pursuant to 28 U.S.C. § 2254, the federal habeas corpus statute, an applicant must be "in custody" when the application for habeas corpus is filed. This prerequisite is fulfilled as long as the petitioner files the petition while he is incarcerated. Release from incarceration while the petition is pending does not affect the "in custody" requirement. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Carafas v. Lavalee*, 391 U.S. 234, 238 (1968); *Luna v. Commonwealth*, 354 F.3d 108, 110 n.1 (1st Cir. 2004). A petitioner's subsequent release while the habeas petition is pending, can, however, cause the petition to be moot when it no longer presents a case or controversy under Article III, § 2 of the Constitution. *Spencer v. Kemna*, *supra*, at 7. Mootness, therefore, goes to constitutional jurisdiction. *Cox v. McCarthy*, 829 F.2d 800, 803 (9th Cir. 1987).

"An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole- some 'collateral consequence' of the conviction- must exist if the suit is to be maintained." *Spencer v. Kemna*, 523 U.S. at 7. *See also Sibron v. New York,* 392 U.S. 40, 57 (1968) (only possibility of collateral consequence needed to avoid mootness); *Leonard v. Nix,* 55 F.3d 370, 373 (8th Cir. 1995)(collateral consequences are presumed to stem from a criminal conviction even after release).

The petitioner in this case does not challenge the constitutionality of his conviction and has specifically stated that he does not seek relief in the form of a guilty plea withdrawal (Pet.

memo p. 38).  Instead he seeks a declaration that he was entitled to 3000 days of statutory good time credits and an order that a certificate of discharge issue that reflects a date of release some 3000 days prior to his actual release of February 26, 2005 (Pet. memo p. 39).  Since the petitioner does not ask the court to set aside his conviction and has elected only to attack his sentence, a sentence that has now been served, this case is moot.  "Nullification of a conviction may have important benefits for a defendant. . . but urging in a habeas corpus proceeding the correction of a sentence already served is another matter." *Lane v. Williams*, 455 U.S. 624, 631 (1982), quoting *North Carolina v. Rice*, 404 U.S. 244, 248 (1971).

     Just as the petitioner in *Lane*, the petitioner in this case does not challenge the validity of his guilty plea or underlying conviction but only claims impropriety in the calculation of his sentence and the Department of Correction's failure to credit him with statutory good time credits.  His claim is essentially a dispute about statutory interpretation of a state statute, G.L. c. 127, § 129 (repealed in 1993).  Under this statute, a prisoner forfeits his right to the deduction of statutory good time credits from his new sentence if he commits an offense while serving a term of imprisonment in a correctional institution.  Petitioner claims that because he was not serving a sentence at the time of the 1985 crimes and because he was at a half-way house at the time, that he was improperly denied 3,000 days of statutory good time credits.  These claims were made in the state court via a state habeas corpus petition.  When that was denied, petitioner appealed the denial to the Massachusetts Appeals Court, which affirmed the denial in 2003.  *Dupont v. Commissioner of Correction*, 59 Mass. App. Ct. 908, 794 N.E.2d 1254 (2003).

     In his memorandum in support of his habeas petition, the petitioner again relies almost exclusively on state law and the interpretation of the Mass. G. L. c. 127, § 129, under which he

5

was denied good time credits. (See Pet. memo pp. 7-23). Petitioner acknowledges that "the main issue presented in this application for a writ of habeas corpus is whether the superior court or the Department of Corrections acted correctly in denying Dupont some 3,000 days of good time credits as well as the state appellate courts in affirming this judgment." (Pet. memo, p. 19). This was an issue best resolved by the Massachusetts state courts under its own statutory and common law and is not a proper basis for habeas relief. The petitioner's attempt to transform the issue into a federal constitutional claim by arguing that the Appeals Court's decision was contrary to or an unreasonable application of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004) must fail. The Appeals Court properly found that the loss of statutory good time credits is not an enhancement of the sentence being served which would require a jury to find the presence of the aggravating factor beyond a reasonable doubt. *Dupont v. Commissioner of Correction*, 59 Mass. App. Ct. at 911, 794 N.E.2d at 1258. The petitioner's sentence was imposed based on the crimes for which he was convicted. It was later determined that he was not entitled to the deduction of good time credits based on the fact that he was confined in a correctional institution at the time he committed the crimes. This was not an enhancement of his sentence, but merely a decision not to reduce it based on his conduct.

In any event, because the petitioner completed his sentence and was released from Department of Correction custody on February 26, 2005, (see Exhibit A, attached) he cannot allege any collateral consequences stemming from his conviction. More importantly, because he seeks only to challenge the length of his sentence and that sentence has expired, no live controversy remains. "It is clear, not only from the language of § 2241(c)(3) and 2254 (a), but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a

person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). See also *Hill v. Johnson*, 539 F.2d 439, 440 (5th Cir. 1976)("[t]he sole function of the writ is to grant relief from unlawful imprisonment or custody, and it cannot be used improperly for any other purpose"); *Pierre v. United States*, 525 F.2d 933, 935-936 (5th Cir. 1976) (habeas is not available to review questions unrelated to the *cause* of detention).

## CONCLUSION

For the foregoing reasons, this Court should deny the petition for habeas corpus with prejudice.

                                        Respectfully submitted,

                                        THOMAS F. REILLY
                                        ATTORNEY GENERAL

                                        /s Susanne G. Reardon
                                        Susanne G. Reardon
                                        Assistant Attorney General
                                        Criminal Bureau
                                        One Ashburton Place
                                        Boston, Massachusetts 02108
                                        (617) 727-2200
October 6, 2006                       BBO No. 561669

**CERTIFICATE OF SERVICE**

I hereby certify that this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, including Lois M. Lewis, counsel for the petitioner in this matter. There are no non-registered participants involved in this case.

/s Susanne G. Reardon
Susanne G. Reardon
Assistant Attorney General