UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL K. DuPONT

        Petitioner

      V.                          CIVIL NO. 04-11431-GAO

DAVID NOLAN
  Office of the Attorney General

        Respondent

## MOTION TO EXTEND TIME IN WHICH TO FILE REPLY TO GOVERNMENT'S MEMORANDUM IN OPPOSITION TO HABEAS CORPUS PETITION

The petitioner, Michael Dupont, through counsel, respectfully requests that this Court allow a continuance from October 20, 2006 to and including October 27, 2006 to file a reply to the government's memorandum in opposition to the habeas corpus petition for the following reasons:

1. DuPont was sentenced to a term of twenty years to twenty years and a day November 10, 2000 for a 1985 conviction in the Middlesex Superior Court.

2. Subsequently July 19, 2001 DuPont was sentenced in the Wrentham District Court to a sentence of 6 months to the House of Correction, 30 days to serve from and after the sentence then being served. The balance was suspended for 10 years with administrative, unsupervised probation.

3. A certificate of release issued from the Department of Corrections February 26, 2005. DuPont was released to Norfolk County authorities to serve the from and after

sentence from the Wrentham District Court. (Government's Exhibit filed October 6, 2006, Docket No. 63).

    4. DuPont has stated that he is not seeking to withdraw the guilty plea, entered in the Middlesex Superior Court case, but he has asked this Court to rule that he is entitled to 3000 days of statutory good time credits, Mass. Gen. L. ch. 127 § 129, for that sentence and for a certificate of release to be entered that reflects a date of release some 3000 days prior to February 26, 2005.

    5. The government has answered the petition is moot, since DuPont is not seeking to withdraw his guilty plea to the 1985 conviction and the sentence has been served in its entirety.

    6. DuPont has requested court records from the appellate counsel, the Wrentham District Court (the mittimus only gave the 6 months, 30 days to serve and not the probationary term), the Norfolk County Correctional Facility, the state Appeals Court and the Social Law library to substantiate this Wrentham District Court sentence. Nothing has of this date been received. These court records should be provided to this Court.

    7. It is DuPont's contention, if properly credited with the statutory good time credits, the Wrentham District Court from and after sentence would have started to run some 3000 days earlier than February 26, 2005. <u>Manning v. Superintendent, Mass. Correctional Inst., Norfolk</u> 372 Mass. 387, 396 (1977).

    Dated: October 16, 2006

    MICHAEL K. DuPONT

3

        By his attorney

        /s/ Lois M. Lewis
        Lois M. Lewis
        74 Fuller Terrace
        West Newton, MA 02465
        BBO # 298580

Certificate of Service
I hereby certify that this document filed
through the ECF system will be sent electronically
to the registered participants as identified on the Notice
of Electronic Filing (NEF) and paper copies will be
sent to those indicated as non registered participants on
October 16, 2006


/s/ Lois Lewis
Lois Lewis