UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL K. DuPONT

        Petitioner

      V.                        CIVIL NO. 04-11431-GAO

DAVID NOLAN
  Office of the Attorney General

        Respondent

## REPLY BY PETITIONER TO GOVERNMENT'S MEMORANDUM IN OPPOSITION TO HABEAS CORPUS PETITION

The petitioner, Michael DuPont, "DuPont", through counsel, respectfully submits this reply memorandum to the government's memorandum in opposition to the habeas corpus petition.

The government's opposition to this habeas corpus petition is twofold: the petition is moot, since DuPont has been released from custody with no collateral consequences, and secondly, any issues about statutory good time credits, Mass. Gen. L. ch. 127 § 129, are best resolved by Massachusetts state courts under its own statutory and common law and there is no proper basis for federal habeas corpus relief.

### Background

DuPont's past record of convictions and sentencing history is set forth in detail in the memorandum in support of the application for a writ of habeas corpus, incorporated herein by reference. Only the convictions and the sentences relevant to this reply to the government's memorandum in opposition to the habeas corpus petition are included.

Middlesex County

On February 12, 1985, DuPont was transferred to a pre release halfway house called 577 House. On March 7, 1985 DuPont was involved in a series of offenses that eventually led to a conviction after a jury trial for armed robbery, assault and battery by means of a dangerous weapon, armed assault with intent to kill and a number of lesser related offenses. After a jury returned guilty verdicts, August 28, 1986, DuPont was sentenced to thirty to forty years for the armed robbery to run from and after the sentences then being served. All the other sentences were to be served concurrently with one another and with the sentence imposed for armed robbery. A timely appeal was dismissed by the state Appeals Court, Standing Order 17A. (Appeals Court No. 89-P-440).

However, on August 24, 1998 DuPont's motion for a new trial was granted on these 1985 charges. After a bail hearing, DuPont was held in state custody as a pre trial detainee on the 1985 charges that had occurred while he was a resident at the 577 House.

On January 29, 1999 the court appointed counsel. Subsequently this counsel requested to be allowed to withdraw, and a preliminary hearing on counsel's motion to withdraw was held April 12, 1999. This motion for counsel to withdraw was allowed April 20, 1999. A further hearing was conducted on whether another attorney should be appointed for DuPont. When the court denied the request for appointment of new counsel, DuPont sought relief in the Supreme Judicial Court by filing a petition, Mass.Gen. Laws. ch. 211 § 3, for an appointment of counsel, May 21, 1999. The Commonwealth filed an answer and a memorandum in opposition to DuPont's petition July 7, 1999. This petition for appointment of counsel was denied August 3, 1999, and

on the same day a justice of the superior court concluded that DuPont had, by his conduct, waived his right to counsel.

On December 13, 1999 a pre trial hearing was held prior to the start of DuPont's second trial. Without proper counsel representation, DuPont entered a change of plea to guilty. The Commonwealth entered a nolle prosequi to the indictment for armed assault with intent to rob. Sentencing hearings were conducted January, 19 and 20, 2000 and March 14, 2000. On March 14, 2000 the court imposed a conditional sentence of thirty to forty years on the indictment for armed robbery and stayed the imposition of a sentence on the remaining counts. The court reserved the right to revise and revoke this conditional sentence after a determination was made on whether DuPont was eligible to receive statutory good time credits on the this sentence, Mass. Gen. L. ch. 127 § 129 (repealed 1993, but applicable under Mass. Gen. L. ch. 4 § 6).

At a further sentencing hearing, May 9, 2000, before the same court an attorney was appointed for DuPont. The court revoked DuPont's prior sentence of thirty to forty years due to the confusion about the applicability of the statutory good time credits. The matter was set for a further hearing.

On August 24, 2000 the court appointed counsel filed a motion to have the court recuse itself as well as a motion to withdraw DuPont's previous guilty plea. The court denied DuPont's motion to recuse itself, but reserved ruling on DuPont's motion to withdraw his plea which the Commonwealth had opposed. At a hearing September 27, 2000 court appointed counsel filed a motion to sentence DuPont in accord with the December 1999 agreement or to allow DuPont to withdraw his guilty plea. This motion was not acted upon.

