COMMONWEALTH OF MASSACHUSETTS

**NORFOLK, SS.**                               District Court Department
                                               Wrentham Division
                                               Case No. 9957CR2662

COMMONWEALTH OF MASSACHUSETTS

COPY

v.

MICHAEL DUPONT

The above-entitled matter came on for Trial on July 19, 2001,

    BEFORE: HONORABLE DANIEL B. WINSLOW

    APPEARANCES:

    Attorney Maria Judge, on behalf of the Commonwealth;

    Paul Carlucci, Esquire on behalf of the defendant.

*MARYANN V. YOUNG*
Certified Court Transcriber
240 Chestnut Street
Wrentham, Massachusetts 02093
(508) 384-2003

```
 1                  THE COURT:  Okay.
 2                  MR. DUPONT:  Of course there were
 3   mitigating circumstances.  They may not have relevance in
 4   the trial, but you might consider them in sentencing.
 5                  Thank you, your Honor.
 6                  THE COURT:  Thank you, Mr. Dupont.
 7                  Just a moment.
 8                         (PAUSE)
 9                  THE COURT:  Mr. Dupont, if you'd please
10   stand sir.
11                  Mr. Dupont, the jury having returned a
12   verdict of guilty, the Court will impose the following
13   sentence, six months in the House of Correction, 30 days to
14   serve from and after the sentence now serving.  The balance
15   suspended for 10 years with administrative, unsupervised
16   probation.  The conditions of the administrative
17   unsupervised probation, all of which are self-executing,
18   are that you're not to leave the Commonwealth without
19   written permission of the probation department.  You are to
20   be subject to search on reasonable suspicion of any
21   violation of your probation.  You shall have no contact
22   directly or indirectly with Wayne Bennett or any member of
23   his immediate family outside of the correctional facility.
```

*Maryann V. Young*
Certified Court Transcriber
(508) 384-2003

1  That is, while you're outside the correctional facility you
2  can't have any contact with them, and while he or members
3  of his family are outside the correctional facility, you
4  can't have any contact with them.  So for example, you
5  could not from inside the facility contact he or his family
6  outside the facility, or once you're out, obviously, you
7  cannot contact them as well.  I understand that you and
8  Mr. Bennett may have to have some dealings with each other
9  inside but perhaps not, that's not the case.  You also
10 shall while you're outside the correctional facility, stay
11 at least 100 yards away from Wayne Bennett as well as
12 members of his immediate family.  You also shall stay 100
13 yards away from Wayne Bennett's residence as well as the
14 street on which the residence is located.  You shall not
15 possess any firearm or reside outside the correctional
16 facility where any firearm is present.  So, for example, if
17 once you're out if you get to a living situation where
18 somebody else has a firearm you can't stay at that
19 location.  You've got to find another location, even if you
20 yourself are not possessing the firearm.  Obviously your
21 record will keep you from lawfully possessing a firearm,
22 but in your case you can't even be present in a residence
23 where a firearm is located.  This is going to be
24 administrative unsupervised probation, and there will be no

```
 1  probation service fee, and in view of your current
 2  incarceration, sir, there won't be any additional
 3  victim/witness fees.  That will be the sentence of th
 4  Court.  The clerk will read to you the disposition.
 5              THE CLERK:  Michael Dupont, Docket number
 6  99572662, a complaint charging with threatening to commit a
 7  crime, after jury trial, you're found guilty.  The sentence
 8  is going to be six months House of Correction, 30 days to
 9  serve on and after, the balance will be suspended for a
10  10-year period, that will be administrative unsupervised
11  probation, and all the conditions that are stipulated here.
12              THE COURT:  Thank you.  The 10-year date,
13  Mr. Clerk, do you have that?
14              THE CLERK:  The 10 year date would be
15  2011, your Honor.
16              THE COURT:  Okay.  Thank you.  We want
17  Mr. Dupont to know that date.
18              Thank you very much.  Thank you, all.  The
19  Court will be in recess and we'll return with the Thomas
20  Dodge matter.  The Court is in recess.
21              COURT OFFICER:  Court all rise.
22  //
23  //
24  //
```

*Maryann V. Young*
Certified Court Transcriber
(508) 384-2003

## CERTIFICATE

I, Maryann V. Young, do hereby certify that the foregoing pages, numbers <u>1</u> through <u>55</u>, inclusive, are the true and accurate transcript, prepared to the best of my ability, of the designated portions of the cassette provided to me by the <u>Wrentham District Court</u> of the Trial, Sentencing <u>and Verdict</u> in <u>Commonwealth of Massachusetts v. Michael Dupont, Case No. 9957CR2662</u> held on <u>July 19, 2002</u> before <u>Honorable Daniel B. Winslow.</u>

Dated this 12th day of <u>February 2002</u> at Wrentham, Massachusetts.

*Maryann V. Young* (signature)
Maryann V. Young

**Maryann V. Young**
Certified Court Transcriber
(508) 384-2003