# *Lois M. Lewis*

*Attorney-at-Law*
*74 Fuller Terrace*
*West Newton, Massachusetts 02465*
————
*(617) 969-4854*

December 31, 2007

Clerk of Court
United States District Court
District of Massachusetts
John Joseph Moakley Federal Courthouse
One Courthouse Way Suite 2300
Boston, MA 02210

Re:    Michael K. DuPont, Petitioner, v. David Nolan, Office of the Attorney General,
       Respondent
       Civil No. 04-11431-GAO

Dear Mr. Lyness:

As this matter is still pending before the Court and since one of the issues
presented in this application for a writ of habeas corpus is the proper interpretation and
application of the state statute, Mass. Gen. L. ch. 127 § 129 (repealed 1993), as counsel
for the petitioner I would appreciate this opportunity to bring to the attention of this Court
the recent decision in Watson v. United States, 06-571 December 10, 2007.  In its opinion
the Supreme Court cautioned statutory words should be given a normal, ordinary and
reasonable interpretation unless the statute provides otherwise.  The Supreme Court in
Watson noted the law must depend on a respect for the statutory language.

Consistent with Watson opinion, this Court in Kolster v. Ashcroft, 188 F.Supp.2d.
60, 63-64 (D. Mass. 2002) (a deportation case) issued an order and memorandum in a
habeas corpus petition.  This Court held the language of the controlling statute is the first
and primary source for determining the legislative intent, and, a court should defer to an
agency's interpretation only when the statute's meaning is ambiguous.  The case was then
remanded to the Immigration and Naturalization Service for proceedings consistent with
the Court's opinion.  The Court's straightforward reading of the plain language of the
statute afforded the petitioner the requested relief from a deportation order.  In footnote
one of the Kolster order and memorandum this Court noted the relevant statute had been
repealed and replaced by a provision which foreclosed the requested relief, just as in the
instant matter.  This Court then applied the relevant statute prior to its repeal.

In the instant matter, the controlling statute, Mass. Gen. L. ch. 127 § 129, then
provided for the loss of statutory good time credits from a sentence(s) of imprisonment
for any new offense committed *during the term of imprisonment of a prisoner confined in*

_a correctional institution._  There were four elements needed to invoke this statute and to deduct the statutory good time credits from the new sentence(s) of imprisonment : 1) the person must be a prisoner, 2) who is confined in a correctional institution of the Commonwealth, 3) and commits any offense of which he shall be convicted and sentenced and 4) that occurred during the term of his imprisonment.  The questions raised in the habeas corpus application were: 1) was the petitioner serving a sentence of imprisonment since he had vacated an unconstitutional conviction based on structural error in his reasonable doubt jury instructions that resulted in a subsequent guilty plea for an agreed upon sentence that had expired prior to the date of the offense, and 2) was the petitioner actually confined in a correctional institution.

The only cases for guidance to determine what "confined in a correctional institution" meant were Amado v. Superintendent, MCI Walpole, 366 Mass. 45, 48 (1974) (simply referred to the prisoner as being "in prison" and Commonwealth v. Hughes, 364 Mass. 426, 428-429 (1973) (court interpreted Mass. Gen. L. ch. 127 § 90A that a furloughed prisoner is still within the custody of a correctional facility from that which he was furloughed).  Six months after petitioner's new offense was committed, while he was in a pre release facility in a work release program, the state Appeals Court for the first time in its interpretation of Mass. Gen. L. ch. 127 § 129 broadened the meaning of the statute from "confined in a correctional institution" to include confinement in "a constructive custody", and then applied this admittedly new concept of constructive custody retroactively to deny some 3000 days of statutory good time credits to this petitioner.  Nimblett v. Commissioner, 20 Mass.App.Ct. 988, 989 (1985).  After the Nimblett opinion, the state courts have grappled with what confinement constitutes a person in "constructive custody"

Without the Apprendi and it progeny based lack of fair notice of this new judicial statutory construction, the petitioner was subjected to an enhanced substantial punishment, United States v. Collazo-Aponte, 281 F.3d. 320, 326 (1st. Cir. 2002).  The recent opinion in Watson resolves circuit conflicts and provides important guidance in statutory interpretation.

Thank you.


Sincerely,


/s/ Lois Lewis
Lois Lewis

Certificate of Service
I hereby certify that this document filed
through the ECF system will be sent electronically
to the registered participants as identified on the Notice
of Electronic Filing (NEF) and paper copies will be
sent to those indicated as non registered participants on
January 2, 2008.

/s/ Lois Lewis