UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11431-GAO

MICHAEL KEVIN DUPONT,
Petitioner

v.

DAVID NOLAN,
Respondent

ORDER DENYING CERTIFICATE OF APPEALABILITY
April 23, 2008

O'TOOLE, D.J.

The petitioner has applied for a certificate of appealability following the denial of this petition for a writ of habeas corpus. He proposes that three issues be certified.

The first issue is this:

> "Mass. Gen. L. ch. 127 § 129 was improperly applied to deny DuPont the entitlement to the statutory good time credits, an entitlement which implicated a liberty interest protected by the Due Process Clause of the United States Constitution."

(Application for a Certificate of Appealability 1.)

This is a claim that the Massachusetts courts improperly applied Massachusetts law. See Opinion and Order, Feb.25, 2008, at 3, n.2 (dkt. no. 72). It is not enough to say that an entitlement "implicate[s]" a liberty interest protected by the Federal Constitution; to present a legitimate question on habeas review the petitioner must show why the state courts misapplied the relevant constitutional principles. As his memorandum in support of his application for a certificate of appealability shows,

his grievance is with the state-law determination that he qualified for the forfeiture of good time credits under the state statutory scheme. To the extent this argument extends to claims that the statutory scheme is unconstitutionally vague or that the Federal Constitution requires a particular mode of fact-finding for the forfeiture determination, those matters are addressed by the other two issues he seeks to have certified for appeal.

The second issue he seeks to have certified is:

> "The controlling statute, Mass. Gen. L. ch. 127 § 129, did not provide DuPont with a fair warning that the statutory good time credits would be forfeited for any sentence imposed on a new offense while he was resident in a halfway house, or prerelease facility, with an [sic] 90 day open reserve date for parole."

(Application for a Certificate of Appealability 1.)

For the reasons explained in the earlier Opinion and Order, the Massachusetts statutes on their face defined "correctional facility" and "correctional institution" in a manner that encompassed a "halfway house" for inmates committed pursuant to a criminal sentence. The statutes gave notice that the petitioner's commission of another crime while serving a sentence in a halfway house would trigger forfeiture of good time credits. This notice was adequate under federal constitutional principles and the state courts' decision was a reasonable application of those principles. I do not believe that reasonable jurists would differ as to that conclusion.

Finally, the third issue the petitioner seeks to have certified is:

> "The forfeiture of the statutory good time credits pursuant to Mass. Gen. L. ch.127 § 129 violated the federal constitutional principles set forth in *United States v. Apprendi*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004)."

(Application for a Certificate of Appealability 1.)

As explained in the Opinion and Order, with or without the loss of good time credits, the maximum sentence to which the petitioner could have been sentenced was life imprisonment. Reasonable jurists would not disagree that a sentence to a term of years less than that was an unreasonable application of the Supreme Court's <u>Apprendi</u> and/or <u>Blakely</u> decisions.

For these reasons, the requested certificate of appealability is DENIED.

/s/ George A. O'Toole, Jr.<br>
United States District Judge