At the conclusion of the final sentencing hearing November 10, 2000, the court imposed a sentence of twenty years to twenty years and one day on the armed robbery conviction, three to five years on the possession of a firearm and assault with a dangerous weapon convictions and five to ten years on the assault and battery with a dangerous weapon and armed assault with intent to kill convictions. The sentences were to be served concurrently with each other. DuPont was credited with 5727 days awaiting trial. After the imposition of these sentences, the court denied DuPont's motion to withdraw his guilty pleas. The sentencing court interpreted Mass. Gen. L. ch. 127 § 129 and held DuPont was serving a term of imprisonment in a correctional institution when this new offense was committed, and therefore, DuPont was not entitled to some 3000 days of statutory good time credits on this offense. DuPont appealed this judgment by filing an application for habeas corpus relief, Mass. Gen. L. ch. 248 § 1, that was denied by the court. The judgment was affirmed on appeal. <u>DuPont v. Commissioner of Correction</u>, 59 Mass.App.Ct. 908, 794 N.E.2d. 1254 (2003). Further appellate review was denied <u>DuPont v. Commissioner of Correction,</u> 441 Mass. 1102 (2004) *cert. denied* 542 U.S. 943 (2004)

At the time of his change of plea to guilty and his subsequent sentencing for the 1985 offenses, the 1971 and 1972 convictions (15 to 30 years) had been reversed. DuPont was re sentenced to a 10 to 18 term of imprisonment. On February 4, 1988 DuPont was discharged from these sentences retroactive to January 26, 1985.

<u>Wrentham District Court, Norfolk County</u>

On November 16, 1999 a complaint was filed in the Wrentham District Court that charged DuPont with threatening to commit a crime that involved a correctional officer,

Mass. Gen. L. ch. 275 § 2, while he had been in state custody.  Docket No. 9957CR2662.

A jury returned a guilty verdict.  On July 19, 2001 the court sentenced DuPont.  (Exhibit

1).  On appeal the judgment was affirmed by the state Appeals Court in an unpublished

opinion, 2002-P-345, 58 Mass.App.Ct. 1111 (2003).  (Exhibit 2).

DuPont's Release From Imprisonment

The certificate of discharge, the exhibit filed with the government's memorandum

in opposition to the habeas corpus petition, states that DuPont was released from further

imprisonment February 26, 2005 in accordance with the attached release order

instructions.  According to these instructions, DuPont was to be released "to Norfolk CO

authorities on Wrentham D/C 6 mos. H/C 30 days to serve F&A: Notify Marshals

Service–Boston Upon Final Release".  The certificate of discharge makes no reference to

the balance of the 6 month sentence being suspended for 10 years until July 19, 2011

with administrative probation.  However, the sentencing transcript clearly states that:

> *"…the Court will impose a the following sentence, six months in the House of Correction, 30 days to serve from and after the sentence now serving.  The balance suspended for 10 years with administrative, unsupervised probation."*

A number of conditions were applied: DuPont cannot leave the Commonwealth

without the written permission of the probation department, and he is subject to a "stay

away" order from the correctional officer and his family, along with the usual conditions

of no firearms etc.

**I.     THIS HABEAS CORPUS PETITION PRESENTS A VIABLE CASE OR CONTROVERSY WITHIN ARTICLE III § 2 OF THE CONSTITUTION OF THE UNITED STATES**

Requirements for a Habeas Corpus Petition

1.  A habeas corpus petitioner must be "in custody" when an application for habeas corpus relief is filed.  28 U.S.C. § 2241 (c) and 2254 (b) (2004).  Even if a petitioner is subsequently released, this statutory requirement is satisfied so long as the petitioner was in custody when the petitioner was filed in court.  Spencer v. Kemna, 523 U.S. 1, 7 (1998).

When DuPont filed this petition, August 25, 2004, he was in state custody.

2.  This "in custody" prerequisite is fulfilled for habeas corpus purposes if the applicant is on probation.  Jackson v. Coalter, 337 F.3d. 78-79 (1st. Cir. 2003).  This "in custody" can be stretched to include a consideration of the collateral consequences to the applicant from a wrongful conviction even after the sentence has been served.  Spencer, 523 U.S. at 7-14; Commonwealth v. Luna, 354 F.3d. 108, 111 fn. 1 (1st. Cir. 2004).

In the instant matter, DuPont was sentenced in the Wrentham District Court July 19, 2001 for an offense committed while he was incarcerated in 1999.  The court specifically sentenced DuPont to six months to the House of Correction, thirty days to serve, on and after the [Middlesex] sentence being served with the balance suspended for ten years and a condition of probation, administrative probation.  Since the sentence was to be served on and after, it is fair to assume the Wrentham court knew DuPont had been sentenced in the Middlesex Superior Court November 10, 2000 (twenty years to twenty years and a day).  Probation would allow the Wrentham District Court to maintain supervision of DuPont until July 19, 2011, and any revocation of this probation would trigger a prison term.  Although incarceration may not have been immediate or inevitable, this suspended sentence could easily result in the actual deprivation of a DuPont's liberty. DuPont was, and still is, under this criminal justice sentence.

Relief Requested In The Habeas Corpus Petition

DuPont has not sought to withdraw the guilty plea entered in the 1985 offenses, but he has set forth the circumstances surrounding the conviction for these offenses: the granting of the motion for a new trial, the indictment that stated DuPont was a resident of Woburn, not a correctional institution subject to a sentence enhancement, [1] (that presents the issue of whether the loss of the entitlement to statutory good time credits is an element of an aggravated offense or a sentencing enhancement), the absence of any notice for the possible application of Mass. Gen. L. ch. 127 § 129, the lack of proper counsel representation when his guilty plea was offered and the sentencing court's subsequent denial of his motion to withdraw that guilty plea, [2] DuPont's confinement in a state facility without any appropriate hearings, as a pre trial detainee, when he was not serving a state sentence since his 1971 conviction had been reversed and his discharge date was effective January 26, 1985 some forty days before the 1985 offenses were committed and in the application of a judicial enlargement of statutory construction in an ex post facto manner. [3] by the state appellate courts to deny him the requested relief.

## II.    THE LOSS OF THE STATUTORY GOOD TIME EXTENDED THE RELEASE DATE OF THE SENTENCE

DuPont attacks the sentence imposed by the court, specifically the improper application of Mass. Gen. L. ch. 129 § 127 that resulted in the loss of his entitlement to 3000 days of statutory good time credits such that DuPont was deprived of a constitutionally protected liberty interest right protected by the Due Process Clause of the

---

[1]  Mass. Gen. L. ch. 127 § 129.

[2]  Alabama v. Shelton, 535 U.S. 654, 664-665,122 S.Ct. 1764 (2002)  A sentence that may end up in the actual deprivation of a person's liberty cannot be imposed unless the defendant was accorded "the guiding hand of counsel" in the prosecution for the crime charged.

[3]  Nimblett v. Commissioner of Correction, 20 Mass.App.Ct. 988, 482 N.E.2d. 192 (1985).

Fourteenth Amendment to the United States Constitution. <u>Sandin v. Conner,</u> 515 U.S.

472, 484 (1995); <u>Slone v.Herman</u>, 983 F.2d. 107, 110 (8th Cir. 1983). <u>Manning v.</u>

<u>Superintendent, Mass. Correctional Inst., Norfolk</u>, 372 Mass. 387, 394, 361 N.E.2d. 1299

(1977) (inJustice for a prisoner to serve time for which there is no credit, "liberty is of

immeasurable value"); <u>Commonwealth v. Maldonado</u>, 64 Mass.App.Ct.250, 832 N.E.2d.

690 (2005) and cases cited therein.

3.  Habeas corpus relief, 28 U.S.C. § 2254, is appropriate where the petitioner is

seeking to question the duration of his sentence, and not the conditions or location of his

confinement.  In the instant matter the state appellate courts judgments resulted in a

decision that was based on an unreasonable determination of the facts in light of the

evidence presented in the state court proceedings.  28 U.S.C. § 2254 (d)(2).  A federal

habeas corpus court may grant the requested relief if the state court correctly identified

the legal principle(s) from the Supreme Court's decisions but unreasonably applied the

principles to the facts of the petitioner's case.  <u>Williams v. Taylor</u>, 529 U.S. 362, 413

(2000).

<u>The Collateral Consequences of the Loss of the Statutory Good Time Credits and</u>
<u>The Question of Mootness</u>

A petition for habeas corpus is not rendered moot by the mere release of a

petitioner from custody, <u>Carafas v. LaVallee</u>, 391 U.S. 294, 239-240 (1968).  Numerous

potential collateral consequences preclude a finding of mootness, <u>Evitts v. Lucey</u>, 469

U.S. 387, 391 n.4 (1985) ("…respondent has not been pardoned and some collateral

consequences of his conviction remain, including the possibility that the

conviction would be used to impeach testimony he might give in a future proceeding and

the possibility that it would be used to subject him to persistent felony offender

prosecution if he should go to trial on any other felony charges in the future.  This case is thus not moot.").  When a state acts in a field where there are significant discretionary elements, it still must act in accord with the Due Process Clause.  Id. at 401.

A consecutive term of probation may also be held to be the basis for this Court to make a finding that the habeas corpus petition is not moot, United States v. Chavez-Palacios, 30 F.3d. 1290, 1293 (10th Cir 1994).  Using a 28 U.S.C. § 2255 proceeding analogy, a reduction in DuPont's 1985 sentence would reduce a consecutive sentence, Milton v. Commissioner, 67 Mass. App. Ct. 253, 256 (2006) citing Manning v. Superintendent, Mass. Correctional Inst., Norfolk supra.  Therefore, the present habeas proceeding cannot be deemed moot, United States v. Smith, 991 F.2d. 1468, 1470 (9th Cir 1993) ("If we agree with Smith's argument that he should have been sentenced to a shorter term of imprisonment, Smith will be entitled to an earlier end to his term of supervised release.  Because our decision could affect Smith's term of supervised release, this case is not moot") citing United States v. Lira-Barraza, 941 F.2d. 745, 746 n.1 en banc (9th Cir 1991).  Here, the excessive 3,000 day portion of the sentence is intrinsically linked to DuPont's consecutive sentence, because he never would have been in a Walpole State Prison strip cell in 2000, denied legal photocopies and mail that resulted in his misdemeanor threat charges.  DuPont received the maximum six month sentence for this misdemeanor offense and a lengthy ten year probation sentence based on his commission of an aggravated offense while confined in a correctional facility.  Granting relief herein would, in effect, remove that aggravated element and support DuPont's seeking Mass. Crim. P. Rule 30(a) relief to shorten or terminate his probationary term, and remove the ongoing risk of having to serve the five months suspended portion of his sentence should

it ever be imposed. <u>United States v. Dominguez-Carmona</u>, 166 F.3d. 1052, 1055 (10th Cir. 1999) (collecting cases holding the doctrine of mootness does not apply if the length of the already completed sentence may affect the duration of any future sentence).

The United States Supreme Court has long held that a federal habeas corpus proceeding cannot be deemed moot after the initial sentence expires if a favorable decision on the expired sentence offense could affect a consecutive sentence by shortening its length, <u>United States v. Morgan</u>, 346 U.S. 502, 512-513 (1954) ("Although the term has been served, the results of the conviction may persist. Subsequent convictions may carry heavier penalties, civil rights may be affected. As the power to remedy an invalid sentence exists, we think, respondent is entitled to an opportunity to show that his conviction was invalid".). In Massachusetts, the sentence (not the verdict) is the conviction and granting the habeas corpus remedy to invalidate the excessive 3000 day portion of the expired sentence is the appropriate course of action.

<u>Collateral Consequence Also Include Civil Rights Litigation</u>:

Petitioner DuPont has prevailed on state constitutional claims that would include a portion of the excessive service of 3000 days, <u>DuPont v. Wyzanski</u>, 18 Mass. L. Rptr. (No. 18) 395 (Fahey, J. 2004) on unlawful imprisonment in the Departmental Disciplinary Unit, " DDU", state prison control unit in contravention of equal protection of the law (SJC # 09597 September 7, 2006 oral argument on reported question decision pending) and he has similar federal claims stayed. However, under <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-487 (1994), DuPont has not been able to litigate damages for the 3000 days unlawful and wrongful imprisonment and will not be able to successfully seek such damages until this Court grants the requested relief. This collateral consequence itself

has been specifically held to preclude a finding of mootness in <u>Leonard v. Nix</u>, 55 F.3d. 370, 373 (8th Cir 1995).

DuPont may be entitled to $100.00 per day under <u>Hoffer v. Commissioner</u>, 412 Mass 150, 153 (1992) as damages for being unconstitutionally transferred from the state prison general population to the DDU Supermax Control Unit in his <u>DuPont v. Wyzanski</u> litigation.  Should this Court grant habeas corpus relief and vacate the 3000 days of his sentence, it would have the collateral effect of allowing a basis for higher damages, because DuPont should not even have been in prison during 1997-1998 when he was unlawfully confined in DDU.

Unlike <u>Spencer v. Kemna</u>, 523 U.S. 1 (1998) where the potential loss of an opportunity for 42 U.S.C. § 1983 litigation was speculative, here petitioner Dupont has already prevailed on the merits of his substantive claim, <u>DuPont v. Wyzanski</u>, 18 Mass. L. Rptr. (No. 18) 395 (2004), and, he presents a realistic loss of an opportunity for even greater monetary damages.  Therefore the required "personal stake in the outcome" of this proceeding is clearly apparent.

In conclusion DuPont has clearly demonstrated a concrete and continuing injury due to the extended consecutive probation and the risk of a return to custody for the service of the five month suspended portion of the Wrentham District Court sentence that would otherwise be fully served should this Court grant the relief requested in the habeas corpus writ for the period of 3000 days DuPont was forced to unlawfully serve.  His personal stake in the outcome also includes the distinct possibility of substantial monetary damages.

<u>The Loss of the Statutory Good Time Credits Constitutes the Service of Dead Time</u>

By the denial of his entitlement to the statutory good time credits, DuPont served some 3000 days of time not credited to any sentence, essentially what may be referred to as "dead time" or time not credited to any sentence. [4] The Maldonado court cautioned that considerations of fairness and fair treatment should guide the determination of whether to give jail credit. Commonwealth v. Grant, 366 Mass. 272, 275 (1974); Chalifoux v. Commissioner of Correction, 375 Mass. 424, 427-428 (1978); Commonwealth v. McLaughlin, 431 Mass. 506, 520 (2000); Commonwealth v. Boland, 43 Mass. App. Ct. 451, 453-454 (1997). This court refused to take "an overly legalistic approach" toward jail credit matters as did the court in Manning v. Superintendent, Mass. Correctional Inst., Norfolk, 372 Mass. at 394 citing from Brown v. Commissioner of Correction, 366 Mass. 718, 722 (1958), and relied on the "rule that would remedy the injustice of a prisoner serving time for which he receives no credit. Liberty is of immeasurable value; it will not do to read statutes and opinions blind to the possible injustice of denying credit." Manning v. Superintendent, Mass. Correctional Inst., Norfolk, supra. See Commonwealth v. Carter, 10 Mass. App. Ct. 618, 620 (1980) ("statutory purpose [in providing jail credit] was to afford relief to persons who because of inability to obtain bail were held in custody")

Manning v. Superintendent Analysis Precludes A Mootness Ruling

Many, if not all, federal habeas corpus decisions on the question of mootness take a prospective look at implications of state law, DuPont suggests that a finding of mootness, as advocated by the respondent, may be precluded by viewing the implications of this Court granting the writ followed by recalculation of his consecutive sentence

---

[4] The court in Piggott v. Commissioner of Correction, 40 Mass.App.Ct. 678, 682, 666 N.E.2d. 1314 (1996) expressed its strong policy against defendants serving "dead time"

under Manning v.Superintendent, 372 Mass at 390 and its' progeny, Milton v.

Commissioner of Correction, 67 Mass.App.Ct. at 258.

In Massachusetts a person is entitled as a matter of right to credit for time

served awaiting trial, pursuant to Mass. Gen. L. ch. 127 § 129B and ch. 279 § 33A.

Relying on and citing North Carolina V. Pearce, 395 U.S. 711 (1969), and the statutory

entitlement to time awaiting trial credit, the Supreme Judicial Court held that "(a)

prisoner should not be burdened or penalized by the denial of a credit simply because

he had successfully appealed a criminal conviction.", Manning, 372 Mass at 396, 361

N.E.2d. at 1305.  Awarding credit for time served on a subsequent sentence from a

prior vacated conviction is a matter of fundamental fairness.  The Manning principle was

recently reaffirmed in the Milton case which, interestingly enough, included secondary

rulings citing this petitioner's case Milton v. Commissioner of Correction, 67 Mass.App.

Ct. at 260.  The Commonwealth's continued refusal to comply with the requirements of

Apprendi and Blakely, as illustrated by the Milton decision, additionally support a ruling

that petitioner's case is not moot because he presents a significant issue that affects all

all other similarly situated Massachusetts prisoners and is capable of evading

appellate review.

With the guidance of the federal sentencing guidelines § 5G1.3 and cases such as

United States v. Mateo, 398 F.3d. 126, 133 (1st Cir. 2005) (reduced federal sentencing

after state court orders vacation of state convictions used to enhance federal sentence in

accord with federal sentencing guidelines §§ 4A1.2(j) ) and 4A1.2 cmt. n. 6.) citing

United States v. Pettiford, 101 F.3d. 199 (1st. Cir. 1992) (state court convictions vacated,

ACCA sentencing no longer applicable), this Court may enter an order that a certificate

of discharge be issued for DuPont to reflect the 3000 days of statutory good time credits

and thus fashion an appropriate sentence for the offenses.  The criminal justice system

should always be guided by principles of fairness, proportionality and accountability.


Dated: October 30, 2006


MICHAEL K. DuPONT



By his attorney,

/s/ Lois M. Lewis
Lois M. Lewis
74 Fuller Terrace
West Newton, MA 02465
BBO# 298580


Certificate of Service
I hereby certify that this document filed
through the ECF system will be sent electronically
to the registered participants as identified on the Notice
of Electronic Filing (NEF) and paper copies will be
sent to those indicated as non registered participants on
October 31, 2006


/s/ Lois Lewis
Lois Lewis